# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**   **2. PLEASE TYPE OR PRINT**   **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| JESUS SANTIAGO, Plaintiff-Appellee, v. SUPERINTENDENT BRIAN FISCHER, ANTHONY J. ANNUCCI, TERRENCE X. TRACY, Defendants-Appellants, ANDREW M. CUOMO et al., Defendants. | EDNY | Matsumoto, J. |

| | Date the Order or Judgment Appealed from was Entered on the Docket: 11/30/2022 and 4/16/2023 | District Court Docket No.: 12-cv-2137 |
|---|---|---|
| | Date the Notice of Appeal was Filed: 5/16/2023 | Is this a Cross Appeal? ☐ Yes  ☑ No |

| Attorney(s) for Appellant(s): ☐ Plaintiff  ☑ Defendant | Counsel's Name: Blair Greenwald Assistant Solicitor General New York State Office of the Attorney General | Address: | Telephone No.: 28 Liberty Street, New York, NY 10005 Phone: (212) 416-6102 Fax: (212) 416-8962 blair.greenwald@ag.ny.gov | Fax No.: | E-mail: |
|---|---|---|---|---|---|

| Attorney(s) for Appellee(s): ☑ Plaintiff  ☐ Defendant | Counsel's Name: Robert Rickner Rickner PLLC | Address: | Telephone No.: 14 Wall Street, Suite 1603, New York, NY 10005 Phone: (212) 300-6506 Fax: (888) 390-5401 rob@ricknerpllc.com | Fax No.: | E-mail: |
|---|---|---|---|---|---|

| Has Transcript Been Prepared? In part; ordered additional transcripts | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes  ☑ No  If Yes, provide the following: Case Name: 2d Cir. Docket No.:  Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party  ☐ Diversity  ☑ Federal question (U.S. not a party)  ☐ Other (specify): | ☑ Final Decision  ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))  ☐ Interlocutory Decision Appealable As of Right  ☐ Other (specify): |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B:  DISTRICT  COURT DISPOSITION   (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ☐ Pre-trial<br>☐ During trial<br>☑ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>  lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br>  failure to state a claim<br>☑ Dismissal/28 U.S.C. § 1915(e)(2)<br>  frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>  other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☑ Judgment / Decision of the Court<br>☑ Summary judgment<br>☐ Declaratory judgment<br>☑ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☑ Damages:               ☐ Injunctions:<br>☐ Sought: $ _____        ☐ Preliminary<br>☑ Granted: $ 850,000    ☐ Permanent<br>☐ Denied: $ _____        ☐ Denied |

**PART C:  NATURE OF SUIT   (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☑ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright / Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>  Maritime<br>☐ Assault /<br>  Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>  Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>  Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☑ Yes          ☐ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes          ☑ No |

1.  Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____          ☑ No

2.  To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?          ☐ Yes   ☑ No

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?          ☑ Yes   ☐ No

If yes, state whether  ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name:<br>Aponte v. Fischer | Docket No.<br>20-2186 | Citation: | Court or Agency:<br>Second Circuit |
|---|---|---|---|

Name of Appellant: Brian Fischer, Anthony J. Annucci, and Terrence X. Tracy

| Date: May 30, 2023 | Signature of Counsel of Record: /s/ Blair Greenwald |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

FORM C  (Rev. December 2016)

## ADDENDUM A

### Description of the Nature of the Action and Result Below

In 2002, plaintiff Jesus Santiago pleaded guilty to a felony and was convicted and sentenced in a New York court to three-and-a-half years' imprisonment. He was transferred to the custody of the New York State Department of Correctional Services (DOCS), which calculated his sentence to include a term of five years' post-release supervision (PRS) as required by New York Penal Law § 70.45. In 2004, Santiago was released to PRS under the supervision of New York State Division of Parole. Two years later, the Second Circuit held in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), that DOCS's enforcement of a PRS term not imposed by the state court violated the plaintiff's constitutional right to due process.

By the time this decision issued, Santiago had absconded from New York and thus was not serving PRS. In June 2007, Santiago was extradited to New York. The Division of Parole found that he had violated his PRS conditions and imposed a time assessment that included reincarceration until February 1, 2008. Santiago again absconded shortly after his release in February 2008. After he was apprehended in September 2010, DOCS referred him to state court for resentencing. The state court resentenced Santiago without a term of PRS, and Santiago was released.

In 2012, Santiago filed this lawsuit pursuant to 42 U.S.C. § 1983 against defendants Brian Fischer, then–Commissioner of DOCS; Anthony J. Annucci, then–Executive Deputy Commissioner and Counsel to DOCS; and Terrence X. Tracy, Counsel to the Division of Parole, in the U.S. District Court for the Eastern District of New York. Santiago alleged that the defendants imposed and enforced a PRS term

in violation of his constitutional rights, and he sought compensatory and punitive damages.

In 2017, the parties filed cross-motions for summary judgment. The district court (Matsumoto, J.) concluded that the three defendants were not entitled to qualified immunity. The district court also found the defendants liable for any damages that they caused Santiago while he was serving PRS in New York between June 2007 and February 2008. (Dist. Ct. ECF Dkt. No. 128.)

In November 2022, the district court denied the defendants' motions in limine seeking to present evidence of causation and damages, including the defendants' intent in imposing the PRS term and external obstacles to their later excising the PRS term. (Dist. Ct. 11/18/2022 Minute Order; Dist. Ct. ECF Dkt. No. 202.) And after a trial on damages, a jury awarded Santiago $100,000 in compensatory damages and $750,000 in punitive damages ($250,000 against each of the three defendants). (Dist. Ct. ECF Dkt. No. 208.) The court entered judgment on the verdict on November 30, 2022. (Dist. Ct. ECF Dkt. No. 209.)

Defendants timely filed a postjudgment motion for judgment as a matter of law, to vacate the judgment and order a new trial, or for remittitur. The district court denied the motion on April 16, 2023. (Dist. Ct. ECF Dkt. No. 224.) Defendants timely filed a notice of appeal on May 16, 2023. (Dist. Ct. ECF Dkt. No. 225.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JESUS SANTIAGO,                           :        12 Civ. 2137 (KAM)

:

                Plaintiff,         :        **NOTICE OF APPEAL**

:

          -against-           :

:

BRIAN FISCHER, former Commissioner of     :
the New York State Department of Correctional  :
Services (DOCS); ANTHONY J. ANNUCCI, former :
Deputy Commissioner and Counsel for DOCS;   :
TERRENCE TRACY, former Chief Counsel for the :
New York State Division of Parole,        :

:

              Defendants.     :
----------------------------------------------------------------------X

      Notice is hereby given that the defendants in the above-captioned action, Brian Fischer,

Anthony J. Annucci, and Terrence Tracy ("Defendants"), by and through their attorney, Letitia

James, Attorney General of the State of New York, appeal to the United States Court of Appeals for

the Second Circuit from each and every part of the judgment against them entered on November 30,

2022 (ECF No. 209), dated November 30, 2022, and each and every part of the Order denying

Defendants' Motion for Judgment as a Matter of Law and Motion for a New Trial pursuant to

Federal Rules of Civil Procedure 50(b) and 59, respectively (ECF No. 224), dated and entered on

April 16, 2023.

Dated: New York, New York
      May 16, 2023

                               LETITIA JAMES
                               Attorney General for the State of New York
                               <u>Attorney for Defendants</u>
                               By:
                          <u>    /s Michael J. Keane           </u>
                               MICHAEL J. KEANE
                               REBECCA A. DURDEN
                               Assistant Attorneys General
                               28 Liberty Street / 18th Floor

New York, New York 10005
(212) 416-8550
Michael.keane@ag.ny.gov
Rebecca.durden@ag.ny.gov

To:     Rob Rickner, Esq.
        Rickner PLLC
        14 Wall Street
        Suite 1603
        New York, NY 10005
        (212) 300-6506
        rob@ricknerpllc.com

## **CERTIFICATE OF SERVICE**

I, Michael J. Keane, hereby certify that on May 16, 2023, I caused the foregoing Notice of Appeal, dated May 16, 2023, to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Plaintiff's counsel at the e-mail address so designated by him:

> Rob Rickner, Esq.
> Rickner PLLC
> 14 Wall Street
> Suite 1603
> New York, NY 10005
> (212) 300-6506
> rob@ricknerpllc.com

and also e-mailed the same to Plaintiff's counsel at the above e-mail address. I further certify that the above document was served on all parties by the Court's CM/ECF system.

*/s/Michael J. Keane*
Michael J. Keane

APPEAL

# U.S. District Court
# Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:12-cv-02137-KAM-ST

Santiago v. Fischer et al          Date Filed: 05/01/2012
Assigned to: Judge Kiyo A. Matsumoto     Date Terminated: 11/30/2022
Referred to: Magistrate Judge Steven Tiscione    Jury Demand: Plaintiff
Cause: 42:1983 Civil Rights Act        Nature of Suit: 440 Civil Rights: Other
                                   Jurisdiction: Federal Question

## Plaintiff

**Jesus Santiago**        represented by   **Gabriel Estadella**
                                         Zarco Einhorn Salkowski & Brito
                                         100 Southeast 2nd St., Suite 2700
                                         Miami, FL 33131
                                         (305) 374-5418
                                         Fax: (305) 374-5428
                                         Email: gestadella@zarcolaw.com
                                         *TERMINATED: 10/11/2017*
                                         *LEAD ATTORNEY*
                                         *PRO HAC VICE*
                                         *ATTORNEY TO BE NOTICED*

                                         **Robert Howard Rickner**
                                         Rickner PLLC
                                         14 Wall Street
                                         Suite 1603
                                         New York, NY 10005
                                         212-300-6506
                                         Fax: 888-390-5401
                                         Email: rob@ricknerpllc.com
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Joel Abbott Wertheimer**
                                         Wertheimer LLC
                                         Wertheimer LLC
                                         14 Wall Street, Suite 1603
                                         10005
                                         New York, NY 10005
                                         646-720-1098
                                         Email: joel@joelwertheimer.com
                                         *ATTORNEY TO BE NOTICED*

                                         **Robert Laurence Greenberg**
                                         Robert L. Greenberg, P.C.
                                         43 West 43rd Street #157
                                         New York, NY 10036
                                         212-644-0313
                                         Fax: 646-328-4518

Email: rgreenberg@robertlgreenberg.com
*TERMINATED: 01/03/2020*
*ATTORNEY TO BE NOTICED*

**Stephanie Panousieris**
Rickner PLLC
14 Wall Street
Ste 1603
New York, NY 10005
212-300-6506
Email: stephanie@ricknerpllc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Andrew M. Cuomo**
*individually and as Governor of the State of
New York*
*TERMINATED: 09/30/2017*

**Defendant**

**Superintendent Brian Fischer**
*individually and as Commissioner of the
New York State Department of Corrections
and Community Supervision*

represented by **Michael J. Keane**
Office Of The Attorney General
State of New York
120 Broadway
New York, NY 10271
212-416-8550
Fax: 212-416-6075
Email: michael.keane@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
Attorney General's Office
State of New York
28 Liberty Street
New York, NY 10005
(212)416-8572
Fax: 212-416-6009
Email: barbara.hathaway@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Rebecca A. Durden**
NYS Office of The Attorney General
NY
28 Liberty Street
NEW YORK
New York, NY 10005
212-416-8653
Email: rebecca.durden@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Andrea W. Evans**
*individually and as Chairwoman of the New*
*York State Board of Parole*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**State of New York**
*TERMINATED: 09/30/2017*

**Defendant**

**John Does 1-10**
*DOCS Supervisory, Training, and Policy*
*Personnel*
*TERMINATED: 09/30/2017*

**Defendant**

**Anthony J. Annucci**
*individually and as Deputy Commissioner of*
*and Counsel to DOCS*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca A. Durden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lucien J. Leclaire, Jr.**
*individually and as former acting*
*Commissioner of DOCS*
*TERMINATED: 09/30/2017*

represented by **Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Glenn S Goord**
*individually and as former acting*
*Commissioner of DOCS*
*TERMINATED: 09/30/2017*

represented by **Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony G. Ellis, II**
*individually and as former Executive*
*Director of DOP*
*TERMINATED: 09/30/2017*

represented by **Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**George B. Alexander**
*individually and as former Chairman and*
*Chief Executive Officer of DOP;*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Terrence X. Tracy**
*individually and as Chief Counsel to DOP*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rebecca A. Durden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin G Ludlow**
*individually and as DOP Commissioner*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lisa Elovich**
*individually and as DOP Commissioner*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sally A. Thompson**
*individually and as DOP Commissioner*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barbara K. Hathaway**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Arroyo**
*individually and as DOP Area Supervisor*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**William McCartney**
*individually and as DOP Area Supervisor*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**McKinney**
*individually and as DOP Area Supervisor*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fleischman**
*individually and as DOP Senior Parole*
*Officer*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Paredes**
*individually and as DOP Senior Parole*
*Officer*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Darryl Stevenson**
*individually and as DOP Senior Parole*
*Officer*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**J Mason**
*individually and as DOP Parole Officer*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cynthia Johnson**
*individually and as DOP Parole Officer*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**P Alvarez**
*individually and as DOP Parole Officer*
*TERMINATED: 09/30/2017*

represented by **Michael J. Keane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Richard Corrado**
*individually and as DOP Parole Officer*
*TERMINATED: 09/30/2017*

**Defendant**

Case 23-814, Document 13, 05/30/2023, 3523940, Page13 of 158

| | |
|---|---|
| **Council** | represented by **Michael J. Keane** |
| *individually and as DOP Parole Officer* | (See above for address) |
| *TERMINATED: 09/30/2017* | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |

**Defendant**

**Zunno**
*individually and as DOP Parole Officer*
*TERMINATED: 09/30/2017*

**Defendant**

**John Does 11-20**
*DOP Supervisory, Training, and Policy*
*Personnel*
*TERMINATED: 09/30/2017*

**Defendant**

| | |
|---|---|
| **Robert J. Dennison** | represented by **Michael J. Keane** |
| *individually and as former Chairman* | (See above for address) |
| *ofDOP* | *LEAD ATTORNEY* |
| *TERMINATED: 09/30/2017* | *ATTORNEY TO BE NOTICED* |
| | |
| | **Barbara K. Hathaway** |
| | (See above for address) |
| | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/01/2012 | 1 | COMPLAINT against All Defendants Disclosure Statement on Civil Cover Sheet completed -yes,, filed by Jesus Santiago. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 05/02/2012) |
| 05/01/2012 | | FILING FEE: $ 350, receipt number 4653043188 (Bowens, Priscilla) (Entered: 05/02/2012) |
| 05/01/2012 | | Summons Issued as to All Defendants. (Bowens, Priscilla) (Entered: 05/02/2012) |
| 05/01/2012 | 2 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if** the parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. (Bowens, Priscilla) (Entered: 05/02/2012) |
| 05/20/2012 | 3 | SUMMONS Returned Executed by Jesus Santiago. State of New York served on 5/7/2012, answer due 5/29/2012. (Estadella, Gabriel) (Entered: 05/20/2012) |
| 05/22/2012 | 4 | SUMMONS Returned Executed by Jesus Santiago. Brian Fischer served on 5/14/2012, answer due 6/4/2012. (Estadella, Gabriel) (Entered: 05/22/2012) |
| 05/22/2012 | 5 | SUMMONS Returned Executed by Jesus Santiago. Andrea W. Evans served on 5/14/2012, answer due 6/4/2012. (Estadella, Gabriel) (Entered: 05/22/2012) |

| 05/22/2012 | [6](#) | Summons Returned Unexecuted by Jesus Santiago as to Andrew M. Cuomo. (Estadella, Gabriel) (Entered: 05/22/2012) |
|---|---|---|
| 05/30/2012 | [7](#) | Request for Certificate of Default by Jesus Santiago (Attachments: # [1](#) Affidavit in Support, # [2](#) Proposed Order) (Estadella, Gabriel) (Entered: 05/30/2012) |
| 05/30/2012 | [8](#) | Clerk's ENTRY OF DEFAULT It appearing from the docket maintained in this action that Defendant State of New York has failed to appear or otherwise defend this action, the default of Defendant State of New York is hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (Hamilton, Janet) (Entered: 05/30/2012) |
| 05/30/2012 | [9](#) | First MOTION for Default Judgment as to *defendant State of New York* by Jesus Santiago. (Attachments: # [1](#) Affidavit in Support, # [2](#) Exhibit, # [3](#) Certificate of Service) (Estadella, Gabriel) (Entered: 05/30/2012) |
| 06/01/2012 | [10](#) | NOTICE of Appearance by Michael J. Keane on behalf of Brian Fischer (notification declined or already on case) (Keane, Michael) (Entered: 06/01/2012) |
| 06/02/2012 | [11](#) | First MOTION for Extension of Time to File Answer *or Response to Complaint* by Brian Fischer. (Keane, Michael) (Entered: 06/02/2012) |
| 06/04/2012 | [12](#) | AMENDED COMPLAINT *(FIRST)* against All Defendants, filed by Jesus Santiago. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E, # [6](#) Exhibit F, # [7](#) Exhibit G, # [8](#) Exhibit H, # [9](#) Exhibit I, # [10](#) Exhibit J, # [11](#) Exhibit K, # [12](#) Exhibit L, # [13](#) Exhibit M, # [14](#) Exhibit N, # [15](#) Exhibit O, # [16](#) Exhibit P, # [17](#) Exhibit Q, # [18](#) Exhibit R, # [19](#) Exhibit S, # [20](#) Exhibit T) (Estadella, Gabriel) (Entered: 06/04/2012) |
| 06/14/2012 | | ORDER. In light of defendant Brian Fischer's letter dated 06/01/12 [11](#) and the Amended Complaint filed on 06/04/12 [12](#) , which does not name the State of New York as a defendant, the parties shall work together to resolve plaintiff's pending motion for default judgment [9](#) and defendant Fischer's request for a pre-motion conference [11](#) . By 07/09/12, the parties shall advise the court whether the motion for default judgment may be dismissed or withdrawn and whether a pre-motion conference is still necessary. Ordered by Judge Kiyo A. Matsumoto on 06/14/2012. (Ravi, Sagar) (Entered: 06/14/2012) |
| 06/15/2012 | [13](#) | MOTION to Withdraw [9](#) First MOTION for Default Judgment as to *defendant State of New York* by Jesus Santiago. (Estadella, Gabriel) (Entered: 06/15/2012) |
| 06/18/2012 | | ORDER withdrawing Motion for Default Judgment [9](#) ; finding as moot Motion for Extension of Time to Answer [11](#) ; and granting Motion to Withdraw [13](#) . On the basis of plaintiff's motion dated 06/15/12 [13](#) to withdraw his motion for default judgment filed on 05/30/12 as to defendant State of New York [9](#) , the motion to withdraw is granted. Additionally, in light of the filing of an amended complaint on 06/04/12 [12](#) , defendant Brian Fischer's request dated 06/02/12 [11](#) for additional time to file a response to the complaint is moot. By 07/09/12, the parties shall advise the court whether any party intends to make a dispositive motion and whether a pre-motion conference is still necessary. Ordered by Judge Kiyo A. Matsumoto on 06/18/2012. (Ravi, Sagar) (Entered: 06/18/2012) |
| 06/25/2012 | [14](#) | Amended Summons Issued as to George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Richard Corrado, Council, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy, Zunno. (Marziliano, August) (Entered: 06/25/2012) |
| 06/26/2012 | [15](#) | WAIVER OF SERVICE Returned Executed by Jesus Santiago. George B. Alexander waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |

| 06/26/2012 | 16 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. P Alvarez waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
|---|---|---|
| 06/26/2012 | 17 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Council waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 18 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Robert J. Dennison waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 19 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Lisa Elovich waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 20 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Fleischman waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 21 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Cynthia Johnson waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 22 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Kevin G Ludlow waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 23 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. J Mason waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 24 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Darryl Stevenson waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 25 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Sally A. Thompson waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/26/2012 | 26 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Terrence X. Tracy waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/26/2012) |
| 06/28/2012 | 27 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. McKinney waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/28/2012) |
| 06/28/2012 | 28 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. William McCartney waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 06/28/2012) |
| 07/09/2012 | 29 | First MOTION for pre motion conference *for dispositive relief* by Jesus Santiago. (Estadella, Gabriel) (Entered: 07/09/2012) |
| 07/09/2012 | | ORDER re: Plaintiff's Motion Requesting a Pre-motion Conference 29 . In accordance with the Section IV(B)(1) of the court's Chambers Practices, by 7/13/2012, defendants shall respond to plaintiff's letter dated 7/9/2012 requesting a pre-motion conference 29 . Ordered by Judge Kiyo A. Matsumoto on 7/9/2012. (Kelley, Jamuna) (Entered: 07/09/2012) |
| 07/09/2012 | 30 | NOTICE of Appearance by Michael J. Keane on behalf of George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (aty to be noticed) (Keane, Michael) (Entered: 07/09/2012) |
| 07/09/2012 | 31 | Second MOTION for pre motion conference by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/09/2012) |

| 07/13/2012 | 32 | REPLY in Opposition *to plaintiff's proposed motion* filed by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/13/2012) |
|---|---|---|
| 07/13/2012 | 33 | REPLY in Opposition re 31 Second MOTION for pre motion conference filed by Jesus Santiago. (Estadella, Gabriel) (Entered: 07/13/2012) |
| 07/17/2012 | 34 | WAIVER OF SERVICE Returned Executed by Jesus Santiago. Zunno waiver sent on 6/6/2012, answer due 8/6/2012. (Estadella, Gabriel) (Entered: 07/17/2012) |
| 07/17/2012 | | ORDER granting Motions for Pre-Motion Conference 29 31 . On 08/03/12 at 3:00 PM, the parties are directed to participate in a telephonic pre-motion conference regarding their proposed motions. Defendants shall initiate the call with plaintiff and then call the court at (718) 613-2180 when all parties are on the line. Ordered by Judge Kiyo A. Matsumoto on 07/17/2012. (Ravi, Sagar) (Entered: 07/17/2012) |
| 08/03/2012 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Pre-Motion Conference held on 08/03/2012. Appearances: Gabriel Estadella, Esq. for plaintiff; Michael Keane, Esq. for defendants. By 08/10/12, plaintiff shall file a letter via ECF advising the court whether he is available to prosecute this case, including providing discovery and being available for a deposition, if the court decides not to grant defendants' request for a stay. By 08/17/12, the parties shall confer and file a joint status letter advising the court how they wish to proceed with this case. Ordered by Judge Kiyo A. Matsumoto on 08/03/12. (Ravi, Sagar) (Entered: 08/03/2012) |
| 08/06/2012 | 35 | Letter *Regarding Alleged Fugitive Status* by Jesus Santiago (Estadella, Gabriel) (Entered: 08/06/2012) |
| 08/17/2012 | 36 | STATUS REPORT *Jointly, Defendants and Plaintiff* by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Richard Corrado, Council, Andrew M. Cuomo, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, State of New York, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy, Zunno (Keane, Michael) (Entered: 08/17/2012) |
| 08/20/2012 | | ORDER STAYING CASE for Appeal Proceeding. In light of the parties' joint status report dated 08/17/12 36 , this case is stayed during the pendency of the Second Circuit appeal in Betances v. Fischer (No. 12-704), which has been consolidated with Bentley v. Dennison (No. 12-741). The parties shall immediately notify the court of any decision from the Second Circuit in those appeals or of any other relevant decision that may be issued. Ordered by Judge Kiyo A. Matsumoto on 08/20/2012. (Ravi, Sagar) (Entered: 08/20/2012) |
| 09/18/2013 | 37 | Letter *re Stay/Appeals* by Jesus Santiago (Estadella, Gabriel) (Entered: 09/18/2013) |
| 09/19/2013 | | STATUS REPORT ORDER: Upon review of status letter 37 , counsel is hereby directed to file a further status report upon adjudication of the petition for rehearing en banc by the Second Circuit Court of Appeals. Ordered by Judge Kiyo A. Matsumoto on 9/19/2013. (Beauchamp, Peter) (Entered: 09/19/2013) |
| 08/13/2014 | 38 | NOTICE of Appearance by Robert Laurence Greenberg on behalf of All Plaintiffs (aty to be noticed) (Greenberg, Robert) (Entered: 08/13/2014) |
| 08/13/2014 | 39 | Letter MOTION to Vacate *Stay* by Jesus Santiago. (Greenberg, Robert) (Entered: 08/13/2014) |

Case 23-814, Document 13, 05/30/2023, 3523040, Page17 of 258

| | | |
|---|---|---|
| 09/11/2014 | | ORDER granting 39 Motion to Vacate Stay; ORDER LIFTING STAY. In light of the Second Circuit's decisions, the stay of this case is lifted. The parties are ordered to confer and provide the court with a status report regarding how they intend to proceed by September 18, 2014. Ordered by Judge Kiyo A. Matsumoto on 9/11/2014. (Keefe, Reed) (Entered: 09/11/2014) |
| 09/18/2014 | 40 | STATUS REPORT *Pursuant to 9/11 Order* by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 09/18/2014) |
| 09/19/2014 | | STATUS REPORT ORDER Status Report due by 10/3/2014. By October 3, the parties should submit an additional status report regarding whether they will seek a pre-motion conference and whether they anticipate requesting an additional stay of the case. Ordered by Judge Kiyo A. Matsumoto on 9/19/2014. (Keefe, Reed) (Entered: 09/19/2014) |
| 10/03/2014 | 41 | STATUS REPORT by Brian Fischer (Keane, Michael) (Entered: 10/03/2014) |
| 10/06/2014 | | Order granting Defendant's Motion Requesting a Pre-motion Conference 41 . On 10/28/2014 at 1:30PM, the parties are directed to participate in a telephonic pre-motion conference regarding Defendants' proposed motions and Plaintiff's discovery request. Defendants shall initiate the call with plaintiff and then call the court at (718) 613-2180 when all parties are on the line. Plaintiff shall file a letter via ECF advising the court as to the nature and basis for the discovery requested by 10/21/2014. Any response from Defendants must be filed by 10/24/14. Defendants shall file a letter via ECF setting the basis for their motion and a proposed briefing schedule by 10/21/2014, and any response from Plaintiff must be filed by 10/24/14. Ordered by Judge Kiyo A. Matsumoto on 10/6/2014. (Gong, LiJia) (Entered: 10/06/2014) |
| 10/22/2014 | 42 | Letter by Anthony J. Annucci (Keane, Michael) (Entered: 10/22/2014) |
| 10/24/2014 | | SCHEDULING ORDER: Due to a conflict on the court's calendar, the telephonic conference set for Tuesday, October 28, 2014 at 1:30 p.m. is rescheduled for Tuesday, October 28, 2014 at 2:30 p.m. Ordered by Judge Kiyo A. Matsumoto on 10/24/2014. (Gong, LiJia) (Entered: 10/24/2014) |
| 10/28/2014 | 43 | STATUS REPORT *re: discovery* by Anthony J. Annucci (Attachments: # 1 Exhibit) (Keane, Michael) (Entered: 10/28/2014) |
| 10/28/2014 | | SCHEDULING ORDER: At the joint request of the parties, a status conference is set for 11/10/2014 at 9:30 a.m. (by tel.) to discuss discovery. Ordered by Magistrate Judge Marilyn D. Go on 10/28/2014. (Moo-Young, Jillian) (Entered: 10/28/2014) |
| 10/28/2014 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Pre Motion Conference held on 10/28/2014. In light of questions about the involvement of certain defendants and the extent to which the defendant was in DOCCS custody during his post-release supervision, the court refers the case to Magistrate Judge Marilyn D. Go for supervision of limited discovery on the foregoing issues. Within three weeks of the conclusion of this limited discovery, the plaintiff may file an amended complaint. Within two weeks of the plaintiff's submission the amended complaint, the parties shall submit letters requesting pre-motion conferences, to the extent they intend to engage in motion practice at that time. (Gong, LiJia) (Entered: 10/28/2014) |
| 10/28/2014 | | SCHEDULING ORDER: A telephone conference is set for 10/31/2014 at 12:00 p.m. before Magistrate Judge Marilyn D. Go. Ordered by Magistrate Judge Marilyn D. Go on 10/28/2014. (Hugh, Lewis) (Entered: 10/28/2014) |

| 10/29/2014 | | SCHEDULING ORDER: at the parties' request, the telephone conference set for 10/31/14 is adjourned to **11/6/14 at 10:00 a.m.** The conference previously scheduled for 11/10/14 is canceled. Ordered by Magistrate Judge Marilyn D. Go on 10/29/2014. (Proujansky, Josh) (Entered: 10/29/2014) |
| --- | --- | --- |
| 10/29/2014 | [44](#) | MOTION to Disqualify Counsel /*Retain Counsel of Choice* by Jesus Santiago. (Brucella, Michelle) (Entered: 10/29/2014) |
| 10/29/2014 | | SCHEDULING ORDER: Any response by plaintiff's counsel to the [44](#) motion must be filed by 11/3/2014. Ordered by Magistrate Judge Marilyn D. Go on 10/29/2014. (Moo-Young, Jillian) (Entered: 10/29/2014) |
| 11/03/2014 | [45](#) | RESPONSE to Motion re [44](#) MOTION to Disqualify Counsel /*Retain Counsel of Choice* filed by All Plaintiffs. (Greenberg, Robert) (Entered: 11/03/2014) |
| 11/06/2014 | | Minute Entry for Status Conference held on 11/6/2014 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane, A. Melnitzky for defendants. After discussions, court ordered discovery to be completed by 1/16/15. Parties must make best efforts to respond to discovery requests in fewer than 30 days. FTR/c: 12:11-12:25 (Hugh, Lewis) (Entered: 11/07/2014) |
| 12/09/2014 | [46](#) | REPLY to Response to Motion re [44](#) MOTION to Disqualify Counsel /*Retain Counsel of Choice* filed by All Plaintiffs. (Greenberg, Robert) (Entered: 12/09/2014) |
| 12/12/2014 | [47](#) | RESPONSE to Motion re [44](#) MOTION to Disqualify Counsel /*Retain Counsel of Choice* filed by All Plaintiffs. (Greenberg, Robert) (Entered: 12/12/2014) |
| 12/23/2014 | | ORDER withdrawing [44](#) Motion to Disqualify Counsel in light of letter filed by plaintiff's counsel [47](#) on 12/12/2014. Ordered by Magistrate Judge Marilyn D. Go on 12/23/2014. (Go, Marilyn) (Entered: 12/23/2014) |
| 12/23/2014 | | SCHEDULING ORDER: A telephone status conference is set for 1/21/2015 at 09:30 AM before Magistrate Judge Marilyn D. Go. Ordered by Magistrate Judge Marilyn D. Go on 12/23/2014. (Hugh, Lewis) (Entered: 12/23/2014) |
| 12/30/2014 | [48](#) | TRANSCRIPT of Proceedings held on November 6, 2014, before Judge Go. Court Transcriber ARIA SERVICES, INC, Telephone number 845-260-1377. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 1/20/2015. Redacted Transcript Deadline set for 1/30/2015. Release of Transcript Restriction set for 3/30/2015. (Rocco, Christine) (Entered: 12/30/2014) |
| 01/16/2015 | [49](#) | Letter *to Augusta Correctional, Copied to Court* by Jesus Santiago (Greenberg, Robert) (Entered: 01/16/2015) |
| 01/21/2015 | | Minute Entry for Status Conference held on 1/21/2015 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane, A. Melnitzky for defendants. Discovery is extended to 2/17/2015 to give the parties additional to obtain records from Virginia regarding plaintiff's custody. Next conference scheduled for 2/17/2015 at 4:30 p.m. (by tel.) FTR: 9:35-9:44 (Hugh, Lewis) (Entered: 01/22/2015) |
| 02/17/2015 | | Minute Entry for Status Conference held on 2/17/2015 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane for defendants. Discovery is extended to 3/6/15. Defendants must provide plaintiff by 3/6/15 with a time computation analysis when plaintiff was in custody or under supervision during the relevant time |

| | | period. Next conference scheduled for 3/10/2015 at 2:00 p.m. (by tel.) (Hugh, Lewis) (Entered: 02/18/2015) |
|---|---|---|
| 03/07/2015 | 50 | STATUS REPORT *re: Timeline of Events* by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 03/07/2015) |
| 03/10/2015 | | Minute Entry for Status Conference held on 3/10/2015 before Magistrate Judge Marilyn D. Go: Appearances by telephone by R. Greenberg for plaintiff; M. Keane for defendants. By 3/17/2015, the parties must exchange the documents they have obtained during the period of limited discovery herein, and any documents relevant to the claims in this action and the chronology filed. All documents produced, except for those publicly available, shall be subject to a blanket protective order set forth in a separate order, which may be modified upon request of the parties. Next conference will be held on 3/24/2015 at 10:00 a.m. (by tel.). FTR/c: 2:13-2:36 (Hugh, Lewis) Modified on 3/11/2015 (Hugh, Lewis) (Entered: 03/11/2015) |
| 03/19/2015 | | PROTECTIVE ORDER: To facilitate and expedite discovery in this action, this Court ordered at a conference on March 3, 2015 that counsel for the parties must maintain the confidentiality of all documents produced in this action and may not disclose them to others, including clients, absent agreement of the other side or court order. However, this protective order does not limit the use and disclosure of any documents produced by the defendants in the regular course of business or which are publicly available, such as court docket sheets and publicly filed court documents. Ordered by Magistrate Judge Marilyn D. Go on 3/19/2015. (Moo-Young, Jillian) (Entered: 03/19/2015) |
| 03/24/2015 | | Minute Entry for Status Conference held on 3/24/2015 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane for defendants. Defense counsel advises that defendants will belatedly produce the remaining documents by the afternoon. The parties must confer about the completeness of the production and how they wish to proceed defendants' contemplated motion. Next conference scheduled for 3/30/2015 at 2:00 p.m. (by tel.) FTR/C: 10:24-10:37 (Hugh, Lewis) (Entered: 03/25/2015) |
| 03/26/2015 | 51 | Letter *to Sussex I State Prison* by Jesus Santiago (Attachments: # 1 Appendix) (Greenberg, Robert) (Entered: 03/26/2015) |
| 03/30/2015 | | Minute Entry for Status Conference held on 3/30/2015 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane for defendants. Counsel both state that the parties have sufficient facts to proceed to have liability issues determined by summary judgment. Plaintiff's counsel advises that he does not intend to amend the complaint. The following schedule is set, as directed by Judge Matsumoto at a conference on 10/28/15: any party seeking to move for summary judgment must file a letter requesting a pre-motion conference by 4/3/15 and any response must be filed by 4/10/15. FTR/C: 2:23-2:33 (Hugh, Lewis) (Entered: 03/31/2015) |
| 04/03/2015 | 52 | Third MOTION for pre motion conference *for dispositive relief* by Jesus Santiago. (Greenberg, Robert) (Entered: 04/03/2015) |
| 04/15/2015 | | ORDER granting 52 Motion for Pre Motion Conference. A telephonic pre-motion conference is set for 4/20/2015 at 03:00 PM before Judge Kiyo A. Matsumoto in this matter. Plaintiff shall arrange the call and call into chambers when all parties are on the line (718-613-2180). Ordered by Judge Kiyo A. Matsumoto on 4/15/2015. (Gong, LiJia) (Entered: 04/15/2015) |

| 04/20/2015 | 53 | NOTICE of Consent to Change Attorney by Robert Laurence Greenberg (Greenberg, Robert) (Entered: 04/20/2015) |
|---|---|---|
| 04/20/2015 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Pre Motion Conference held on 4/20/2015. Appearances: Robert Greenberg for plaintiff; Michael Keane for defendants. The following briefing schedule was adopted for the parties' cross motions for summary judgment. The parties' opening briefs shall be served on May 22, 2015; the oppositions shall be served on June 22, 2015; and the replies are due on July 15, 2015. The fully-briefed motions shall be filed on July 15, 2015. The parties are requested to deliver two courtesy copies to chambers on July 15, 2015. (Gong, LiJia) (Entered: 04/20/2015) |
| 05/20/2015 | 54 | MOTION for Extension of Time to File *and serve motions of defendants and plaintiffs for summary judgment* by George B. Alexander, P Alvarez, Arroyo, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 05/20/2015) |
| 05/20/2015 | | ORDER granting 54 Motion for Extension of Time to File. Parties' opening briefs shall be served (not filed) by May 29, 2015. Ordered by Judge Kiyo A. Matsumoto on 5/20/2015. (Gong, LiJia) (Entered: 05/20/2015) |
| 05/28/2015 | 55 | Second MOTION for Extension of Time to File *Defendants' Summary Judgment Motion* by Brian Fischer. (Keane, Michael) (Entered: 05/28/2015) |
| 05/28/2015 | | ORDER granting 55 Motion for Extension of Time to File. The parties shall serve their summary judgment motions on their adversaries on June 5, 2015. The remainder of the briefing schedule previously ordered by the court remains in effect. Ordered by Judge Kiyo A. Matsumoto on 5/28/2015. (Alagesan, Deepa) (Entered: 05/28/2015) |
| 06/01/2015 | 56 | ORDER re 53 Notice of Consent to Change Attorney: The substitution of attorney is hereby approved and So Ordered. Ordered by Judge Kiyo A. Matsumoto on 5/28/2015. (Brucella, Michelle) (Entered: 06/01/2015) |
| 06/22/2015 | 57 | MOTION for Extension of Time to File Response/Reply by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 06/22/2015) |
| 06/22/2015 | | ORDER granting 57 Motion for Extension of Time to File Response/Reply. Oppositions shall be served by 7/8/2015 Replies shall be served by 7/15/2015. Fully-briefed motions shall be filed by 7/15/2015. Ordered by Judge Kiyo A. Matsumoto on 6/22/2015. (Gong, LiJia) (Entered: 06/22/2015) |
| 07/14/2015 | 58 | MOTION for Extension of Time to File Response/Reply by George B. Alexander, P Alvarez, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/14/2015) |
| 07/14/2015 | | ORDER granting 58 Motion for Extension of Time to File Response/Reply. The parties shall serve their replies and file the fully-briefed motions on July 27, 2015. The court is unlikely to grant further extensions absent extraordinary circumstances. Furthermore, the parties are reminded that, in accordance with the undersigned's chambers practices, any request for an extension of time must be filed at least two business days before the |

| | | relevant deadline. Ordered by Judge Kiyo A. Matsumoto on 7/14/2015. (Alagesan, Deepa) (Entered: 07/14/2015) |
|---|---|---|
| 07/27/2015 | 59 | Fully Briefed MOTION for Partial Summary Judgment by Jesus Santiago. Responses due by 7/27/2015 (Attachments: # 1 Notice of Motion Plaintiff's Notice of Motion for Partial Summary Judgment, # 2 Rule 56.1 Statement Plaintiff's Statement of Material Facts, # 3 Memorandum in Support Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment, # 4 Exhibit Exhibit A to Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment, # 5 Exhibit Exhibit B to Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment, # 6 Exhibit Exhibit C to Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment, # 7 Certificate of Service Certificate of Service for Plaintiff's Motion for Partial Summary Judgment, # 8 Rule 56.1 Statement Defendant's Counter-Statement of Material Facts, # 9 Memorandum in Opposition Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment, # 10 Memorandum in Support Plaintiff's Response Memorandum of Law in Support of Motion for Partial Summary Judgment, # 11 Certificate of Service Certificate of Service for Plaintiff's Response Memorandum) (Greenberg, Robert) (Entered: 07/27/2015) |
| 07/27/2015 | 60 | MOTION for Summary Judgment by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 61 | MEMORANDUM in Support *Defendants'of Summary Judgment Motion* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 62 | AFFIDAVIT/DECLARATION in Support re 60 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Attachments: # 1 Exhibit) (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 63 | AFFIDAVIT/DECLARATION in Support re 60 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G-1, # 8 Exhibit G-2, # 9 Exhibit G-3, # 10 Exhibit G-4, # 11 Exhibit H) (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 64 | RULE 56.1 STATEMENT filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 65 | MEMORANDUM in Opposition re 59 Fully Briefed MOTION for Partial Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl |

| | | Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
|---|---|---|
| 07/27/2015 | 66 | RULE 56.1 STATEMENT re 59 Fully Briefed MOTION for Partial Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
| 07/27/2015 | 67 | REPLY in Support re 60 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 07/27/2015) |
| 01/25/2016 | | ORDER. Plaintiff is ordered to file a letter no later than January 27, 2016 indicating whether plaintiff is a class member in any pending class actions, in particular 11-cv-3200 (S.D.N.Y.), and if not, whether he has opted out of the class. Ordered by Judge Kiyo A. Matsumoto on 1/25/2016. (Gong, LiJia) (Entered: 01/25/2016) |
| 01/25/2016 | 68 | Letter *to Court in Response to Order of January 25, 2016* by Jesus Santiago (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Greenberg, Robert) (Entered: 01/25/2016) |
| 01/25/2016 | | SCHEDULING ORDER: The parties are ordered to appear for a telephonic status conference on January 26, 2016 at 3:00 p.m. Counsel for defendants shall arrange the call and call into chambers when all parties are on the line (718-613-2180). Ordered by Judge Kiyo A. Matsumoto on 1/25/2016. (Gong, LiJia) (Entered: 01/25/2016) |
| 01/26/2016 | | SCHEDULING ORDER: On request by both parties by telephone, a telephone conference to discuss settlement is set for 3/10/2016 at 10:30 AM before Magistrate Judge Marilyn D. Go. Ordered by Magistrate Judge Marilyn D. Go on 1/26/2016. (Hugh, Lewis) (Entered: 01/26/2016) |
| 01/26/2016 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Status Conference held on 1/26/2016. Appearances: Robert Greenberg for plaintiff; Michael Keane for defendants. The court discussed with the parties the status of the pending cross motions for summary judgment and whether plaintiff is a member of the class action in 11-cv-3200 (S.D.N.Y.). The parties are ordered to file a joint status letter by February 10, 2016 providing (1) the status of settlement discussions; (2) whether any additional discovery is required; and (3) whether the parties intend to withdraw their cross motions and whether a stay pending the Second Circuit's decision in Betances v. Fischer is appropriate. (Gong, LiJia) (Entered: 01/26/2016) |
| 02/10/2016 | 69 | STATUS REPORT *of Parties filed jointly* by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 02/10/2016) |
| 02/12/2016 | | ORDER In light of the parties representation that settlement discussions are ongoing and the pending appeal in Betances v. Fischer, 15-cv-2836 (S.D.N.Y.) will likely have direct bearing on the disposition of the claims in the instant suit, the court stays proceedings at this time and thereby terminates the parties motions for summary judgment without prejudice to renew. *See, e.g., In re Literary Works in Elec. Databases Copyright Litig.*, No. 00 CIV 6049, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) (holding that a court may properly exercise its power to stay proceedings when a higher court is close to |

| | | |
|---|---|---|
| | | settling an important issue of law bearing on the action) (*citing Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977)); *Schapp v. MasTec Services Co., Inc.*, 2013 WL 1296404, *6 (N.D.N.Y. Mar. 28, 2013) (staying proceedings sua sponte where two pending appeals could render any decision obsolete); *Jackson v. Van Kampen Series Fund, Inc.*, 2007 WL 1532090, *2 (S.D. Ill. May 24, 2007) (staying proceedings sua sponte pending the decisions of the Court of Appeals in related cases which would have a significant effect on the ultimate disposition of the instant matter). The parties are ordered to file a joint status letter no later than two weeks after the Second Circuit issues its decision in the Betances appeal. Ordered by Judge Kiyo A. Matsumoto on 2/12/2016. (Gong, LiJia) (Entered: 02/12/2016) |
| 03/10/2016 | | Minute Entry for Settlement Conference held on 3/10/2016 before Magistrate Judge Marilyn D. Go: Appearances by R. Greenberg for plaintiff; M. Keane for defendants. The parties will not be engaging in settlement discussions until after the oral argument in <u>Betances</u>. The parties must file a status report by <u>4/28/16</u> regarding progress in settlement and are encouraged to call the Court before this date to schedule a telephone settlement conference. (Hugh, Lewis) (Entered: 03/14/2016) |
| 03/31/2016 | | Case Reassigned to Magistrate Judge Steven L Tiscione. Magistrate Judge Marilyn D. Go no longer assigned to the case.Please download and review the Individual Practices of the assigned Judges, located on our <u>website</u>. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Mahoney, Brenna) (Entered: 03/31/2016) |
| 04/28/2016 | <u>70</u> | STATUS REPORT *of Parties filed jointly* by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 04/28/2016) |
| 05/02/2016 | | STATUS REPORT ORDER re <u>70</u> Status Report, filed by Fleischman, P Alvarez, William McCartney, McKinney, Kevin G Ludlow, Andrea W. Evans, J Mason, Darryl Stevenson, Lisa Elovich, Brian Fischer, Sally A. Thompson, Anthony J. Annucci, Terrence X. Tracy, Council, Paredes, Arroyo, Cynthia Johnson, George B. Alexander, Robert J. Dennison: Counsel shall electronically file an updated status report by 6/30/2016. So Ordered by Magistrate Judge Steven L. Tiscione on 5/2/2016. (Vasquez, Lea) (Entered: 05/02/2016) |
| 06/29/2016 | <u>71</u> | STATUS REPORT *of Parties filed jointly* by George B. Alexander, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 06/29/2016) |
| 07/01/2016 | | ORDER: Parties shall continue to confer and submit a joint status to this court by September 30, 2016. Should the *Betances* appeal be decided before that date, the parties shall inform the Court of that event. Ordered by Judge Kiyo A. Matsumoto on 7/1/2016. (Fletcher, Camille) (Entered: 07/01/2016) |
| 10/05/2016 | <u>72</u> | Letter MOTION for pre motion conference *to Lift Stay of the Action and for Summary Judgment in light of Betances Decision* by Jesus Santiago. (Attachments: # <u>1</u> Appendix Appendix 2d Cir Decision in Betances, # <u>2</u> Appendix Betances Docket Report) (Greenberg, Robert) (Entered: 10/05/2016) |
| 10/05/2016 | <u>73</u> | Letter *Re: Status and Requesting Confernece* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 10/05/2016) |

| 10/07/2016 | [72](#) | ORDER granting 72 Motion for Pre Motion Conference. The pre-motion conference is scheduled for October 18 at 2 p.m. Plaintiff shall initiate the call and dial into 718-613-2180 when all parties are on the line. Ordered by Judge Kiyo A. Matsumoto on 10/7/2016. (Fletcher, Camille) (Entered: 10/07/2016) |
|---|---|---|
| 10/18/2016 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Pre Motion Conference held on 10/18/2016. Appearances for plaintiff, Robert Greenberg; for defendants, Michael Keane. Discussions held about the motions for summary judgment. The parties may file summary judgment motions that include arguments made in the summary judgment motions filed in July 2015 as well as new facts elicited from the limited discovery requested by defendants and arguments addressing recently decided case law. The parties shall adhere to the following schedule: Plaintiff's deposition shall be completed by November 10, 2016; opening summary jugment briefs shall be served but not filed by December 9, 2016; opposition briefs shall be served but not filed by January 10, 2017; reply briefs shall be served by January 17, 2017. In accordance with chambers' practices, motion papers shall not be filed via ECF until all briefing is complete and parties shall deliver two courtesy copies of the motion papers to chambers. (Fletcher, Camille) (Entered: 10/18/2016) |
| 12/07/2016 | [74](#) | MOTION for Extension of Time to File Response/Reply by George B. Alexander, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 12/07/2016) |
| 12/08/2016 | | ORDER granting 74 Motion for Extension of Time to File Response/Reply. Parties shall adhere to the following briefing schedule: moving papers are due by December 16, 2016; opposition papers are due by January 17, 2017; reply papers are due by January 24, 2017. Ordered by Judge Kiyo A. Matsumoto on 12/8/2016. (Fletcher, Camille) (Entered: 12/08/2016) |
| 12/14/2016 | [75](#) | Second MOTION for Extension of Time to File *Motion for Summary Judgment* by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 12/14/2016) |
| 12/15/2016 | | ORDER granting 75 Motion for Extension of Time to File. The parties' request for an extension to file summary judgment motions is granted. Moving papers are now due by December 23, 2016; Opposition papers are now due by January 24, 2017 and reply papers are due by January 31, 2017. Parties are reminded to only file the papers via ECF once the briefing is complete and to serve two courtesy copies of the papers on Chambers. Ordered by Judge Kiyo A. Matsumoto on 12/15/2016. (Fletcher, Camille) (Entered: 12/15/2016) |
| 01/27/2017 | [76](#) | MOTION for Extension of Time to File Response/Reply by Terrence X. Tracy. (Keane, Michael) (Entered: 01/27/2017) |
| 01/27/2017 | [77](#) | REPLY in Support re 76 MOTION for Extension of Time to File Response/Reply filed by Jesus Santiago. (Greenberg, Robert) (Entered: 01/27/2017) |
| 01/30/2017 | | ORDER granting 76 Motion for Extension of Time to File Response/Reply. Parties shall serve their replies and file all other motion papers via ECF by February 7, 2017. Ordered by Judge Kiyo A. Matsumoto on 1/30/2017. (Fletcher, Camille) (Entered: 01/30/2017) |
| 02/07/2017 | [78](#) | Fully Briefed MOTION for Summary Judgment by Jesus Santiago. Responses due by 2/7/2017 (Attachments: # 1 Rule 56.1 Statement, # 2 Memorandum in Support, # 3 |

| | | |
|---|---|---|
| | | Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Certificate of Service, # 7 Memorandum in Opposition, # 8 Certificate of Service, # 9 Memorandum in Support, # 10 Certificate of Service) (Greenberg, Robert) (Entered: 02/07/2017) |
| 02/07/2017 | 79 | MOTION for Summary Judgment by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 80 | MEMORANDUM in Support re 79 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 81 | AFFIDAVIT/DECLARATION in Support re 79 MOTION for Summary Judgment *od Steven H. Philbrick* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 82 | AFFIDAVIT/DECLARATION in Support re 79 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H- part 1, # 9 Exhibit H- part 2, # 10 Exhibit H- part 3, # 11 Exhibit H- part 4, # 12 Exhibit G) (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 83 | RULE 56.1 STATEMENT re 79 MOTION for Summary Judgment *of DEFENDANTS* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 84 | MEMORANDUM in Opposition re 78 Fully Briefed MOTION for Summary Judgment *(Defendants' Opposition to Plaintiff's Motion)* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 85 | RULE 56.1 STATEMENT *Defendants' Counterstatement of Facts to Plaintiff's Motion for Summary Judgment* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
| 02/07/2017 | 86 | REPLY in Support re 79 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Cynthia Johnson, Kevin G Ludlow, J |

| | | Mason, William McCartney, McKinney, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 02/07/2017) |
|---|---|---|
| 08/09/2017 | | ORDER. Defendants' 83 Rule 56.1 statement references records from 2005 in plaintiff's "Parolee Chrono Report," docketed as ECF No. [81-3], Exhibit C to the Declaration of Stephen H. Philbrick. The version of the "Parolee Chrono Report" filed as ECF No. [81-3] does not include records from 2005. By close of business on **August 10, 2017**, defendants shall file a corrected version of this document on the docket. Ordered by Judge Kiyo A. Matsumoto on 8/9/2017. (Tata, Vivek) (Entered: 08/09/2017) |
| 08/10/2017 | 87 | MOTION for Extension of Time to File *corrected 56.1 statement* by George B. Alexander, Anthony J. Annucci, Robert J. Dennison, Anthony G. Ellis, II, Andrea W. Evans, Brian Fischer, Glenn S Goord, Lucien J. Leclaire, Jr, Kevin G Ludlow, Sally A. Thompson. (Hathaway, Barbara) (Entered: 08/10/2017) |
| 08/10/2017 | | ORDER granting 87 Motion for Extension of Time to File. By close of business on **August 14, 2017**, defendants shall file a corrected version of the "Parolee Chrono Report" filed as ECF No. 81 -3, including all records referenced in defendants' 83 Rule 56.1 statement.. Ordered by Judge Kiyo A. Matsumoto on 8/10/2017. (Tata, Vivek) (Entered: 08/10/2017) |
| 08/14/2017 | 88 | RULE 56.1 STATEMENT re 79 MOTION for Summary Judgment *as Amended August 14, 2017* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 08/14/2017) |
| 08/14/2017 | 89 | Letter *re Amended 56.1 Statement of August 14, 2017* by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy (Keane, Michael) (Entered: 08/14/2017) |
| 08/14/2017 | 90 | AFFIDAVIT/DECLARATION in Support re 79 MOTION for Summary Judgment filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 08/14/2017) |
| 08/14/2017 | 91 | RULE 56.1 STATEMENT re 79 MOTION for Summary Judgment *as Amended August 14, 2017 with new paragraph 11(a)* filed by George B. Alexander, P Alvarez, Anthony J. Annucci, Arroyo, Council, Andrew M. Cuomo, Robert J. Dennison, Anthony G. Ellis, II, Lisa Elovich, Andrea W. Evans, Brian Fischer, Fleischman, Glenn S Goord, Cynthia Johnson, Lucien J. Leclaire, Jr, Kevin G Ludlow, J Mason, William McCartney, McKinney, Paredes, Darryl Stevenson, Sally A. Thompson, Terrence X. Tracy. (Keane, Michael) (Entered: 08/14/2017) |
| 09/30/2017 | 92 | ORDER. For the reasons stated in the attached Memorandum and Order, the court grants in part and denies in part plaintiff's 78 Motion for Summary Judgment and grants in part and denies in part defendants' 79 cross-motion. The court dismisses all defendants except Anthony J. Annucci, Brian Fischer, and Terrence X. Tracy, and dismisses plaintiff's state law claims for lack of jurisdiction. The court grants plaintiff's motion for summary judgment on the liability of defendants Annucci, Fischer, and Tracy for the period June 12, 2007 to February 6, 2008. |

|  |  | By October 11, 2017, the parties shall contact Magistrate Judge Steven Tiscione to schedule a settlement conference. Should the parties fail to reach a settlement by November 10, 2017, they shall file a status letter to that effect, directed to both Magistrate Judge Tiscione and the undersigned judge, and include a proposed schedule for the remainder of discovery. Ordered by Judge Kiyo A. Matsumoto on 9/30/2017. (Tata, Vivek) (Entered: 09/30/2017) |
|---|---|---|
| 11/03/2017 | 93 | Letter dated 10/31/2017 to Judge Garaufis and Judge Reyes and Judge Matsumoto from Jesus Santiago, Pro Se requesting a restart on his case. (Attachments: # 1 Exhibit, # 2 Envelope) (Tavarez, Jennifer) (Entered: 11/07/2017) |
| 11/10/2017 | 94 | STATUS REPORT *Jointly Filed by ALL PARTIES* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 11/10/2017) |
| 11/11/2017 |  | SCHEDULING ORDER re 94 Status Report filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer. An in-person settlement conference will be held at 12:00 p.m. on December 1, 2017 before the undersigned in Hearing Room N504 in the North Wing. All counsel must attend. Counsel shall submit their respective settlement positions via ex parte electronic filing through the Court's ECF system, no later than November 29th, as well as refer to this Court's Individual Rules in further preparation for the conference. So Ordered by Magistrate Judge Steven Tiscione on 11/11/2017. (Vasquez, Lea) (Entered: 11/11/2017) |
| 11/29/2017 | 95 | MOTION to Seal by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/29/2017) |
| 11/30/2017 |  | Motions terminated, docketed incorrectly: 95 MOTION to Seal filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer. (Vasquez, Lea) (Entered: 11/30/2017) |
| 11/30/2017 | 98 | Motion to Appear by Telephone *on behalf of principal from DOCCS* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/30/2017) |
| 11/30/2017 |  | ORDER granting 98 Motion to Appear by Telephone. A principal form DOCCS is permitted to appear for the December 1st conference by phone. Counsel shall bring the Principal's contact information to court. So Ordered by Magistrate Judge Steven Tiscione on 11/30/2017. (Vasquez, Lea) (Entered: 11/30/2017) |
| 11/30/2017 |  | ORDER: In accordance with the Court's individual practices, the parties were required to submit ex parte settlement position statements by November 29, 2017. To date, Plaintiff has not filed his settlement position statement. Plaintiff is directed to file the ex parte settlement position statement in advance of tomorrow's scheduled settlement conference. So Ordered by Magistrate Judge Steven Tiscione on 11/30/2017. (Swartz, Rochelle) (Entered: 11/30/2017) |
| 12/05/2017 | 100 | Minute Entry for Settlement Conference held on 12/1/2017 before Magistrate Judge Steven Tiscione: Greenberg for Plaintiff; Keane for Defendants. Settlement discussions were held but the parties were unable to reach a disposition at this time. The Court will hold a further settlement conference on January 19, 2018 at 12:00 p.m. All discovery on damages is to be completed by February 28, 2018. (FTR Log #12:08 - 12:09; 2;14 - 2:20.) (Vasquez, Lea) (Entered: 12/05/2017) |
| 01/18/2018 | 101 | STATUS REPORT *re Second Circuit decision* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Attachments: # 1 Exhibit) (Keane, Michael) (Entered: 01/18/2018) |
| 01/19/2018 | 102 | Minute Entry for Settlement Conference held on 1/19/2018 before Magistrate Judge Steven Tiscione: Greenberg for Plaintiff; Keene for Defendants. Settlement discussions were held but the parties were unable to reach a disposition at this time. For the reasons |

| | | |
|---|---|---|
| | | discussed on the record, the deadline for completion of discovery is extended to April 16, 2018. The deadline for beginning dispositive motion practice is extended to May 14, 2018. (FTR Log #12:03 - 1:15.) (Vasquez, Lea) (Entered: 01/19/2018) |
| 04/16/2018 | [103](#) | Letter MOTION for Extension of Time to Complete Discovery *upon Consent of All Parties* by Jesus Santiago. (Greenberg, Robert) (Entered: 04/16/2018) |
| 04/16/2018 | | ORDER granting [103](#) Motion for Extension of Time to Complete Discovery. The deadline for completion of discovery is extended to June 1, 2018. The deadline for beginning dispositive motion practice is extended to July 2, 2018. So Ordered by Magistrate Judge Steven Tiscione on 4/16/2018. (Vasquez, Lea) (Entered: 04/16/2018) |
| 07/02/2018 | [104](#) | Letter *to schedule motion* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 07/02/2018) |
| 07/03/2018 | | ORDER. Defendants' request for a pre-motion conference is granted. The parties shall participate in a telephonic pre-motion conference with the court on July 25, 2018 at 4:00 PM. Counsel for defendants shall coordinate a call among the parties and dial into chambers (718-613-2180) when all parties are on the line. Plaintiff may file a letter with the court responding to defendants' letter requesting a pre-motion conference on or before July 20, 2018. Ordered by Judge Kiyo A. Matsumoto on 7/3/2018. (Abugo, Uzezi) (Entered: 07/03/2018) |
| 07/26/2018 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Pre Motion Conference held on 7/26/2018. Appearances: Robert Greenberg, Esq., for plaintiff; Michael Keane, Esq. for defendant. Discussions were held regarding defendant's proposed motion regarding damages. The court ORDERED: the parties shall meet and confer regarding the case's current status, and, if defendant intends to pursue its motion, propose a briefing schedule for the motion by August 1, 2018. A status conference is set for the parties before Judge Matsumoto on November 2, 2018 at noon in courtroom 6C South, 225 Cadman Plaza East, Brooklyn, New York 11201. (Court Reporter Linda Danelczyk.) (Abugo, Uzezi) (Entered: 07/26/2018) |
| 08/01/2018 | [105](#) | Proposed Scheduling Order *for briefing damages* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 08/01/2018) |
| 08/10/2018 | | ORDER granting the parties' proposed briefing schedule. Defendants shall serve their motion addressing damages on plaintiff by August 31, 2018; plaintiff shall serve his opposition on defendants by October 1, 2018; and defendants shall serve their reply, if any on plaintiff by October 15, 2018. On October 15, 2018, the parties shall file their motions, in logical order, via ECF, and provide the court with two courtesy hard copies. Ordered by Judge Kiyo A. Matsumoto on 8/10/2018. (Abugo, Uzezi) (Entered: 08/10/2018) |
| 08/31/2018 | [106](#) | ANSWER to [12](#) Amended Complaint, by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 08/31/2018) |
| 09/25/2018 | [107](#) | NOTICE of Change of Mailing Address by Robert Laurence Greenberg (Greenberg, Robert) (Entered: 09/25/2018) |
| 09/26/2018 | [108](#) | Letter MOTION to Strike [106](#) Answer to Amended Complaint by Jesus Santiago. (Attachments: # [1](#) Decision of NY Court of Claims) (Greenberg, Robert) (Entered: 09/26/2018) |
| 10/01/2018 | [109](#) | RESPONSE to Motion re [108](#) Letter MOTION to Strike [106](#) Answer to Amended Complaint filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/01/2018) |

Case 23-814, Document 13, 05/30/2023, 3523940, Page29 of 158

| 10/15/2018 | 110 | MEMORANDUM in Opposition *to Defendants' Motion for Summary Judgment and/or Dismissal* filed by All Plaintiffs. (Attachments: # 1 Exhibit Decision of Court of Claims, # 2 Rule 56.1 Statement, # 3 Certificate of Service) (Greenberg, Robert) (Entered: 10/15/2018) |
|---|---|---|
| 10/15/2018 | 111 | MOTION for Summary Judgment *and/or to dismiss* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 112 | RULE 56.1 STATEMENT re 111 MOTION for Summary Judgment *and/or to dismiss* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 113 | AFFIDAVIT/DECLARATION in Support re 111 MOTION for Summary Judgment *and/or to dismiss* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 114 | MEMORANDUM in Support re 111 MOTION for Summary Judgment *and/or to dismiss* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 115 | REPLY in Support , RULE 56.1 STATEMENT filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 116 | AFFIDAVIT/DECLARATION in Support re 111 MOTION for Summary Judgment *and/or to dismiss Reply Delcaration with Exhibit A* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit A) (Keane, Michael) (Entered: 10/15/2018) |
| 10/15/2018 | 117 | REPLY in Support *of motion for summary judgment and/or to dismiss* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/15/2018) |
| 11/02/2018 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Status Conference held on 11/2/2018: Appearances: Robert Greenberg, Esq., for plaintiff; Michael Keane, Esq. for defendant. Discussions were held regarding plaintiff's Motion to Strike. The court ORDERED: Defendant shall file a letter with the court indicating whether it will withdraw and/or waive its asserted statute of limitation defense by close of business on Wednesday, November 7, 2018. (Court Reporter Annette Montalvo.) (Abugo, Uzezi) (Entered: 11/02/2018) |
| 11/07/2018 | 118 | STATUS REPORT *re issues remaining* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 11/07/2018) |
| 11/09/2018 | | ORDER. Pursuant to the court's November 2, 2018 request for a status report, the parties informed the court by defendants' 118 letter filed November 7, 2018, that defendants withdraw their statute of limitations defense and that plaintiff withdraws his [108] Motion to Strike Defendants' Answer. The court ORDERS: Plaintiff's 108 Motion to Strike is terminated. Litigation shall proceed with addressing issues of damages, as briefed in defendants' summary judgment motion 111 , which was fully submitted on October 15, 2018. As defendants' moving papers in the motion for summary judgment include defendants' withdrawn arguments regarding the statute of limitations defense, defendants are requested to amend their moving papers to remove arguments related to their withdrawn statute of limitations defense to make clear which arguments remain and refile by close of business November 14, 2018. Plaintiff shall amend his opposition to remove arguments related to the withdrawn statute of limitations defense and refile by close of business November 19, 2018. Defendants shall amend their reply to remove arguments related to the withdrawn statute of limitations defense and refile by close of |

5/26/23, 1:26 PM

Case 23-814, Document 13, 05/30/2023, 3523940, Page30 of 158
Eastern District of New York - LIVE Database 1.7 (Revision 1.7.1.2)

| | | business November 21, 2018. Ordered by Judge Kiyo A. Matsumoto on 11/9/2018. (Abugo, Uzezi) (Entered: 11/09/2018) |
|---|---|---|
| 11/09/2018 | | ORDER terminating [108](#) Motion to Strike. Pursuant to the order entered by the court November 9, 2018, plaintiff's Motion to Strike is terminated. Ordered by Judge Kiyo A. Matsumoto on 11/9/2018. (Abugo, Uzezi) (Entered: 11/09/2018) |
| 11/14/2018 | [119](#) | MOTION for Summary Judgment *as to nominal damages* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/14/2018) |
| 11/14/2018 | [120](#) | RULE 56.1 STATEMENT re [119](#) MOTION for Summary Judgment *as to nominal damages* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/14/2018) |
| 11/14/2018 | [121](#) | AFFIDAVIT/DECLARATION in Support re [119](#) MOTION for Summary Judgment *as to nominal damages* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D) (Keane, Michael) (Entered: 11/14/2018) |
| 11/14/2018 | [122](#) | MEMORANDUM in Support re [119](#) MOTION for Summary Judgment *as to nominal damages* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/14/2018) |
| 11/19/2018 | [123](#) | MEMORANDUM in Opposition re [119](#) MOTION for Summary Judgment *as to nominal damages,* [121](#) Affidavit in Support of Motion, [122](#) Memorandum in Support, [120](#) Rule 56.1 Statement filed by All Plaintiffs. (Attachments: # [1](#) Rule 56.1 Statement, # [2](#) Certificate of Service) (Greenberg, Robert) (Entered: 11/19/2018) |
| 11/21/2018 | [124](#) | RULE 56.1 STATEMENT *Counter-statement to Plaintiff's 56.1 Statement* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/21/2018) |
| 11/21/2018 | [125](#) | REPLY in Support *of summary judgment as to nominal damages* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/21/2018) |
| 02/26/2019 | [126](#) | Letter *to Court re: Betances v. Fischer* by Jesus Santiago (Attachments: # [1](#) Recent Decision in Betances v. Fischer (SDNY)) (Greenberg, Robert) (Entered: 02/26/2019) |
| 02/27/2019 | [127](#) | Letter *re recent decisions* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 02/27/2019) |
| 09/23/2019 | [128](#) | MEMORANDUM AND ORDER, Defendants have not established that no disputed issues of fact exist as to whether Plaintiff is, as a matter of law, entitled to only nominal damages. As neither party moved for summary judgment on the question of the amount of compensatory and punitive damages - which Plaintiff raised only as an alternative basis to defeat Defendants' motion for summary judgment - the Court need not consider in this Memorandum and Order whether Plaintiff may establish that he is entitled to punitive damages on the basis of Defendants' misconduct. In light of the foregoing. Defendants' motion for summary judgment is denied. The parties shall meet and confer and submit a joint status letter via ECF to the Court by 10/3/19, setting forth how they wish to proceed in this action. (Denying [119](#) Motion for Summary Judgment) (Ordered by District Judge Kiyo A. Matsumoto on 9/23/2019) c/m (Galeano, Sonia) (Entered: 09/23/2019) |
| 09/24/2019 | | ORDER terminating [111](#) Motion for Summary Judgment. In light of the Court's November 9, 2018 Order directing the parties to refile their motion papers and [128](#) the Court's September 23, 2019 Memorandum and Order ruling on the refiled motion papers, the Court hereby terminates [111](#) Defendants' initial motion for summary judgment as |

| | | moot. Ordered by Judge Kiyo A. Matsumoto on 9/24/2019. (Ammari, Kamil) (Entered: 09/24/2019) |
|---|---|---|
| 10/03/2019 | 129 | MOTION for Extension of Time to File *Joint Status Report* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/03/2019) |
| 10/04/2019 | | ORDER granting 129 Letter Motion for Extension of Time to File Joint Status Report. The parties shall file a joint status report by October 10, 2019. Ordered by Judge Kiyo A. Matsumoto on 10/4/2019. (Ammari, Kamil) (Entered: 10/04/2019) |
| 10/10/2019 | 130 | STATUS REPORT *Joint Status Report* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 10/10/2019) |
| 10/15/2019 | | ORDER granting 130 the parties' joint request for a conference to address outstanding issues and schedule pre-trial submissions and a trial. The court will hold a telephonic conference on Monday, November 11, 2019, at 10:00 a.m. The parties shall coordinate a call among themselves and dial into chambers (718-613-2180) when all parties are on the line. Ordered by Judge Kiyo A. Matsumoto on 10/15/2019. (Ammari, Kamil) (Entered: 10/15/2019) |
| 11/01/2019 | | SCHEDULING ORDER: The telephonic conference currently scheduled for Monday, November 11, 2019 at 10:00 a.m. is hereby adjourned to Tuesday, November 12, 2019 at 10:00 a.m. Ordered by Judge Kiyo A. Matsumoto on 11/1/2019. (Ammari, Kamil) (Entered: 11/01/2019) |
| 11/12/2019 | | MINUTE ENTRY & ORDER for Telephonic Conference held before Judge Kiyo A. Matsumoto on November 12, 2019. Appearances for Plaintiff: Robert Laurence Greenberg, Esq.; Jesus Santiago. Appearance for Defendants: Michael J. Keane, Esq.<br><br>The parties represented to the Court that they have discussed a potential settlement of this action but remain far apart. The Court thus discussed scheduling trial in this action, informing the parties that it is inclined to scheduled trial for either December 23, 2019 or February 18, 2020. If the parties elect to proceed to trial, the Court encouraged them to consent to proceed before Magistrate Judge Steven Tiscione due to the congestion of the Court's trial calendar, and because Judge Tiscione may have more flexibility with respect to available trial dates. In light of the foregoing, the Court ordered that by 12:00 p.m. on Friday, November 15, 2019, the parties inform the Court as to (1) whether they will be settling this action or (2) whether they wish to proceed to trial, and if so, whether they will consent to a jury trial before Judge Tiscione. (The Court notes that in *Earley v. Annucci*, No. 08-CV-669(DJS) (N.D.N.Y.), the parties consented to trial of that matter on the issue of damages before the magistrate judge.)<br><br>The Court also addressed two other matters raised by the parties. *First*, the Court denied Defendants' request to stay this action until the Second Circuit resolves the appeal presently pending before it in *Earley v. Annucci*, No. 18-3739. *Second*, the Court granted Plaintiff's request that the March 10, 2015 and March 19, 2015 protective orders entered by Magistrate Judge Marilyn Go be lifted to the extent necessary to allow Plaintiff to see the documents and assist with trial preparation. Plaintiff should be mindful of the obligations imposed by the protective order, particularly with respect to the disclosure of information that does not pertain exclusively to him. (Court Reporter Holly Driscoll.) (Ammari, Kamil) (Entered: 11/12/2019) |
| 11/26/2019 | | Set Deadlines/Hearing as to 131 Letter MOTION to Withdraw as Attorney MOTION for Protective Order Letter MOTION for Leave to Electronically File Document Ex Parte MOTION for Leave to Electronically File Document under Seal MOTION for Attorney Fees *Lien* : An in-person hearing on Plaintiff's motion to withdraw as counsel will be held at 11:30 a.m. on December 18, 2019 before the undersigned in Hearing Room N504 in |

| | | |
|---|---|---|
| | | the North Wing. The Plaintiff client must attend along with counsel for all parties. Counsel for Plaintiff is directed to immediately forward a copy of this Order to the Plaintiff at his last known address, via certified mail and file proof of delivery with the Court. So Ordered by Magistrate Judge Steven Tiscione on 11/26/2019. (Vasquez, Lea) (Entered: 11/26/2019) |
| 11/27/2019 | 133 | CERTIFICATE OF SERVICE by Jesus Santiago re 132 Letter MOTION for Leave to Electronically File Document Ex Parte MOTION for Leave to Electronically File Document under Seal MOTION to Withdraw as Attorney MOTION to Seal *all Papers Relating to this Motion* MOTION to Stay *this Matter for Sixty Days* MOTION for Protective Order MOTION for Attorney Fees , Set Motion and R&R Deadlines/Hearings,,, 131 Letter MOTION to Withdraw as Attorney MOTION for Protective Order Letter MOTION for Leave to Electronically File Document Ex Parte MOTION for Leave to Electronically File Document under Seal MOTION for Attorney Fees *Lien* (Attachments: # 1 Appendix Order Sent to Plaintiff, # 2 Appendix USPS Receipt for Certified Mail, Return Receipt Requested) (Greenberg, Robert) (Entered: 11/27/2019) |
| 01/03/2020 | 134 | Minute Order for Motion Hearing held on 12/18/2019 before Magistrate Judge Steven Tiscione: Greenberg with Santiago for Plaintiff; Keene for Defendants. For the reasons discussed on the record, counsel's Motion to Withdraw 131 is granted. Mr. Greenberg is terminated as attorney of record. The Court will provide Mr. Santiago 60 days to retain a new attorney. The Court will hold a status conference on February 20, 2020 at 12:00 p.m. If Plaintiff has not retained new counsel by that date, he must appear at the conference in person. (FTR Log #11:50 - 12:09.) (Vasquez, Lea) (Entered: 01/03/2020) |
| 01/22/2020 | 135 | TRANSCRIPT of Proceedings held on December 18, 2019, before Judge Tiscione. Court Transcriber: Typewrite Word Processing Service, Telephone number 518-581-8973. Email address: transcripts@typewp.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 2/12/2020. Redacted Transcript Deadline set for 2/24/2020. Release of Transcript Restriction set for 4/21/2020. (Rocco, Christine) (Entered: 01/22/2020) |
| 02/25/2020 | 136 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on November 2, 2018, before Judge Kiyo A. Matsumoto. Court Reporter/Transcriber Annette M. Montalvo, Telephone number 718-804-2711. Email address: annette.montalvo@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 3/17/2020. Redacted Transcript Deadline set for 3/27/2020. Release of Transcript Restriction set for 5/25/2020. (Montalvo, Annette) (Entered: 02/25/2020) |
| 02/26/2020 | 137 | Minute Entry for Status Conference held on 2/20/2020 before Magistrate Judge Steven Tiscione: Santiago, pro se; Keene for Defendants. Parties are in the process of exchanging additional information. Mr. Santiago is in the process of trying to obtain a new attorney. Parties are also awaiting the Second Circuit's decision in a related case that may impact the outcome here. Accordingly, the parties will continue to finish up discovery and the Court will hold a further status conference on July 8, 2020 at 11:00 a.m. Mr. Santiago's new address is: 1407 Lantry Court, Orlando, Florida 32804 and his contact number is 703-649-1027. The docket shall be amended to include this new contact information for Plaintiff Santiago. (FTR Log #12:14 - 12:27.) (Vasquez, Lea) (Entered: 02/26/2020) |

| 03/30/2020 | 139 | Consent MOTION for Extension of Time to Complete Discovery *and/or hold conference by telephone* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 03/30/2020) |
|---|---|---|
| 03/31/2020 | | SCHEDULING ORDER re 139 Consent MOTION for Extension of Time to Complete Discovery *and/or hold conference by telephone* filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer. A telephone conference will be held before the undersigned at 2:00 p.m. on April 3, 2020 with all parties. Counsel for Defendants is directed to contact chambers PRIOR TO APRIL 3RD to obtain the conference call-in information and distribute same to the plaintiff who is proceeding pro se. So Ordered by Magistrate Judge Steven Tiscione on 3/31/2020. (Vasquez, Lea) (Entered: 03/31/2020) |
| 04/02/2020 | | Due to a conflict in the Court's calendar, the telephone conference scheduled for 2:00 p.m. on April 3rd will instead be held at 3:00 p.m. on the same date. So Ordered by Magistrate Judge Steven Tiscione on 4/2/2020. (Vasquez, Lea) (Entered: 04/02/2020) |
| 04/08/2020 | 140 | Minute Order for Telephone Conference held on 4/3/2020 before Magistrate Judge Steven Tiscione: Santiago, pro se Plaintiff; Keane for Defendants. Parties are attempting to obtain records from numerous prison facilities and the process has been delayed by the ongoing health crisis. Accordingly, the consent MOTION for Extension of Time to Complete Discovery 139 is granted. The Court will hold a telephone conference on July 8, 2020 at 11:00 a.m. (Vasquez, Lea) (Entered: 04/08/2020) |
| 07/07/2020 | | Due to a conflict in the Court's calendar, the telephone conference scheduled for 11:00 a.m. on July 8th will instead begin at 11:30 a.m. on the same date. If counsel have not yet obtained the conference call-in information, they are to contact the Court by close of business today to obtain same. So Ordered by Magistrate Judge Steven Tiscione on 7/7/2020. (Vasquez, Lea) (Entered: 07/07/2020) |
| 07/09/2020 | 141 | Minute Entry for Telephone Conference held on 7/8/2020 before Magistrate Judge Steven Tiscione: Plaintiff failed to appear; Keane for Defendants. Pro Se Plaintiff did not call in to the conference. Accordingly, Defense Counsel will contact Plaintiff and provide him with the conference call-in information, the same information which was utilized today, for a telephone conference to be held July 22, 2020 at 10:00 a.m. Defendants counsel shall also forward a copy of this Order to the Plaintiff. (Vasquez, Lea) (Entered: 07/09/2020) |
| 07/22/2020 | | SCHEDULING ORDER: The next telephone conference will be held at 12:30 p.m. on July 31, 2020 before the undersigned. The call in information for the conference will be 888-557-8511 with the access code 3152145. Counsel for Defendants is requested to forward the call-in information to the Plaintiff who is proceeding pro se. So Ordered by Magistrate Judge Steven Tiscione on 7/22/2020. (Vasquez, Lea) (Entered: 07/22/2020) |
| 08/03/2020 | 142 | Minute Entry for Telephone Conference held on 7/31/2020 before Magistrate Judge Steven Tiscione: Plaintiff failed to appear; Keane for Defendants. Plaintiff did not appear for the conference. Defense counsel reported that he copied the entire file and forwarded it to Plaintiff at the address on record. Defendants will email Plaintiff and ask him for a specific list of any additional documents he needs to complete discovery. The Court will hold a further telephone conference on August 27, 2020 at 12:00 p.m. Defense counsel is directed to forward a copy of this scheduling Order to Plaintiff. Plaintiff is directed to appear at the next conference or the Court may be forced to impose sanctions. Parties will call-in on number 888-557-8511 and use access code 3152145. (Vasquez, Lea) (Entered: 08/03/2020) |
| 08/27/2020 | 144 | Mail Returned as Undeliverable. Copy of Minute Entry 142 sent to Jesus Santiago at address listed. Postal Note: "Return To Sender. Not Deliverable As Addressed. Unable To |

Case 23-814, Document 13, 05/30/2023, 3523940, Page34 of 158

| | | |
|---|---|---|
| | | Forward." (Herrera, Isaiah) (Entered: 08/31/2020) |
| 08/29/2020 | 143 | Minute Entry for Telephone Conference held on 8/27/2020 before Magistrate Judge Steven Tiscione: Pro Se Plaintiff failed to participate in conference; Keane for Defendants. Plaintiff did not appear for the telephone conference despite being warned that failure to appear might result in sanctions. Defense counsel reports that Plaintiff has refused all contact and documents sent to his residence were returned to sender. The Court issues an Order to Show Cause directing Plaintiff to file a letter with the Court explaining why this case should not be dismissed for failure to prosecute no later than September 30, 2020. If the Plaintiff does not respond to this Order, Defendants shall file a motion to dismiss in accordance with the District Courts Individual Rules by October 30, 2020.Defense counsel is directed to forward a copy of this Order to Plaintiff by email since Plaintiff has not updated his address on the docket and Defendants do not have any other method of contacting Plaintiff, ( Show Cause Response due by 9/30/2020.) (FTR Log #12:05 - 12:15 (AT&T).) (Vasquez, Lea) (Entered: 08/29/2020) |
| 10/26/2020 | 145 | MOTION for pre motion conference *(to waive conference and adopt briefing schedule)* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/26/2020) |
| 10/29/2020 | | ORDER granting 145 Motion for Briefing Schedule. The Court hereby waives the usual requirement for a pre-motion conference, and instead orders the following modified briefing schedule for Defendants' anticipated motion to dismiss for failure to prosecute: Defendants shall serve upon Plaintiff, by U.S. mail and email, a copy of this briefing schedule and their motion papers by Monday, November 2, 2020. Plaintiff must respond to Defendants' motion by December 2, 2020. On or before December 2, Plaintiff must send his response by U.S. mail or email to counsel for Defendants. Defendants shall then have seven days from receipt of Plaintiffs' response to serve a reply, and to file the fully briefed motion papers to ECF in logical order. To account for any potential delays with the mail system, if Plaintiff fails to respond to Defendants' motion (and fails to timely request an extension), Defendants should wait until at least December 18, 2020 before uploading an unopposed motion to ECF. Ordered by Judge Kiyo A. Matsumoto on 10/29/2020. (Mayer, Michael) (Entered: 10/29/2020) |
| 11/05/2020 | 146 | MOTION for Extension of Time to Complete Discovery by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/05/2020) |
| 11/05/2020 | | ORDER granting 146 Motion for Extension of Time to November 11th to complete the deposition of Plaintiff. So Ordered by Magistrate Judge Steven Tiscione on 11/5/2020. (Vasquez, Lea) (Entered: 11/05/2020) |
| 12/04/2020 | 147 | MOTION for Hearing *to address issues raised by plaintiff* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit Notice of Motion to be filed December 18, 2020, # 2 Exhibit Declaration of Michael J. Keane In Support of Motion to be filed December 18, 2020, # 3 Exhibit Memorandum of Law in Support of Motion served on November 2, 2020 and to be filed December 18, 2020) (Keane, Michael) Modified on 12/17/2020 (Incorrectly filed as a motion for a premotion conference.) (Vasquez, Lea). (Entered: 12/04/2020) |
| 12/11/2020 | 148 | MOTION: To release the complete file, to speak with original sentencing judge, to respect the subpoena and provide the documents that were requested, by Jesus Santiago. (Brown, Marc) (Main Document 148 replaced on 12/14/2020) (Brown, Marc). (Entered: 12/14/2020) |
| 12/17/2020 | | ORDER granting 147 Motion for Hearing: A telephone conference will be held at 11:00 a.m. on December 28, 2020 before the undersigned with the plaintiff and counsel for defendants. The parties shall connect to the conference through dial-in number 888-557- |

8511 with access code 3152145. Counsel for defendants is directed to immediately forward a copy of this Order to the plaintiff who is proceeding pro se.

**THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court, is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court.**

So Ordered by Magistrate Judge Steven Tiscione on 12/17/2020. (Vasquez, Lea) (Entered: 12/17/2020)

| | | |
|---|---|---|
| 12/18/2020 | 149 | Letter *documenting motion papers* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Attachments: # 1 Exhibit Attached Plea Minutes) (Keane, Michael) (Entered: 12/18/2020) |
| 12/18/2020 | 150 | MOTION to Dismiss for Lack of Prosecution by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 12/18/2020) |
| 12/18/2020 | 151 | AFFIDAVIT/DECLARATION in Support re 150 MOTION to Dismiss for Lack of Prosecution filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 12/18/2020) |
| 12/18/2020 | 152 | MEMORANDUM in Support re 151 Affidavit in Support of Motion, 150 MOTION to Dismiss for Lack of Prosecution filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 12/18/2020) |
| 01/04/2021 | 153 | Minute Entry for Motion Hearing held on 12/28/2020 before Magistrate Judge Steven Tiscione: Santiago, pro se plaintiff; Keane for Defendants. Docket shall be amended to include the following new contact information for pro se Plaintiff, Jesus Santiago: Lightthinking82@icloud.com; (571) 833-8010. Plaintiff's Motion 147 is denied as improperly filed. Plaintiff intends to file a motion for spoliation based on the loss of court records regarding Plaintiff's initial sentencing. Plaintiff will respond in writing to the Motion to Dismiss by January 15, 2021. Parties advise that they are otherwise finished with discovery and ready to proceed to the next stage. (Vasquez, Lea) (Entered: 01/04/2021) |
| 01/27/2021 | 154 | Mail Returned as Undeliverable: Copy of Minute entry 153 . Mail sent to Jesus Santiago 1407 Lantry Court Orlando, FL 32804. Postal Notation: Return to sender, Not deliverable as addressed, unable to forward. (Tavarez, Jennifer) (Entered: 02/04/2021) |
| 02/16/2021 | 155 | RESPONSE to Motion re 150 MOTION to Dismiss for Lack of Prosecution and MOTION for SPOLIATION Of EVIDENCE filed by Jesus Santiago. (Tavarez, Jennifer) (Entered: 02/16/2021) |
| 03/23/2021 | 156 | REPLY to Response to Motion re 150 MOTION to Dismiss for Lack of Prosecution *and response to spoliation motion in docket 155* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 03/23/2021) |
| 03/23/2021 | 157 | Letter from Jesus Santiago submitting a Motion of Request re: discovery. (See letter for details) (Tavarez, Jennifer) (Entered: 03/23/2021) |
| 03/24/2021 | 158 | Letter dated 3/23/2021 from Jesus Santiago informing the Court that he no longer wants to engage in communication with the Court or the Attorney General due to misleading information. Pro se Plaintiff requests the Court contact his mother if the Court must send a final notice or speak to him. (Mother's contact information is provided in the letter) (Tavarez, Jennifer) (Entered: 03/25/2021) |

| 04/01/2021 | | ORDER REFERRING MOTION: [148](#) MOTION for Disclosure *to release the complete file, to speak with original sentencing judge, to respect the subpoena and provide the documents that were requested,* filed by Jesus Santiago, [150](#) MOTION to Dismiss for Lack of Prosecution filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer Ordered by Judge Kiyo A. Matsumoto on 4/1/2021. Motions referred to Steven Tiscione. (Williams-Jackson, Sandra) (Entered: 04/01/2021) |
|---|---|---|
| 04/22/2021 | | ORDER deferring ruling on [148](#) Motion for Disclosure. A motion hearing will be held by phone before the undersigned at 11:30 AM on May 17, 2021. The parties shall connect to the hearing through dial-in number 888-557-8511 with access code 3152145.<br><br>THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court, is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court.<br><br>Counsel for Defendants shall forward a copy of this order to Plaintiff. So Ordered by Magistrate Judge Steven Tiscione on 4/22/2021. (Trimes, Alexander) (Entered: 04/22/2021) |
| 05/11/2021 | [159](#) | NOTICE of Appearance by Robert Howard Rickner on behalf of Jesus Santiago (aty to be noticed) (Rickner, Robert) (Entered: 05/11/2021) |
| 05/18/2021 | [160](#) | Minute Order for Motion Hearing held on 5/17/2021 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Plaintiff recently retained new counsel, Mr. Rickner, who requested some time to familiarize himself with the case and obtain relevant files from prior counsel and Defendants. Plaintiff's MOTION to release the complete file, to speak with original sentencing judge, to respect the subpoena and provide the documents that were requested [148](#) is denied at this time. Plaintiff's new counsel will review the files, determine if materials are missing, and will confer with Defendants to obtain any missing documents prior to filing any discovery motions. In light of retention of new counsel, Defendants' Motion to Dismiss for Lack of Prosecution [150](#) is terminated without prejudice to renew if Plaintiff again disappears from the case. The Court will hold a telephone conference on July 16, 2021 at 10:30 a.m. Unless otherwise directed, the parties shall use the same dial-in information provided for todays call.(FTR Log #AT&T (11:30 - 11:50).) (Vasquez, Lea) (Entered: 05/18/2021) |
| 07/13/2021 | | Due to a conflict in the Court's calendar, the telephone conference scheduled for 10:30 a.m. on July 16th will instead begin at 4:30 p.m. on the same date. Counsel shall use the same dial-in information previously provided. So Ordered by Magistrate Judge Steven Tiscione on 7/13/2021. (Vasquez, Lea) (Entered: 07/13/2021) |
| 07/19/2021 | [161](#) | Minute Entry for Telephone Conference held on 7/16/2021 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Mr. Rickner reports that he has received some of the underlying file and Defendants have agreed to produce whatever materials Mr. Rickner has not been able to receive from Plaintiff's prior attorneys. Parties also need some additional time to exchange documents on damages that had not previously been exchanged. The Court will hold a further telephone conference on September 17, 2021 at 11:00 a.m. (Vasquez, Lea) (Entered: 07/19/2021) |
| 09/15/2021 | [162](#) | Consent MOTION to Adjourn Conference by Jesus Santiago. (Rickner, Robert) (Entered: 09/15/2021) |
| 09/15/2021 | | ORDER denying [162](#) Motion to Adjourn Conference. The conference will proceed as scheduled. So Ordered by Magistrate Judge Steven Tiscione on 9/15/2021. (Vasquez, |

| | | (Lea) (Entered: 09/15/2021) |
|---|---|---|
| 09/17/2021 | 163 | Minute Entry for Telephone Conference held on 9/17/2021 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Parties report that they are making progress on the remaining outstanding discovery and expect to be complete in the next month. The Court will hold a telephone conference on October 27, 2021 at 11:00 a.m. The parties shall connect to the conference through dial-in number 888-557-8511 with access code 3152145. (Vasquez, Lea) (Entered: 09/17/2021) |
| 10/28/2021 | 164 | Minute Entry for Telephone Conference held on 10/27/2021 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Parties report that some limited discovery remains. All remaining discovery shall be completed by November 30, 2021. Parties shall file the Joint Pretrial Order by January 31, 2022. (Vasquez, Lea) (Entered: 10/28/2021) |
| 01/27/2022 | 165 | Joint MOTION for Extension of Time to File *JPTO* by Jesus Santiago. (Rickner, Robert) (Entered: 01/27/2022) |
| 01/27/2022 | | ORDER granting 165 Motion for Extension of Time to File. The time to submit the Joint Pre-Trial Order is extended to February 14, 2022. So Ordered by Magistrate Judge Steven Tiscione on 1/27/2022. (Vasquez, Lea) (Entered: 01/27/2022) |
| 02/14/2022 | 166 | MOTION for Extension of Time to File *Proposed Joint Pre-trial Order* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 02/14/2022) |
| 02/14/2022 | | ORDER granting 166 Motion for Extension of Time to File. The time to submit the Joint Pre-Trial Order is extended to February 18, 2022. So Ordered by Magistrate Judge Steven Tiscione on 2/14/2022. (Vasquez, Lea) (Entered: 02/14/2022) |
| 02/18/2022 | 167 | Joint MOTION for Extension of Time to File *JPTO* by Jesus Santiago. (Rickner, Robert) (Entered: 02/18/2022) |
| 02/22/2022 | 168 | Proposed Pretrial Order *Joint* by Jesus Santiago (Rickner, Robert) (Entered: 02/22/2022) |
| 02/23/2022 | | ORDER finding as moot 167 Motion for Extension of Time to File. The parties have filed the pre-trial Order. So Ordered by Magistrate Judge Steven Tiscione on 2/23/2022. (Vasquez, Lea) (Entered: 02/23/2022) |
| 03/17/2022 | | SCHEDULING ORDER: A telephone conference will be held at 10:00 a.m. on March 22, 2022 before the undersigned. Counsel for all parties must participate and shall connect to the conference through dial-in number 888-557-8511 with access code 3152145.<br><br>**THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court, is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court.**<br><br>So Ordered by Magistrate Judge Steven Tiscione on 3/17/2022. (Vasquez, Lea) (Entered: 03/17/2022) |
| 03/28/2022 | 169 | Minute Entry for Telephone Conference held on 3/22/2022 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Defendants are attempting to obtain additional authority to settle this matter or at least be in a position to engage in productive mediation. By April 19, 2022, the parties shall file a joint status report and advise the Court whether the case has been resolved, the parties want to be referred to mediation or that the case should be scheduled for trial on damages. (Vasquez, Lea) (Entered: 03/28/2022) |

**Case 23-814, Document 13, 05/30/2023, 3523940, Page38 of 158**

| 04/19/2022 | [170](#) | STATUS REPORT by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 04/19/2022) |
|---|---|---|
| 04/26/2022 | | ORDER re [170](#) Status Report filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer. Counsel shall electronically file an updated status report by 4/27/2022. So Ordered by Magistrate Judge Steven Tiscione on 4/26/2022. (Vasquez, Lea) (Entered: 04/26/2022) |
| 04/27/2022 | [171](#) | STATUS REPORT *re settlement and mediation* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 04/27/2022) |
| 04/28/2022 | | SCHEDULING ORDER re [171](#) Status Report filed by Anthony J. Annucci, Terrence X. Tracy, Brian Fischer: A telephone conference will be held at 10:00 a.m. on May 4, 2022 before the undersigned. Counsel for all parties must participate and shall connect to the conference through dial-in number 888-557-8511 with access code 3152145.<br><br>**THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court, is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court.**<br><br>So Ordered by Magistrate Judge Steven Tiscione on 4/28/2022. (Vasquez, Lea) (Entered: 04/28/2022) |
| 05/09/2022 | [172](#) | Minute Entry for Telephone Conference held on 5/4/2022 before Magistrate Judge Steven Tiscione: Rickner for Plaintiff; Keane for Defendants. Parties report that settlement discussions were unsuccessful and additional mediation would not be helpful at this time. Discovery is complete and the parties have already filed a JPTO. Defendants have indicated a desire to file an additional dispositive motion and shall file their pre-motion conference request no later than June 2, 2022 or a letter indicating that they will not be seeking permission to file any additional dispositive motions. Plaintiff does not intend to file any dispositive motions and seeks a trial date in accordance with the District Court's schedule. (Vasquez, Lea) (Entered: 05/09/2022) |
| 06/02/2022 | [173](#) | MOTION for pre motion conference by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 06/02/2022) |
| 06/03/2022 | | ORDER granting [173](#) Motion for Pre Motion Conference. All parties shall appear for a pre-motion conference on June 15, 2022 at 11:30 am. The parties shall dial into the conference by calling 1-888-684-8852 and entering the following access code: 1312089. The Plaintiff is directed to respond to Defendants' pre-motion letter by June 6, 2022. Ordered by Judge Kiyo A. Matsumoto on 6/3/2022. (Wong, Leah) (Entered: 06/03/2022) |
| 06/16/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Pre Motion Conference held on 6/15/2022. Appearances: Robert Rickner, Esq. for Plaintiff; Michael Keane, Esq. for the Hochul, et. al. The court held a pre-motion conference in Courtroom 6C South on the proposed motion for summary judgment. The parties appeared by telephone.<br><br>This Court has already ruled on two prior motions for summary judgment filed by Defendants, in 2017 [92](#) and 2019 [128](#) . Because Defendants only alluded to evidence they should have and could have presented in prior motions for summary judgment in Defendants' June 2, 2022 request [173](#) for a third motion for summary judgment, the Court denied Defendants' request for any additional motion for summary judgment. *See Brown v. City of Syracuse*, F.3d 141, 147 n.2 (2d Cir. 2012) (holding that "successive motions for summary judgment may be procedurally improper if the arguments in the second motion |

could have been raised in the first motion" and making an exception only when "later events in the proceedings affected the factual record and gave the movant reason to make a second motion"); *see also Bonano v. Doe*, 628 F. App'x 25, 27 (2d Cir. 2015) (affirming the district court's consideration of a second summary judgment motion was appropriate only because the second motion was "accompanied by critical evidence absent from the first summary judgment motion"); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (concluding that the Court need not approve "piecemeal consideration of successive motions for summary judgment" because parties ought to be "held to the requirement that they present their strongest case for summary judgment when the matter is first raised"). Here, the Court finds that the evidence that Defendants claim will support the proposed third motion for summary judgment was attainable, with due diligence, by the parties and could have been presented in support of Defendants' earlier summary judgment motion(s).

The Court reserved **November 23, 2022** for jury selection and trial on all issues in this case. The parties are further encouraged to attempt to settle this case with the assistance of Magistrate Steven Tiscione.

(Court Reporter Avery Armstrong.) (Wong, Leah) (Entered: 06/16/2022)

| | | |
|---|---|---|
| 06/16/2022 | 174 | CIVIL PRETRIAL ORDER. It is certified that the attorneys in this case shall be required to appear before this Court for jury selection and trial on November 23, 2022 at 9:00 a.m. See Order for all details. Ordered by Judge Kiyo A. Matsumoto on 6/16/2022. (Wong, Leah) (Entered: 06/16/2022) |
| 07/08/2022 | 175 | Consent MOTION for Extension of Time to File *and exchange motions in limine* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 07/08/2022) |
| 07/09/2022 | | ORDER granting 175 Motion for Extension of Time Until July 13, 2022 to File Motion in Limine. The parties are further encouraged to attempt to settle this case.Ordered by Judge Kiyo A. Matsumoto on 7/9/2022. (Williams-Jackson, Sandra) (Entered: 07/09/2022) |
| 07/29/2022 | 176 | MOTION in Limine by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 07/29/2022) |
| 07/29/2022 | 177 | AFFIDAVIT/DECLARATION in Support re 176 MOTION in Limine filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit A - Plea Minutes, # 2 Exhibit B - Va. Sentencing Orders, # 3 Exhibit C - Cert Pet. of Kings DA, # 4 Exhibit D-Reply Cert Pet. of Kings DA, # 5 Exhibit E - Man DA Sparber Brief to Ct Appeals, # 6 Exhibit F - Sentence Monitoring Computation Data for Jesus Santiago) (Keane, Michael) (Entered: 07/29/2022) |
| 07/29/2022 | 178 | MEMORANDUM in Support re 176 MOTION in Limine , 177 Affidavit in Support of Motion, filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 07/29/2022) |
| 07/29/2022 | 179 | RESPONSE in Opposition re 176 MOTION in Limine *in opposition to Plaintiff's motions in limine* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 07/29/2022) |
| 07/29/2022 | 180 | REPLY in Support re 179 Response in Opposition to Motion, 178 Memorandum in Support, 176 MOTION in Limine , 177 Affidavit in Support of Motion, *and in opposition to Plaintiff's motions in limine* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 07/29/2022) |
| 07/30/2022 | 181 | MOTION in Limine by Jesus Santiago. (Rickner, Robert) (Entered: 07/30/2022) |

| 07/30/2022 | 182 | AFFIDAVIT/DECLARATION in Support re 181 MOTION in Limine filed by Jesus Santiago. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Rickner, Robert) (Entered: 07/30/2022) |
|---|---|---|
| 07/30/2022 | 183 | RESPONSE in Opposition re 176 MOTION in Limine filed by Jesus Santiago. (Rickner, Robert) (Entered: 07/30/2022) |
| 08/26/2022 | 184 | First MOTION for Extension of Time to File *revised proposed JPTO* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 08/26/2022) |
| 08/31/2022 | 185 | REVISED JOINT PRETRIAL ORDER by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) Modified on 9/26/2022 (Williams-Jackson, Sandra). (Entered: 08/31/2022) |
| 09/08/2022 | | ORDER granting 184 Motion for Extension of Time to File. The parties are directed to file a Revised Joint Pretrial Order before close of business on Monday, September 12, 2022. Ordered by Judge Kiyo A. Matsumoto on 9/8/2022. (Williams-Jackson, Sandra) (Entered: 09/08/2022) |
| 10/14/2022 | 186 | NOTICE of Appearance by Rebecca A. Durden on behalf of Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (aty to be noticed) (Durden, Rebecca) (Entered: 10/14/2022) |
| 10/17/2022 | | STATUS CONFERENCE ORDER. The parties are ordered to appear for a status conference **tomorrow, October 18, 2022 at 3:00 pm** in Courtroom 6C South before Judge Kiyo A. Matsumoto. The parties shall appear by telephone. The parties shall dial into the conference by calling 1-888-684-8852 and entering the following access code: 1312089. The parties should be prepared to discuss their respective motions in limine. Ordered by Judge Kiyo A. Matsumoto on 10/17/2022. (LW) (Entered: 10/17/2022) |
| 10/18/2022 | 187 | Witness List by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy, Proposed Findings of Fact by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy, Proposed Jury Instructions/Verdict Form by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy, Proposed Voir Dire by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy, Exhibit List *Proposed (Revised) Joint Pretrial Order* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/18/2022) |
| 10/18/2022 | 188 | Letter MOTION to Adjourn Conference *on November 18 and Trial on November 23, 2022* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 10/18/2022) |
| 10/18/2022 | 189 | Consent MOTION to Adjourn Conference by Jesus Santiago. (Rickner, Robert) (Entered: 10/18/2022) |
| 10/18/2022 | | ORDER granting 189 Motion to Adjourn Conference. The status conference scheduled for today at 3:00 pm is adjourned to October 25, 2022 at 3:30 pm. Ordered by Judge Kiyo A. Matsumoto on 10/18/2022. (LW) (Entered: 10/18/2022) |
| 10/18/2022 | | AMENDED ORDER. The Court's order granting 189 Motion to Adjourn Conference is amended to clarify that parties shall dial into the conference by calling 1-888-684-8852 and entering the following access code: 1312089. The parties should be prepared to discuss their respective motions in limine and Defendants' 188 motion to adjourn the trial. The status conference is scheduled for October 25, 2022 at 3:30 pm. Ordered by Judge Kiyo A. Matsumoto on 10/18/2022. (LW) (Entered: 10/18/2022) |
| 10/25/2022 | | ORDER. Due to a scheduling conflict for the Court, the pre motion conference hearing scheduled for 3:30 pm today, on October 25, 2022, has been respectfully adjourned until 4:00 pm today, on October 25, 2022. The parties shall dial into the conference by calling |

| | | 1-888-684-8852 and entering the following access code: 1312089. Ordered by Judge Kiyo A. Matsumoto on 10/25/2022. (LW) (Entered: 10/25/2022) |
|---|---|---|
| 10/26/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Status Conference held on 10/25/2022. Appearances: Robert H. Rickner, Esq. for Plaintiff; Michael J. Keane, Esq. for Defendants. The parties discussed Defendants' motion, which Plaintiff opposes, to adjourn the trial, currently scheduled for jury selection on November 23, 2022, to a later date. The Court noted that the trial date was set at a conference on June 16, 2022, with input from both counsel, and denies the Defendants' adjournment motion because it would delay trial until late 2023 due to the parties' counsel's schedules, the Court's calendar, and the parties' expectations that this trial should take no longer than one week if appropriately focused on the issue of damages for the Plaintiff. Accordingly, jury selection for the trial will begin on November 23, 2022 and the trial will start on November 28, 2022 and continue through December 2, 2022.

The Court orders the parties to meet and confer and file a joint stipulation, or amended pre-trial order including stipulations, to facts and law which have been agreed to by all parties by November 4, 2022. The Court specifically directs the parties to provide stipulations of fact related to all sentences and periods of supervision of Plaintiff by federal, State of Virginia, and State of New York authorities. The parties were advised that speculative evidence and arguments as to what might have occurred will be precluded. The Court also advised the parties that it disagrees with Defendants' position that Plaintiff is limited to recovering nominal damages. *See Kerman v. City of New York*, 374 F.3d 93, 128-29 (2d Cir. 2004) ("[I]t was fundamental error for the trial court to fail to instruct the jury that, upon finding that [defendant] unlawfully deprived [plaintiff] of his liberty, the jury could award [plaintiff] compensatory damages for that loss of liberty.").

The parties are again strongly encouraged to consider engaging in good faith settlement discussions. The parties may contact Magistrate Judge Tiscione if they believe Judge Tiscione's assistance would be helpful to settlement. The parties are further reminded of their obligation to cooperate and work together in good faith as this case progresses. (Court Reporter Rivka Teich) (LW). (Entered: 10/26/2022) |
| 11/04/2022 | 190 | Joint MOTION for Extension of Time to File *Stipulations* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/04/2022) |
| 11/04/2022 | | ORDER granting 190 Motion for Extension of Time to File. The parties are granted until November 9, 2022 to file their joint stipulations of fact and law. The parties are also to submit a status update by that date on any settlement negotiation efforts. Ordered by Judge Kiyo A. Matsumoto on 11/4/2022. (LW) (Entered: 11/04/2022) |
| 11/09/2022 | 191 | Joint MOTION for Extension of Time to File *Stipulations of Fact and Law* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/09/2022) |
| 11/10/2022 | | ORDER granting 191 Motion for Extension of Time to File. The parties are granted until TOMORROW November 11, 2022 to file their joint stipulations of fact and law. The parties are also to submit a status update by that date on all settlement negotiation efforts. Ordered by Judge Kiyo A. Matsumoto on 11/10/2022. (LW) (Entered: 11/10/2022) |
| 11/11/2022 | 192 | Consent MOTION to Adjourn Conference *Briefly Adjourn Trial Due to Conflict With Another EDNY Case* by Jesus Santiago. (Rickner, Robert) (Entered: 11/11/2022) |
| 11/11/2022 | 193 | STATUS REPORT *Stipulations of Fact and Law* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Attachments: # 1 Proposed Findings of Fact and Conclusions of Law) (Keane, Michael) (Entered: 11/11/2022) |

| 11/12/2022 | | ORDER re 192 Motion to Adjourn Conference. The request to adjourn the trial which was scheduled on June 16, 2022, to select the jury on November 23, 2022, and to begin on November 28, 2022, is respectfully denied. The court's trial schedule and other pending matters cannot accommodate the adjournment request. Ordered by Judge Kiyo A. Matsumoto on 11/12/2022. (SW) (Entered: 11/12/2022) |
|---|---|---|
| 11/16/2022 | 194 | MOTION to Appear by Telephone/Video *on behalf of defendant Commissioner Annucci* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/16/2022) |
| 11/16/2022 | | ORDER denying 194 Motion to Appear by Telephone/Video. Defendants' motion for Defendant Anthony J. Annucci to appear by video for his trial testimony is respectfully denied. *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020)("Under Federal Rule of Civil Procedure 43(a), 'the judge has discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards.'"). Plaintiff is entitled to have the witness cross-examined in open court and the jury is best served by being able observe Defendant Annucci's demeanor during direct and cross-examination. *Teller v. Helbrans*, No. 19-cv-3172-SJB, 2019 WL 3975555, at *2 (E.D.N.Y. Aug. 21, 2019)("The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." (quoting Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment)). Ordered by Judge Kiyo A. Matsumoto on 11/16/2022. (LW) (Entered: 11/16/2022) |
| 11/18/2022 | | Minute Order for proceedings held before Judge Kiyo A. Matsumoto: granting in part and denying in part 176 Motion *in Limine*; granting in part and denying in part 181 Motion *in Limine*; Final Pretrial Conference held on 11/18/2022. Robert Rickner, Esq. for Plaintiff; Michael Keane, Esq. and Rebecca Durden, Esq. for Defendants. The Defendants' motions *in limine* 176 and Plaintiff's motions *in limine* 181 were discussed. The Court ruled on the parties' motions *in limine* and discussed trial logistics.<br><br>For the reasons stated on the record:<br><br>(1) Defendants' motion 176 to preclude Plaintiff from offering speculation that he would have been relieved of post-release supervision ("PRS") or at liberty, given Penal Law § 70.45 and his sentences imposed by courts in the federal system and in the State of Virginia, is GRANTED. No parties may offer speculative arguments. Thus, Defendants are also precluded from offering speculation that Plaintiff would not have been relieved of post-release supervision or at liberty, had Defendants timely sought resentencing.<br><br>(2) Defendants' motion 176 to permit Defendants to introduce evidence as to Plaintiff's sentences imposed by courts in the federal system and in the State of Virginia is GRANTED, only to the extent that the sentences were imposed prior to June 12, 2007, when Plaintiff commenced serving as a result of Defendants' unlawful imposition of PRS. As to Defendants' request to "introduce evidence as to Penal Law § 70.45," and despite Defendants' failure to include any argument or analysis in their motions, the parties may submit briefing by November 21, 2022, at 12:00 p.m., regarding the relevance of Penal Law § 70.45 to punitive damages.<br><br>(3) Defendants' motion 176 to permit Defendants to argue that they were not the cause of any damages Plaintiff claims and to introduce evidence of the positions taken by District Attorneys and State courts as to PRS is DENIED.<br><br>(4) Defendants' motion 176 to permit Defendants to introduce evidence that Plaintiff would have been incarcerated or would have been serving terms of supervision in any |

event, even if Plaintiff had not been serving PRS in New York, is DENIED.

(5) Defendants' motion 176 to require Plaintiff to bear the burden of proof that his life would have been different had he been resentenced at an earlier date is DENIED.

(6) Defendants' motion 176 to permit Defendants to offer evidence of Plaintiff's criminal and parole history, including Plaintiff's criminal convictions and parole violations in New York, Virginia, and the federal system; AND

(7) Plaintiff's motion 181 to exclude Plaintiff's criminal history, specifically to limit the use of the history for impeaching Plaintiff, is DENIED IN PART and GRANTED IN PART. The motions with respect to Plaintiff's criminal history will be resolved by the parties submitting Amended Stipulations of Facts and Law that may be marked as an exhibit and read into the trial record if authorized by the Court. The parties are to amend their prior Stipulations of Facts and Law 193 to omit Plaintiff's criminal history after June 12, 2007. The parties shall include the Amended Stipulations of Facts and Law in the Final Joint Pre-Trial Order.

(8) Plaintiff's motion 181 to order Defendants to limit their witness list is GRANTED. Defendants are to review and amend their witness and exhibit lists as set forth in the previously submitted Proposed Joint Pre-Trial Order 168 and meet and confer with Plaintiff to submit a FINAL Joint Pre-Trial Order by November 21, 2022 at 12:00 p.m. Defendants are ordered to provide the Court and Plaintiff's counsel with copies of its previously produced Rule 26 disclosures by November 19, 2022, no later than 5:00 p.m. The parties are advised that any witness not disclosed in their Rule 26 disclosures or during discovery will not be permitted to testify at trial, if opposing party objects.

In summary, by November 21, 2022 at 12:00 p.m., the parties are to submit (1) additional briefing on the introduction of Penal Law § 70.45 as evidence and its relevance to punitive damages; (2) a Final Joint Pre-Trial Order with (a) Amended Stipulations of Facts and Law, and (b) Amended Witness and Exhibit Lists. By November 19, 2022, at 5:00 p.m., Defendants must provide copies of their previously produced Rule 26 disclosures to facilitate the submission of an updated and accurate Final Joint Pre-Trial Order.

By November 21, 2022 at 12:00 p.m., the parties shall also provide the Court with two copies of all UPDATED exhibits, pre-marked for identification (Plaintiff is to use numbers; Defendants are to use letters), which each party intends to offer in evidence at trial, including: (i) each item of physical or documentary evidence; (ii) any learned treatises or publications to be introduced pursuant to Federal Rule of Evidence 803(18); and (iii) any disc upon which the exhibits have been recorded in digital form, if the party intends to present the evidence at trial digitally. The previously submitted Proposed Joint Pre-Trial Order does not indicate that transcripts of audio or video recordings will be offered either as substantive evidence or aids to the Court. The parties are respectfully ordered to deliver their trial materials by FedEx overnight or by messenger, to the Court's chambers by November 21, 2022 at 12:00 p.m.

(Court Reporter Linda Marino) (LW) (Entered: 11/18/2022)

| 11/20/2022 | 195 | NOTICE of Appearance by Stephanie Panousieris on behalf of Jesus Santiago (aty to be noticed) (Panousieris, Stephanie) (Entered: 11/20/2022) |
| 11/21/2022 | 196 | MOTION for Extension of Time to File by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 11/21/2022) |

| 11/21/2022 | 197 | MOTION in Limine *re Punitive Damages* by Jesus Santiago. (Attachments: # 1 Exhibit Ex. A - Annucci Testimony Excerpt) (Rickner, Robert) (Entered: 11/21/2022) |
| 11/21/2022 | 198 | MEMORANDUM in Support *of relevance of Penal Law 70.45 to Defendants' testimony.endants' testimony* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Attachments: # 1 Exhibit A) (Keane, Michael) (Entered: 11/21/2022) |
| 11/21/2022 | | ORDER granting 196 Motion for Extension of Time to File. Extension to submit final stipulations, a final joint pre-trial order, and two binders of final exhibits by 5:00 p.m. today is GRANTED. Ordered by Judge Kiyo A. Matsumoto on 11/21/2022. (LW) (Entered: 11/21/2022) |
| 11/21/2022 | 199 | Witness List by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 11/21/2022) |
| 11/22/2022 | 200 | STATUS REPORT by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 11/22/2022) |
| 11/22/2022 | 201 | Proposed Findings of Fact by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 11/22/2022) |
| 11/23/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Jury Selection held on 11/23/2022. Robert Rickner, Esq. for Plaintiff and Stephanie Panousieris, Esq.; Michael Keane, Esq. and Rebecca Durden, Esq. for Defendants. All parties were present. Case called. Jury selected and dismissed. Jury trial is scheduled to begin on November 28, 2022 at 9:00 a.m. in Courtroom 6C South before Judge Matsumoto. (Court Reporter Georgette Betts.) (SW) (Entered: 11/23/2022) |
| 11/25/2022 | 202 | ORDER denying 198 Defendants' Motion *in Limine*. For the reasons set forth in the attached Memorandum and Order, the Court DENIES Defendants' request to "introduce evidence as to Penal Law § 70.45," its legislative history, and subsequent amendments at trial. Ordered by Judge Kiyo A. Matsumoto on 11/25/2022. (LW) (Entered: 11/25/2022) |
| 11/28/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Jury Trial held on 11/28/2022. Case Called. All jurors were present. opening statements heard from both sides. Witnesses entered and testified. Exhibits entered, and both sides rested. Jury trial to be continued on 11/29/22 at 9:00am. (Court Reporter Michele Lucchese.) (SW) Modified on 11/29/2022 (SW). (Entered: 11/28/2022) |
| 11/28/2022 | | ORDER ON DEFENDANTS' MOTION TO PRECLUDE PUNITIVE DAMAGES. The Court respectfully denies Defendants' motion to preclude punitive damages, based on the evidence in the record, the decisions of the Second Circuit, and this Court's prior rulings. Ordered by Judge Kiyo A. Matsumoto on 11/28/2022. (LW) (Entered: 11/28/2022) |
| 11/28/2022 | 203 | Proposed Jury Instructions. The attached proposed jury instructions are marked as Court Exhibit 1. Ordered by Judge Kiyo A. Matsumoto on 11/28/2022. (LW) (Entered: 11/28/2022) |
| 11/28/2022 | 204 | Proposed Verdict Form. The attached proposed verdict sheet is marked as Court Exhibit 1A. Ordered by Judge Kiyo A. Matsumoto on 11/28/2022. (LW) (Entered: 11/28/2022) |
| 11/29/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Charging Conference held on 11/29/2022. Robert Rickner, Esq. for Plaintiff and Stephanie Panousieris, Esq.; Michael Keane, Esq. and Rebecca Durden, Esq. for Defendants. All parties were present. (Court Reporter Leeann Musolf.) (SW) (Entered: 11/29/2022) |
| 11/29/2022 | 205 | Final Jury Charge and Verdict Sheet. The attached Jury Charge is marked as Court Exhibit 2 and the attached Verdict Form is marked as Court Exhibit 2A. Both court |

| | | |
|---|---|---|
| | | exhibits reflect changes from the 11/29/22 charging conference. (Attachments: # 1 Verdict Form Court Exhibit 2A) (LW) (Entered: 11/29/2022) |
| 11/29/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Jury Trial held on 11/29/2022.Robert Rickner, Esq. for Plaintiff and Stephanie Panousieris, Esq.; Michael Keane, Esq. and Rebecca Durden, Esq. for Defendants. All jurors present. Closing arguments heard from both sides. Jury charged and deliberations began. Jury deliberations to be continued on 11/30/2022 at 9:00am. (Court Reporter Leeann Musolf.) (SW) (Entered: 11/29/2022) |
| 11/30/2022 | 206 | Court Exhibit and Witness List. (SW) (Entered: 11/30/2022) |
| 11/30/2022 | 207 | Jury Notes (SW) (Entered: 11/30/2022) |
| 11/30/2022 | 208 | JURY VERDICT. (SW) (Entered: 11/30/2022) |
| 11/30/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Jury Trial completed on 11/30/2022. Appearances: Robert Rickner, Esq. for Plaintiff and Stephanie Panousieris, Esq.; Michael Keane, Esq. and Rebecca Durden, Esq. for Defendants. Jury Trial completed on 11/30/22. Case called. All jurors present. The jurors continued their deliberations. Verdict returned for the Plaintiff against Defendants for compensatory and punitive damages. The jury was polled and dismissed. Defendants orally renewed their Federal Rule Civil Procedure 50 motion to dismiss Plaintiffs claim of punitive damages, and requested an extension of time to submit their supporting papers. The motion is deemed made and the Court scheduled briefing as follows: Defendants shall serve but not file their motion papers on Plaintiff by January 12, 2023; Plaintiff shall serve, but not file, its response on Defendants by February 13, 2023; Defendant shall serve a reply on Plaintiff, if any, by February 20, 2023. On that date, parties shall file the entire set of motion papers in logical order on ECF and send two courtesy copies by FedEx or messenger to Chambers.(Court Reporter Michele Luchese.) (SW) (Entered: 11/30/2022) |
| 11/30/2022 | 209 | JUDGMENT in favor of Jesus Santiago against Anthony J. Annucci, Brian Fischer, Terrence X. Tracy.Ordered by Judge Kiyo A. Matsumoto on 11/30/2022. (SW) (SW). (Entered: 11/30/2022) |
| 11/30/2022 | 210 | Consent MOTION for Extension of Time to File *Any Application for Costs and Fees* by Jesus Santiago. (Rickner, Robert) (Entered: 11/30/2022) |
| 12/07/2022 | | ORDER granting 210 Motion for Extension of Time to File a motion for costs and fees under 42 U.S.C. § 1988 and costs underFederal Rule of Civil Procedure 54 and Local Civil Rule 54.1. Ordered by Judge Kiyo A. Matsumoto on 12/7/2022. (SW) (Entered: 12/07/2022) |
| 12/28/2022 | 211 | MOTION for New Trial , MOTION for Judgment as a Matter of Law by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 12/28/2022) |
| 12/28/2022 | 212 | Letter *re briefing and motion schedule* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 12/28/2022) |
| 02/20/2023 | 213 | MEMORANDUM in Support re 211 MOTION for New Trial MOTION for Judgment as a Matter of Law *pursuant to Federal Rules 50 and 59* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 02/20/2023) |
| 02/20/2023 | 214 | MEMORANDUM in Opposition re 211 MOTION for New Trial MOTION for Judgment as a Matter of Law filed by Jesus Santiago. (Rickner, Robert) (Entered: 02/20/2023) |
| 02/20/2023 | 215 | RESPONSE in Opposition re 211 MOTION for New Trial MOTION for Judgment as a Matter of Law *Reply Memorandum* filed by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. (Keane, Michael) (Entered: 02/20/2023) |

Eastern District of New York - LIVE Database 1.7 (Revision 1.2)

| 02/21/2023 | 216 | NOTICE of Appearance by Joel Abbott Wertheimer on behalf of Jesus Santiago (aty to be noticed) (Wertheimer, Joel) (Entered: 02/21/2023) |
|---|---|---|
| 03/24/2023 | 217 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/28/2023, before Judge Kiyo A. Matsumoto. Court Reporter/Transcriber Michele Lucchese, Telephone number 718-613-2272. Email address: MLuccheseEDNY@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/14/2023. Redacted Transcript Deadline set for 4/24/2023. Release of Transcript Restriction set for 6/22/2023. (Lucchese, Michele) (Entered: 03/24/2023) |
| 03/24/2023 | 218 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/30/2023, before Judge Kiyo A. Matsumoto. Court Reporter/Transcriber Michele Lucchese, Telephone number 718-613-2272. Email address: MLuccheseEDNY@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/14/2023. Redacted Transcript Deadline set for 4/24/2023. Release of Transcript Restriction set for 6/22/2023. (Lucchese, Michele) (Entered: 03/24/2023) |
| 03/28/2023 | 219 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11-29-2022, before Judge Kiyo A. Matsumoto. Court Reporter/Transcriber Leeann Musolf, Telephone number (718) 613-2489. Email address: leeann_musolf@nyed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/18/2023. Redacted Transcript Deadline set for 4/28/2023. Release of Transcript Restriction set for 6/26/2023. (Musolf, Leeann) (Entered: 03/28/2023) |
| 04/04/2023 | 220 | Letter *regarding controlling authority in Second Circuit oling* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Attachments: # 1 Exhibit A - Vincent decision) (Keane, Michael) (Entered: 04/04/2023) |
| 04/04/2023 | | ORDER. The Court is in receipt of Defendants' letter 220 . The parties are respectfully directed to provide supplemental briefing, no longer than three pages, on how the Second Circuit's recent decision in *Vincent v. Annucci*, No. 21-22, __ F.4th __, 2023 WL 2604235 (2d Cir. Mar. 23,2023) impacts the outstanding post-trial motions. The deadline for any supplemental briefing is Thursday, April 6, 2023 5:00 PM. Ordered by Judge Kiyo A. Matsumoto on 4/4/2023. (LW) (Entered: 04/04/2023) |
| 04/06/2023 | 222 | TRIAL BRIEF *re the Vincent Decision* by Jesus Santiago (Rickner, Robert) (Entered: 04/06/2023) |
| 04/06/2023 | 223 | Letter *regarding VIncent effect on new trial* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 04/06/2023) |
| 04/16/2023 | 224 | ORDER denying 211 Motion for New Trial; denying 211 Motion for Judgment as a Matter of Law. For the reasons set forth in the attached Memorandum and Order, the Court respectfully denies the Defendants' motions pursuant to Rule 50(b) and 59. The Court directs the parties to confer regarding the award of pre-judgment interest, costs, and attorneys' fees and to jointly report to the Court via ECF within thirty days of this |

| | | decision. Ordered by Judge Kiyo A. Matsumoto on 4/16/2023. (LW) (Entered: 04/16/2023) |
| --- | --- | --- |
| 05/16/2023 | 225 | NOTICE OF APPEAL as to 224 Order on Motion for New Trial,,, Order on Motion for Judgment as a Matter of Law,, 209 Judgment by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy. Filing fee $ 505, receipt number ANYEDC-16706092. (Keane, Michael) (Entered: 05/16/2023) |
| 05/17/2023 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 225 Notice of Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 05/17/2023) |
| 05/17/2023 | 226 | Letter *(joint report from parties)* by Anthony J. Annucci, Brian Fischer, Terrence X. Tracy (Keane, Michael) (Entered: 05/17/2023) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 05/26/2023 12:19:30 | | |
| **PACER Login:** | greenwab | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-02137-KAM-ST |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JESUS SANTIAGO,

                    Plaintiff,

                                        **MEMORANDUM AND ORDER**

    -against-
                                        12-cv-2137 (KAM) (ST)

ANDREW M. CUOMO, *et al.*,

                    Defendants.
---------------------------------X

**MATSUMOTO, United States District Judge:**

          Plaintiff Jesus Santiago alleges that state officials
and officers violated his civil rights when they enforced a term
of post-release supervision ("PRS") that had been
administratively added to a custodial sentence.  Before the
court are the parties' cross-motions for summary judgment, as
well as the defendants' motion to dismiss plaintiff's § 1983
claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For
the reasons stated below, the court grants in part and denies in
part the parties' motions for summary judgment.  The court
partially grants defendants' motion for summary judgment and
dismisses all defendants except Anthony J. Annucci, Brian
Fischer, and Terrence X. Tracy, and dismisses plaintiff's state
law claims for lack of jurisdiction.  The court denies
defendant's motion for summary judgment for defendants Annucci,
Fischer, and Tracy for the period June 12, 2007 to February 6,

2008.  The court grants plaintiff's motion for summary judgment on the liability of defendants Annucci, Fischer, and Tracy for the period June 12, 2007 to February 6, 2008.

## Background

### A.  Litigation Concerning Post-Release Supervision

This is the rare case in which many of the issues presented by the parties have been extensively litigated before other district courts in New York, and before the Second Circuit.  *See, e.g.*, *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006) ("*Earley I*"), *reh'g denied*, 462 F.3d 147 (2d Cir. 2006) ("*Earley II*"); *Vincent v. Yelich*, 718 F.3d 157, 173 (2d Cir. 2013); *Betances v. Fischer* ("*Betances II*"), 837 F.3d 162, 165 (2d Cir. 2016).  The court refers to those decisions for a detailed discussion of the factual and legal issues surrounding the administrative imposition of PRS, and highlights only the key holdings applicable to this action.

Jena's Law, enacted in 1998 and codified in part as New York Penal Law Section 70.45(1), mandated that "[e]ach determinate sentence [of incarceration] also includes, as a part thereof, an additional period of post-release supervision."  N.Y. Penal Law § 70.45(1) (2005).  Despite Jena's Law, the Second Circuit has noted that "some [State] judges did not pronounce PRS terms during sentencing proceedings" and

"[i]nstead of bringing the failure to the attention of the sentencing court, [the Department of Correctional Services ("DOCS")] simply added the PRS term administratively." *Betances II*, 837 F.3d at 165. In such cases, "the inmates began to serve their PRS terms under [Division of Parole ("DOP")] supervision," and "DOCS and DOP were authorized to reincarcerate an offender who, after a hearing, was found to have violated the conditions of release." *Id.*

In 2006, in *Earley I*, upon a habeas petition, the Second Circuit concluded that "the Constitution forbids DOCS from modifying a sentence imposed by a judge," including in cases where DOCS had administratively modified a sentence to add a period of PRS where such a term was mandated by Section 70.45(1), but had not been imposed by a sentencing judge. *Id.* (citing *Earley I*, 451 F.3d at 74-76). The Second Circuit declared any term of PRS administratively added to a sentence but not imposed by a judge to be a "nullity," *id.* at 166 (citing *Earley I*, 451 F.3d at 76), and remanded the case for the district court's determination of whether Earley's habeas petition was timely. If so, the district court was to "issue a writ of habeas corpus excising the term of post-release supervision from Earley's sentence and relieving him of any

subsequent penalty or other consequences of its imposition."
*Id.* (citing *Earley I*, 451 F.3d at 76-77.)

Notwithstanding *Earley I*, however, "[state] courts
were inconsistent in adhering to *Earley I's* holding," and
officials at the DOCS and DOP did not take "significant steps
towards compliance with *Earley I*" until 2008, when the New York
Court of Appeals ruled in *People v. Sparber* and *Garner v. New
York State Dep't of Corr. Svs.* that "state law required [a
sentencing] judge to pronounce the term of PRS orally at
sentencing." *See Betances*, 837 F.3d at 167, 169 (describing
Court of Appeals decisions in *Sparber*, 889 N.E.2d 459 (N.Y.
2008) and *Garner*, 889 N.E. 2d 467 (N.Y. 2008)). Also in 2008,
the New York legislature "codified a process for resentencing
individuals with unpronounced PRS terms," which "required DOCS
and DOP to notify courts if they had custody of or supervision
over a defendant with an administratively imposed PRS term and
permitted the sentencing court . . . to resentence the
defendant . . . ." *Id.* at 170 (describing New York Correction
Law § 601-d).

The Second Circuit concluded that administrative
imposition of PRS was not clearly unlawful for qualified
immunity purposes until the Second Circuit's decision in *Early
II*, which denied defendant's motion for rehearing, on August 31,

2006. *Id.* at 172. After *Early II*, however, state officials were on notice that the practice of non-judicial PRS was unconstitutional, and "the State was required either to have [persons on whom PRS had been imposed administratively] resentenced by the court for the imposition of PRS terms in a constitutional manner or to excise the PRS conditions from their records and relieve them of those conditions." *Vincent*, 718 F.3d at 172; *see Santiago v. Fischer*, 09-cv-1383, 2016 WL 1118448, at *5 (E.D.N.Y. Mar. 21, 2016) (discussing the distinction between the holdings in *Scott v. Fischer* and *Vincent v. Yelich*). The Second Circuit also made clear that DOCS had a "constitutional obligation to at least attempt to cease its administrative and custodial enforcement of PRS terms that had been held unlawful under *Earley I*." *Betances II*, 837 F.3d at 171 (quoting *Vincent*, 718 F.3d at 172-73) (internal quotation marks omitted). In *Betances II*, the Second Circuit determined that Anthony J. Annucci, at relevant times the Executive Deputy Commissioner of and Counsel to DOCS, Brian Fischer, the Commissioner of DOCS, and Terence X. Tracy, the Chief Counsel for DOP, "were responsible for designing and implementing their departments' response to *Earley I*," but "did not make an objectively reasonabl[e] effort to relieve [plaintiffs] of the burdens of those unlawfully imposed terms after [they] knew it

had been ruled that the imposition violated federal law," and,
therefore, were not entitled to qualified immunity. *Id.* at 167,
174 (internal quotation marks and citations omitted).

## A.   Plaintiff's PRS Term

On April 22, 2004, plaintiff entered DOCS custody on a
sentence of three-and-one half years confinement for a class C
felony of Criminal Possession of a Weapon in the Second Degree.
(*See* Declaration of Steven H. Philbrick ("Philbrick Decl."), ECF
81 at ¶ 51; Sentence and Order of Commitment, ECF No. 12-3
(original sentence of January 2, 2002, indicating *nunc pro tunc*
sentence received by DOCS on April 22, 2004).)  The sentencing
judge did not impose a term of post-release supervision on
plaintiff.  (Sentence and Order of Commitment; Re-sentencing
Order of Dec. 15, 2010 ("Re-sentencing Order"), Philbrick Decl.
Ex. E at 1 (reviewing original sentencing records.))
Nevertheless, on November 7, 2004, after completing his sentence
of imprisonment, Mr. Santiago was released to DOP custody to
begin a five-year period of PRS.  (Philbrick Decl. at ¶ 52.)  In
2005, Mr. Santiago left New York state and was deemed to have
absconded from parole.  (*Id.* at ¶ 53; Declaration of Craig
Mausler, ECF No. 90 at ¶¶ 2-3, Ex. A at 1.)  On April 3, 2007,
DOP was notified that Mr. Santiago had been arrested in Virginia

on "local charges." (Parolee Chrono Report ("Chrono Report"),
Philbrick Decl. Ex. C at 15.)

On June 12, 2007, Mr. Santiago waived extradition and
was transferred from Virginia to New York. (*Id.* at 14.)
Mr. Santiago was charged with violating the terms of his parole,
and was returned to DOCS supervision to serve a 12-month
"assessment" in custody. (Philbrick Decl. at ¶ 55.)

Mr. Santiago was released to parole supervision on
January 31, 2008. (*Id.* at 56; Chrono Report at 12.)
Mr. Santiago failed to report to his parole officer on February
6, 2008 and was deemed to have absconded. (Chrono Report at
12.) DOP was notified on April 23, 2008 that plaintiff had been
arrested in Virginia. (Philbrick Decl. at ¶ 59; Chrono Report
at 10.)

Mr. Santiago was transferred from Virginia state
custody to federal custody in West Virginia on February 22,
2010, pursuant to a federal detainer. (Chrono Report at 3
(entry for May 17, 2010.)) He was extradited from federal
prison in West Virginia to New York on September 14, 2010. (*Id.*
at 2) On October 1, 2010, Mr. Santiago's parole was revoked for
violating his PRS conditions, and he was ordered to serve a 38-
month custodial term. (Philbrick Decl. at ¶ 62; Chrono Report
at 1.) On September 27, 2010, DOP referred plaintiff to King's

County Supreme Court for possible resentencing, having

determined that plaintiff's "original sentence and commitment

document . . . contained no reference to a period of PRS" and

that Parole did not "have a copy of the sentencing minutes

within its files to confirm whether the period of PRS was

pronounced by the Court at the time of sentencing." (Notice

Pursuant to Correction Law 601-d, Philbrick Decl. Ex. D at 1.)

On December 15, 2010, the King's County Supreme Court declined

to resentence plaintiff, because the court concluded that there

had been "no discussion or agreement concerning post release

supervision as part of the Defendant's sentence reflected

anywhere in the [initial sentencing] proceedings[.]"

(Resentencing Order at 1.)  Plaintiff was released from DOCS

custody on December 16, 2010, but owed time to the State of

Virginia from the time he was returned to New York from Virginia

in 2010.  (Philbrick Decl. ¶¶ 63, 67.)

**B.  Procedural History**

          Plaintiff filed his initial complaint on May 1, 2012,

and an amended complaint on June 4, 2012.  The action was stayed

pending the Second Circuit's ruling in *Betances v. Fischer*,

which was issued on June 4, 2013, and which affirmed the

district court's denial of a motion to dismiss.  *Betances v.*

*Fischer* ("*Betances I*"), 519 Fed. App'x 39, 41 (2d Cir. 2013)

(summary order) (consolidating appeal with *Vincent*, 718 F.3d at
157, and denying motion to dismiss on grounds of qualified
immunity).  The parties in the instant action filed motions for
summary judgment, which were fully briefed on July 27, 2015.
This court terminated those motions pending the Second Circuit's
decision on the appeal of the summary judgment in *Betances*.  On
September 16, 2016, the Second Circuit issued its ruling in
*Betances II*, and this court ordered briefing on the instant
motions.

### STANDARD OF REVIEW

Summary judgment is proper only when, construing the
evidence in the light most favorable to the non-movant, "the
movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a); *see also Redd v. N.Y. Div. of Parole*, 678
F.3d 166, 174 (2d Cir. 2012).  The role of the court is "not to
weigh the evidence and determine the truth of the matter but to
determine whether there is a genuine issue for trial." *Cioffi
v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162
(2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 249 (1986)) (internal quotation marks omitted).  "A
genuine issue of fact for trial exists where there is 'evidence
on which the jury could reasonably find for'" the non-moving

party.  *Id.* (quoting *Liberty Lobby*, 477 U.S. at 252).  To defeat
a motion for summary judgment, the non-movant must identify
probative evidence on the record from which a reasonable
factfinder could find in its favor.  *Liberty Lobby*, 477 U.S. at
256–57.  That is, the non-movant must make a showing of
sufficient evidence of a "claimed factual dispute as to require
a judge or jury's resolution of the parties' differing versions
of the truth."  *Senno v. Elmsford Union Free Sch. Dist.*, 812 F.
Supp. 2d 454, 468 (S.D.N.Y. 2011) (citing *Kessler v. Westchester
Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006)).
Summary judgment "therefore requires the nonmoving party to go
beyond the pleadings and by her own affidavits, or by the
depositions, answers to interrogatories, and admissions on file,
designate specific facts showing that there is a genuine issue
for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)
(internal quotation  marks omitted).

**APPLICABLE LAW**

**A. Section 1983**

To state a claim under § 1983, a complaint must allege
that a state actor, or a private party acting under color of
law, "deprived the plaintiff of a right guaranteed under the
Constitution of the United States."  *Snider v. Dylag*, 188 F.3d
51, 53 (2d Cir. 1999) (citation omitted).  "Section 1983 is not

itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citations omitted).

"[I]n order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia,* the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven,* 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted); *see Betances v. Fischer*, 144 F. Supp. 3d 441, 456 (S.D.N.Y. 2015), *aff'd* 837 F.3d 162 (2d Cir. 2016).  A plaintiff can establish that a defendant was personally involved in a constitutional deprivation by, *inter alia*, showing that the defendant created a "policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom."  *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995)).[1]

---

[1] The Second Circuit has recognized that *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), may have limited certain aspects of *Colon* by "heighten[ing] the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations."  *Grullon*, 720 F.3d at 139.  As other district courts in the Second Circuit have concluded, *Iqbal* does not disturb *Colon's* rule that a defendant may be liable under § 1983 for creating, or allowing the continuation of, an unconstitutional policy or custom.  *Betances*, 144 F. Supp. 3d at 449 n.48; *Hill v. Laird*, No. 06-CV-0126(JS)(ARL), 2016 WL 3248332, at *6 (E.D.N.Y. June 13, 2016) (listing cases); *Spear v. Hugles,* No. 08 Civ. 4026, 2009 WL 2176725, at *2 (S.D.N.Y.

**B. Qualified Immunity**

On summary judgment, qualified immunity is denied to a government official "if (1) the facts taken in the light most favorable to the officials establish a violation of a constitutional right; and (2) the officials' actions violated clearly established . . . rights of which a reasonable person would have known." *Betances II*, 837 F.3d at 171 (internal quotation marks and citations omitted); *Taylor v. Barkes,* 135 S. Ct. 2042 (2015) ("Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." (quoting *Reichle v. Howards*, 131 S. Ct. 2088, 2093 (2012)). To be "clearly established," "existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle*, 131 S. Ct., at 2093 (internal citations and quotations omitted); *Anderson v. Recore,* 317 F.3d 194, 197 (2d Cir. 2003) (holding that a right is clearly established if, *inter alia*, "the Supreme Court or the Second Circuit has recognized the right"). Where a clearly established right is violated, officials may nonetheless be entitled to qualified immunity "if [] it was objectively reasonable for them to believe their acts did not violate those

---

July 20, 2009) (stating that the "policy or custom" factor from *Colon* has survived *Iqbal*)

rights." *Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007)

(internal quotation marks and citations omitted).

"Defendants bear the burden of establishing qualified

immunity." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015)

(citing *Vincent*, 718 F.3d at 166).

"If there is no dispute as to the material historical facts,

the matter of whether the officer's conduct was objectively

reasonable is an issue of law to be determined by the court."

*Zellner*, 494 F.3d at 367 (citations omitted); *Taravella v. Town

of Wolcott,* 599 F.3d 129, 134 (2d Cir. 2010) ("[A] conclusion

that the defendant official's conduct was objectively reasonable

as a matter of law may be appropriate where there is no dispute

as to the material historical facts") (internal quotation marks

and citations omitted).

## DISCUSSION

This decision proceeds by first addressing whether

plaintiff has made a cognizable claim under § 1983.  Next, the

court addresses the parties' arguments about whether, if such a

claim exists, plaintiff has sufficiently demonstrated the

"personal involvement" of each defendant.  After concluding that

all defendants but Annucci, Fischer, and Tracy must be dismissed

for lack of personal involvement, the court turns to the

parties' arguments concerning personal involvement and qualified

immunity for those three defendants.  Finally, the court
addresses plaintiff's state law claims, concluding that it does
not have jurisdiction over those claims.

## I.  Plaintiff's § 1983 Claim[2]

Defendants argue that they are entitled to summary
judgment on plaintiff's claim under § 1983 because defendants
acted in an objectively reasonable manner, and because plaintiff
"suffered no injury."  (Memorandum of Law in Support of
Defendants' Motion Pursuant to Fed. R. Civ. P. Rules 12(b)(6)
and 56 ("Def. Mot.") at 11, 13.)  Conversely, plaintiff moves
for summary judgment on the ground that the administrative
imposition and enforcement of PRS was unconstitutional
subsequent to *Earley I.*

## A. False Imprisonment

"A Fourth Amendment claim of false imprisonment
brought under 42 U.S.C. § 1983 is substantially the same as a
false imprisonment claim under New York State law . . . .  To

---

[2] In his Amended Complaint, plaintiff alleges a deprivation of
civil rights pursuant to § 1983, but also references 18 U.S.C.
§§ 1985(2) – (3) and 1985, which create causes of action for,
*inter alia*, conspiracies to obstruct justice and to deprive a
person of rights or privileges, and negligence for failure to
prevent such conspiracies.  (Amended Complaint ("Am. Compl."),
ECF No. 12, ¶ 83. (citing 18 U.S.C. §§ 1985 (2), (3), 1986.))
Plaintiff does not appear to allege a conspiracy in the Amended
Complaint, and does not address any conspiracy claims in his
moving papers.  The court therefore proceeds by analyzing this
claim under § 1983.

state a claim for false imprisonment, a plaintiff must allege:
(1) the defendant intended to confine the plaintiff, (2) the
plaintiff was conscious of the confinement, (3) the plaintiff
did not consent to the confinement, and (4) the confinement was
not otherwise privileged." *Greenaway v. Cty. of Nassau*, 97 F.
Supp. 3d 225, 233 (E.D.N.Y. 2015) (quoting *Weyant v. Okst*, 101
F.3d 845, 852-53 (2d Cir. 1996).  Probable cause is a complete
defense to a claim of false imprisonment.  *Id.*

        Defendants argue that their conduct was privileged,
citing the New York State Court of Appeals decision *Donald v.
State* for the proposition that DOCS's actions after *Earley* were
"objectively reasonable."  (Def. Mot. at 11-12 (citing *Donald*,
17 N.Y.3d 389, 396 (2011).)  Defendants, however,
mischaracterize *Donald*, which is a case concerning the immunity
of New York State.  *See Donald*, 17 N.Y.3d at 395-96 (explaining
that DOCS's exercise of discretion in the wake of *Earley*, even
if "mistaken[]," "cannot be a basis for state liability.").
*Donald* does not stand for the proposition that the actions of
individual defendants – specifically Annucci, Fischer, and Tracy
– were "objectively reasonable," and it is therefore inapposite.
Furthermore, as discussed further below, the Second Circuit has
already determined that these same three officials acted in an
objectively unreasonable manner as a matter of law in rejecting

the defendants' qualified immunity defense in *Betances II*.  *See* 837 F.3d at 174.  Defendants' enforcement of administrative PRS on plaintiff was therefore not privileged.  *See Bentley v. Dennison*, 852 F. Supp. 2d 379, 398 (S.D.N.Y. 2012) (concluding that because it was "objectively unreasonable of defendants to continue enforcing administrative PRS without seeking resentencing for two years after *Earley*, defendants' re-incarceration of plaintiffs was not privileged" for purposes of a false imprisonment claim).

Defendants also argue that plaintiff cannot make out a false imprisonment claim because defendants could not "unilaterally release" plaintiff without "judicial intervention," and because until June 2008, there was no "formal mechanism to refer individuals for resentencings."  (Def. Mot. at 2, 12.)  Plaintiff, however, does not simply claim that defendants should have "unilaterally release[d]" him, but rather that "defendants failed to seek to remove Santiago's PRS or have him resentenced or otherwise released after the issuance of *Earley*."  (Am. Compl. at ¶ 77.)  As the Second Circuit made clear in *Betances II*, whether or not there was a "formal mechanism" to initiate resentencing, "the decision to review . . . records and notify state judges and district attorneys about defendants who needed to resentenced required no

cooperation from others.  If the district attorneys and judges
ultimately rejected compliance, the resentencings would not have
taken place, but the defendants would have satisfied their
obligation . . . ."[3]  837 F.3d at 174.  Thus, liability in this
case is not premised on defendants' failure to unilaterally
release plaintiff, but rather their failure to "make an
objectively reasonabl[e] effort to relieve plaintiffs of the
burdens" of administratively-imposed terms of PRS, despite
knowing that these terms "violated federal law."  *Id.* (internal
quotation marks and citations omitted).

**B.  Due Process**

        Defendant argues that plaintiff cannot make out a
"compensable" due process claim because he "suffered no injury
from any delay in referring him for resentencing," again
emphasizing that "at no time was he entitled, as a matter of due
process, to be relieved of PRS."  (Def. Mot. at 13-14.)
Defendants argue that "at most" their "conduct resulted in only
nominal injury to Plaintiff." (*Id.* at 13.)  As discussed,
however, the issue is not whether or not plaintiff was
"entitled . . . to be relieved of PRS," as defendants assert.
Rather, plaintiff claims that he suffered a compensable harm

---

[3] As discussed *infra*, in *Betances II* the Second Circuit was
specifically addressing the obligations of Annucci, Fischer, and
Tracy, who are also defendants to this action.

from defendants' failure to refer plaintiff for resentencing,
from defendants' active enforcement of an unconstitutional term
of PRS, which resulted in, *inter alia*, his extradition from
Virginia, charges that he violated the terms of his parole, his
incarceration in New York from June 2007 to January 31, 2008,
and return to New York parole supervision by February 1, 2008.
(*See* Am. Compl.)   Furthermore, defendants' argument that
plaintiff suffered no compensable harm ignores the possibility
that had defendants referred plaintiff for resentencing when he
was returned to DOC custody in 2007, the King's County Supreme
Court may have chosen not to impose a term of PRS.   Indeed, when
plaintiff was eventually referred for resentencing in 2010, the
court declined to impose a PRS term and released plaintiff.
(Resentencing Order at 1.)   A jury might well conclude that
plaintiff suffered a compensable injury on these facts, and
plaintiff has raised a triable issue of material fact on this
issue.   Similarly, defendants' claim that plaintiff failed to
mitigate his damages because he did not seek relief while
incarcerated goes to the triable issue of damages, and not
liability.   (*See* Def. Mot. at 14.)

## II.   PERSONAL INVOLVEMENT AND QUALIFIED IMMUNITY

The Amended Complaint names as defendants twenty-four
individuals in the caption, as well as unidentified "John Doe"

plaintiffs.  (Am. Compl. at p. 1.)  An additional defendant,
Mark Mentei, is named in the body of the Complaint, but is not
listed in the caption.[4]  (*Id.* at ¶ 9.)

Plaintiff moves for summary judgement against
defendants George B. Alexander, Anthony J. Annucci, Robert J.
Dennison, Anthony G. Ellis II, Andrea W. Evans, Brian Fischer,
Glenn S. Goord, Lucien J. LeClaire, Jr., Kevin G. Ludlow, Mark
Mentei, and Sally A. Thompson, all either officials or employees
of DOCS or DOP.  (Plaintiff's Memorandum of Law in Support of
Motion for Summary Judgment ("Pl. Mot."), ECF No. 78-2 at 1.)
With few exceptions, however, plaintiff's only reference to the
foregoing defendants is in the Amended Complaint, which merely
repeats the generic allegation that each defendant, regardless
of seniority, "was and is responsible for establishing and
enforcing DOCS's and DOP's policies with respect to PRS."  (*See*
Am. Compl. at pp. 3-5.)

Defendants move to dismiss plaintiff's claims against
defendants Ludlow, Elovich, Thompson, Arroyo, McCartney,
McKinney, Fleishman, Paredes, Stevenson, Mason, Johnson,

---

[4] There is no record that Mentei, who is identified in the
Amended Complaint as "Executive Director of DOP," was ever
served.  (*See* ECF Nos. 3, 4, 14 (entries regarding issuance of
summons.))  Defendants claim that Corrado, Zunno, LeClaire,
Goord, and Ellis were not served (*see* Def. Mot. at 2-3), but
summons issued for all five defendants (*see* ECF No. 14), and
Zunno returned an executed Waiver of Service (ECF No. 34).

Alvarez, Council, Corrado, and Zunno, on the grounds that these individuals were "non-policymaking" employees of the Division of Parole and that plaintiff has not alleged sufficient facts to show that these individuals were personally involved in any deprivation of constitutional rights.  (Def. Mot. at 2-3, 15.) In addition, defendants argue that certain members of the Board of Parole or parole supervisors[5] are entitled to absolute immunity to the extent they are being sued in their official capacities.  (Def. Mot. at 19.)

Defendants also argue that the other individual defendants, specifically Fischer, Annuci, LeClaire, Goord, Evans, Alexander, Tracy, Dennison, and Ellis, should be dismissed for lack of personal involvement, and further that "Evans and Alexander should be dismissed because they did not serve at any time relevant to the claims Plaintiff raises in this lawsuit."  (Def. Mot. at 3.)  Finally, defendants argue that any defendant deemed to have been personally involved in a constitutional violation should be entitled to qualified immunity.  (Def. Mot. at 17.)

For the reasons described below, the court dismisses this action as to all defendants except Annucci, Fischer, and Tracy for lack of personal involvement.

---

[5] Specifically, defendants Ludlow, Elovich, Thompson, Arroyo, McCartney, McKinney, Fleishman, Paredes, and Stevenson.

**A.    Goord and LeClaire**

In the Amended Complaint, plaintiff describes defendant Glenn S. Goord as the "Commissioner of DOCS from 1996 to August 30, 2006," and defendant Lucien J. LeClaire, Jr., as the "Acting Commissioner of DOCS from August 30 to December 31, 2006." (Am. Compl. at ¶¶ 5-6.)  As commissioner and acting commissioner of DOCS, Goord and LeClaire would have had supervisory authority over DOCS's policies.  *Betances*, 144 F. Supp. 3d at 456 ("As commissioners, [Goord and LeClaire] had the ultimate authority over DOCS policies.").  Nevertheless, "a defendant's supervisory authority is insufficient in itself to demonstrate liability under § 1983.  A defendant's personal involvement may be shown by evidence that," *inter alia*, "the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom." *Santiago*, 2016 WL 1118448, at *4 (citing *LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012); *Grullon*, 720 F.3d at 139).  In his summary judgment submissions, plaintiff has not submitted any evidence concerning the personal involvement of Goord or LeClaire in shaping DOCS policy subsequent to *Earley I*.  Furthermore, *Earley I* was issued on June 9, 2006, and rehearing was denied in *Earley II* on August 31, 2006, the day after LeClaire replaced Goord as Acting

Commissioner of DOCS.  Plaintiff has not submitted evidence, or
even alleged, that Goord was even aware of the *Earley* litigation
in the approximately three-month period between the Second
Circuit's decision in *Earley I* and his replacement by LeClaire.
Nor has plaintiff alleged that LeClaire was aware of, or
involved in, any policy response to *Earley I* during the four-
month period during which he served as Acting Commissioner of
DOCS.

As Judge Scheindlin noted in granting summary judgment
for Goord and LeClaire in *Betances*, "[a]t best . . . a
reasonable jury could find that Goord and LeClaire were
negligent in failing to take action to prevent a constitutional
injury.  Negligence, however, is not sufficient to support
section 1983 liability for a due process violation."  *Betances*,
144 F. Supp. 3d at 456.  Goord and LeClaire are therefore
dismissed from this action.

**B.  Ludlow, Elovich, Thompson, and Mason**

In his Rule 56.1 Statement, plaintiff asserts that
"[d]efendants Ludlow, Elovich and Thompson conducted a
conditional release-parole violation [] interview of Santiago"
and that "defendant Mason is also listed."  (Plaintiff's
Statement of Material Facts in Support of Summary Judgment ("Pl.
56.1"), ECF No. 78-1 at ¶ 12.)  In violation of Local Rule

56.1(d), plaintiff fails to cite to any evidence or source
concerning this interview, but he may be referencing a February
4, 2008 Parole Board Release Notice for Mr. Santiago, listing
DOP Commissioners Ludlow, Elovich, and Thompson.  (Am. Compl. at
¶¶ 14-16, 23; Parole Board Release Notice, ECF No. 12-14 at 2.)
Even inferring that, as DOP Commissioners, defendants Ludlow,
Elovich, and Thompson may have had some policy-making role,
plaintiff does not introduce any evidence – or make detailed
allegations – concerning the nature and extent of their
involvement, if any, in developing policies to respond to
*Earley I.*  As with defendants Goord and LeClaire, plaintiff has
failed to point to any evidence from which a fact-finder could
conclude that Ludlow, Elovich, and Thompson were personally
involved in a deprivation of plaintiff's constitutional rights.
Nor does plaintiff explain how defendant Mason, a Parole
Officer, would have been engaged in policy-making, or why his
mere presence at an interview with plaintiff would present a
question of fact concerning his liability for a violation of
plaintiff's rights.  The plaintiff's vague and conclusory
allegations are therefore insufficient to show the personal
involvement of defendants Ludlow, Elovich, Thompson, and Mason,
which would be required to defeat a motion for summary judgment.
*See Betances*, 144 F. Supp. 3d at 456 (discussing a similar

deficiency in the *Betances* plaintiffs' case with regard to Goord and LeClaire.)  The defendants' motion for summary judgment as to defendants Ludlow, Elovich, Thompson, and Mason is granted, and the claims against these defendants are dismissed.

## C.   **Evans, Alexander, and Dennison**

Defendants argue that Andrea W. Evans, identified in the Amended Complaint as "Chairwoman and Chief Executive Officer of DOP" (Am. Compl. at ¶ 8), should be dismissed for lack of personal involvement, and also assert that she "did not serve at any time relevant to the claims Plaintiff raises in this lawsuit" (Def. Mot. at 3).  Evans served as the Chairwoman of Parole from June 2009 to June 2013.  (Philbrick Decl. at ¶ 72.) Defendants, however, also identify her as a "policy-making official[]" from June 2007 and February 2008, the period during which plaintiff served a custodial term for violating his unconstitutional administratively-imposed term of PRS.  (*See* Def. Mot. at 16.)  Robert Dennison and George Alexander were Evans's predecessors, serving as Chairman of Parole from 2004 to April 2007 and from May 2007 to December 2008, respectively. (Philbrick Decl. at ¶ 72.)  Although the court might infer that the Chairwoman or Chairman of DOP would be involved in policymaking, plaintiff has not submitted any evidence that would enable a fact-finder to determine that Evans, Alexander,

or Dennison was personally involved in a constitutional deprivation.[6] *See Betances*, 144 F. Supp. 3d at 456 (granting summary judgment for certain defendants, including Evans, Alexander, and Dennison, because plaintiffs similarly failed to "offer . . . evidence of any personal involvement").  Given the lack of clarity and evidence as to the specific role Evans, Alexander, or Dennison played during the relevant period, the court will grant these defendants summary judgment and dismiss all three from this action.

## D.   Additional DOP Officials and Officers

Defendants Arroyo, McCartney, McKinney, Fleishman, Paredes, Stevenson, Johnson, Alvarez, Council, Corrado, Mentei, Ellis, and Zunno are DOP officials or Parole Officers.  Aside from the generic allegation that each of these individuals, regardless of seniority, was "responsible for establishing and enforcing DOCS's and DOP's policies with respect to PRS," plaintiff does not explain how they were personally involved in

---

[6] In *Hassell*, another case involving an administratively-imposed term of PRS, Judge Hellerstein of the Southern District denied Evans' motion for a judgment on the pleadings. *Hassell v. Fischer*, 96 F. Supp. 3d 370 (S.D.N.Y. 2015), *appeal pending*, No. 16-2835 (2d Cir. 2017).  The plaintiff in *Hassell* alleged that Evans, along with others, was involved in the DOP's policy response to *Earley I*. *Id.* at 374.  In contrast to the instant motion for summary judgment, however, on a motion for judgment on the pleadings, the allegations in a complaint are taken as true. *See id.*

violating his constitutional rights, or even whether any
individual was aware of *Earley I* and involved in the DOP's
policy response.[7]  *See Betances*, 144 F. Supp. 3d at 456 (granting
summary judgment to Evans, Mentei, Dennison, Ellis, and
Alexander on the same grounds).  The court grants summary
judgment to defendants Arroyo, McCartney, McKinney, Fleishman,
Paredes, Stevenson, Johnson, Alvarez, Council, Corrado, Mentei,
Ellis, and Zunno.

**E.  Fischer, Annucci, and Tracy**

In *Betances II*, the Second Circuit affirmed the
district court's conclusion that Fischer, Annucci, and Tracy
"did not make an objectively reasonable effort to relieve
plaintiffs of the burdens of those unlawfully imposed [PRS]
terms after they knew it had been ruled that the imposition
violated federal law."  *Betances II*, 837 F.3d at 174.
Notwithstanding *Betances II*, and just as they unsuccessfully
argued in that case, Fischer, Annucci, and Tracy contend that
they are entitled to summary judgment, first because plaintiff

---

[7] Certain defendants made entries on Mr. Santiago's Parolee
Chrono Report, but such entries, without more, would give a
factfinder no basis on which to conclude that these officers
were involved in the DOP's policy response to *Earley I* or were
even aware of the decision and its implications for parolees
such as Mr. Santiago.  (*See* Chrono Report, including entries
authored by or referencing Officers Paredes, Council, Arroyo,
and Zunno.)

has not established their personal involvement in any

constitutional violation, and second because they are entitled

to qualified immunity.  (Def. Mot. at 17-18; *see Betances*, 144

F. Supp. 3d at 450.)

   1. Personal Involvement

      Although plaintiff's submissions are non-specific and

vague as to the policy-making involvement of any named defendant

except Annuci,[8] this is the unusual case in which the Second

Circuit has already summarized the facts relevant to, and

addressed the precise issue presented by, the defendants'

summary judgment motion: whether they "were responsible for

designing and implementing their departments' response to *Earley*

*I*." *Betances II*, 837 F.3d at 167.  In affirming the district

court's grant of summary judgment on liability against Annucci,

Fischer, and Tracy, the Second Circuit described the roles

played by these three defendants, and implicitly concluded that

they participated in creating policies or customs "under which

---

[8] Plaintiff simply asserts that "the record leaves no doubt that
Annucci, Fischer, and Tracy were personally deeply involved in
designing, authorizing, and overseeing the DOCS and DOP policies
that violated plaintiff's rights." (Pl. Opp. at 5.)  The only
document plaintiff cites for support is an affirmation submitted
by Annucci in connection with a June 4, 2008 application for a
temporary restraining order and preliminary injunction to enable
the DOCS and DOP to "maintain . . . continued custody or
supervision" of individuals who were serving terms of
administratively-imposed PRS terms.  (Affirmation of Anthony
Annucci ("Annucci Aff."), ECF No. 12-1 at ¶ 4.)

unconstitutional practices occur[ed], or allow[ed] such
practices to continue." *See Betances*, 144 F. Supp. 3d at 449,
454-55 (describing personal involvement standard and concluding
that Annucci, Fischer, and Tracy were personally involved in
DOCS and DOP's policy response to *Earley I*); *Santiago*, 2016 WL
1118448, at *4 (citing *Grullon v. City of New Haven*, 720 F.3d
133, 139 (2d Cir. 2013)) (describing standard for personal
involvement in another PRS case). Specifically, the Second
Circuit explained that "[t]he three defendants became aware of
*Earley* I's holding at different times," and noted that Annucci,
despite "immediately under[standing] *Earley I*'s holding . . .
deliberately refused to change DOCS procedures to bring them
into compliance." *Betances II*, 837 F.3d at 167, 171. In fact,
"[i]n August 2006, Annucci emailed DOCS personnel to inform them
that . . . DOCS would not follow" *Earley I*. *Id.* In early
2007, Annucci arranged for DOCS personnel to manually review
inmate files to determine whether sentencing and commitment
orders reflected PRS terms, and flagged those that did not. *Id.*
at 169. Despite obtaining this information, Annucci did not
take steps to remove administrative PRS terms, or to seek
resentencing, until after the New York State Court of Appeals
decisions in *Garner* and *Sperber* in April 2008. *Id.* at 167-169;
(Annucci Aff. at ¶¶ 39-40 (describing review process)).

Fischer, as Commissioner of DOCS, "understood *Earley I's* holding
and agreed with Annucci's decision not to follow its holding."
*Betances II*, 837 F.3d at 167.  In fact, on July 2, 2007, Fischer
directed Annucci to respond to an inmate who asked about his
term of administratively-imposed PRS, and Annucci explained that
*Earley* was "contrary to state appellate case law," and that
"[w]hen state and federal courts reach different results
regarding state law, the state case law takes precedence over
federal case law in state court" until the Supreme Court
addresses the issue.  (July 2, 2007 Letter from Annucci to
Smith, ECF No. 12-12 at 1-2.)  With regard to defendant Tracy,
the Second Circuit, in *Betances*, citing extensively from Tracy's
deposition testimony in which he stated that he became aware of
and understood *Earley I* in late 2006, concluded that Tracy had
"affirmatively decided to continue DOP's former approach,"
whereby DOP would not investigate whether it was supervising a
parolee with an administrative PRS term, "in contravention of
*Earley I*."  *Betances II*, 837 F.3d at 168, 171.

2. Qualified Immunity

This court also concludes that Annucci, Fischer, and
Tracy are not entitled to qualified immunity for the period June
12, 2007 to February 6, 2008, during which time New York exerted
control over plaintiff through the extradition process for a

parole violation, plaintiff's confinement, and release into parole supervision, as a result of defendants' inaction. "Defendants bear the burden of establishing qualified immunity." *Garcia*, 779 F.3d at 92 (citing *Vincent*, 718 F.3d at 166).

The Second Circuit has already concluded that the "unconstitutionality of the administrative imposition or enforcement of postrelease conditions that were not judicially imposed" was "clearly establish[ed]" by *Early I*, which was decided on June 9, 2006. *Vincent*, 718 F.3d at 160. The Second Circuit has also established that, even in the light most favorable to the defendants, Annucci was aware of *Earley* and its implications by June 20, 2006 at the latest, Fischer by January 31, 2007 and Tracy by December 31, 2006,[9] but none of the defendants took "meaningful steps to bring their departments into compliance with *Earley I*" until 2008. *Betances II*, 837 F.3d at 172-73. The Second Circuit determined that this delay

---

[9] The court also noted that although Annucci understood *Earley I* when it was decided on June 20, 2006, he could reasonably have waited to take action until August 31, 2006, when the Second Circuit denied reconsideration in *Earley II*. *Betances*, 837 F.3d at 172. The court therefore set August 31, 2006 as the earliest day on which liability could be imposed on any defendant. *Id.* The Second Circuit instructed the district court to "engage in factfinding on remand to determine with more specificity the dates that Tracy and Fischer understood the holding of *Earley I*." *Id.* As described *supra*, such additional fact-finding is unnecessary in this case because the court concludes that Annucci, Fischer, and Tracy would be immune from liability for the period before June 12, 2007, when plaintiff was not in New York's custody.

was "objectively unreasonable." *Id.* The Second Circuit explained that "the three defendants [as here, Annucci, Fischer, and Tracy] decided not to comply with *Earley I* although they understood the meaning of its holding and that its holding applied to their departments . . . both DOCS and DOP continued to violate [*Earley*] retrospectively, by taking no steps to cease enforcing PRS terms that had been added to sentences by DOCS employees." *Id.* at 168-69.

Defendants attempt to distinguish *Betances* on four grounds. First, defendants argue that they should be "shielded from liability for not referring Plaintiff for resentencing during the time that he was an absconder, before June 2007 and after February 2008[,]" because "[t]here was no clearly established federal law requiring Defendants to take steps to correct a PRS term of an individual who had absconded, was not in the jurisdiction and clearly was not abiding by the PRS term." (Def. Mot. at 17.) Defendants also argue that they should be "shielded from liability for their actions in 2010, when Plaintiff was extradited back to New York" because he was referred to resentencing "within two weeks" of his extradition, following the process required by New York Correction Law § 601-d. (*See id.* at 17-18.)

The court agrees that defendants' liability should be limited to the period June 12, 2007 to February 6, 2008. Prior to June 12, 2007, plaintiff was not in New York State custody, and would not have been available for a resentencing proceeding. Plaintiff submitted evidence that, prior to plaintiff's June 12, 2007 extradition, DOC had acted to confine plaintiff or to enable his confinement by another jurisdiction, by faxing an arrest warrant for Santiago to West Virginia. (*See* Chrono Report at 15 (noting that prior to June 1, 2007, plaintiff was held in West Virginia and Virginia on local charges.); Pl. Mot. at 4.) Plaintiff's parole was revoked at a June 19, 2007 hearing on Rikers Island and he was returned to DOC custody (Parole Revocation Certificate of Disposition, Ex. M to Am. Compl., ECF 12-13.) After his release in January 31, 2008, plaintiff again absconded on February 6, 2008, and was not within New York's jurisdiction until September 14, 2010. (Chrono Report at 2.) Furthermore, in early 2008, "prompted by the New York Court of Appeals' decisions in *Garner* and *Sparber*," defendants developed a process for resentencing individuals serving administratively-imposed terms of PRS. *Betances II*, 837 F.3d at 172; (*see* July 2008 Memorandum of Understanding, ECF No. 82 Ex. C (signed by Annucci and Tracy.)) Defendants then began to take what the Second Circuit termed "reasonable steps

toward bringing DOCS and DOP into compliance with *Earley I*."
*Id.*

Given the plaintiff's failure to adduce any evidence
showing that defendants acted unreasonably after February 6,
2008, when plaintiff was no longer reporting to DOP and possibly
outside of New York's jurisdiction, and because defendants took
"reasonable steps" shortly thereafter, the court concludes that
defendants are entitled to qualified immunity beginning on
February 6, 2008, when plaintiff absconded.  Thus, although the
court concludes that Annucci, Fischer, and Tracy are liable for
plaintiff's false imprisonment pursuant to § 1983, their
liability is limited to the period between June 12, 2007 to
February 6, 2008, during which period plaintiff was extradited
by New York State and served a custodial term for violating the
terms of his PRS due to the inaction of defendants.

Second, defendants argue that unlike *Betances*, "no
Defendant can here be found to have acted unreasonably" because
"the record here establishes that Defendants did not have
Plaintiff's sentencing minutes."  (Def. Mot. at 18.)  As Judge
Scheindlin has explained in *Betances*, however, "the lack of
[sentencing] minutes does not relieve defendants of liability,"
because in 2008, "DOCS sent letters to judges requesting the
sentencing minutes," and "there is no reason that DOCS could not

have done the same after *Earley*" two years earlier. *See Betances*, 144 F. Supp. 3d at 454 n.95. Furthermore, as Annucci stated in a June 4, 2008 Affirmation, between March 12, 2007 and April 20, 2007, DOCS and DOP manually reviewed approximately 40,000 inmate files to "ascertain . . . whether the sentence and commitment order . . . affirmatively noted that the required PRS period was a part of the sentence." (Annucci Aff. at ¶¶ 39-40.) Whether or not plaintiff's records were included in the reviewed set, the fact that DOP and DOCS could undertake such a review indicates that they could have similarly instituted a process whereby they confirmed the validity of PRS terms prior to seeking enforcement of those terms. Such a review would have revealed that plaintiff – who was extradited to New York on June 12, 2007, nearly two months after DOP and DOCS completed their manual review – did not have a PRS term imposed by the sentencing judge as indicated on his Sentence and Order of Commitment. (*See* Sentence and Order of Commitment, ECF No. 12-3.)

Third, defendants repeatedly argue that they should be "granted qualified immunity for not having released Plaintiff from PRS" until he was resentenced in 2010. (Def. Mot. at 18 (citing, *inter alia*, *Scott*, 616 F.3d at 109-10); Defendants' Memorandum in Opposition ("Def. Opp."), ECF No. 84 at 16-17.)

For the reasons described *supra*, this argument is inapposite: Mr. Santiago is not simply claiming that defendants should have "released [him] from PRS," but is also arguing that defendants are liable for enforcing a term of PRS they knew to be unconstitutional and for their failure to seek his resentencing. (Am. Compl. at ¶ 77.)  Defendants also argue that "even if certain Defendants breached a duty to refer [plaintiff]" for resentencing, DOCS and DOP officials did not cause plaintiff harm, as district attorneys and judges were not engaged in resentencing until 2008.  (Def. Opp. 2-3.)  Defendants note that the Second Circuit did not address such issues of causation in *Betances II*, referring those to the district court on remand. (*Id.*); *see Betances II*, 837 F.3d at 174 n.2.  In *Betances*, however, the district court had already found Annucci, Fischer, and Tracy personally liable; the issue was whether there were any outstanding questions relating to causation of damages as to specific plaintiffs' claims.  *Betances*, 144 F. Supp. 3d at 454, 455.  Here, there is a single plaintiff, and there is no dispute that Annucci, Fischer and Tracy neither took any action to refer plaintiff for resentencing, nor prompted district attorneys or judges to begin the resentencing process.

Finally, defendants contend that the different obligations and responsibilities of DOCS and DOP officials

justify these officials' inaction in the wake of *Earley*.  (*See*
Def. Opp. at 11, Def. Mot. at 15-16 (arguing, *inter alia*, that
DOCS defendants could not refer plaintiff for resentencing
because he was under DOP supervision and because "referral of
Plaintiff would have been made by Parole, pursuant to Parole
policy."))  This argument flies in the face of the Second
Circuit's conclusion in *Betances II* that "*both* DOCS and DOP
continued to violate [*Earley I*] retrospectively, by taking no
steps to cease enforcing PRS terms that had been added to
sentences by DOCs employees."  *Betances II*, 837 F.3d at 169
(emphasis added).  The ability of, and need for, DOCS and DOP to
work together to respond to *Earley* is further demonstrated by
the Memorandum of Understanding, which was signed by Annucci as
a representative of DOCS and Tracy as a representative of DOP.
(July 2008 Memorandum of Understanding, ECF No. 82 Ex. C.)

For the foregoing reasons, defendants Annucci,
Fischer, and Tracy are not shielded by qualified immunity from
plaintiff's claims for the period June 12, 2007 to February 6,
2008.[10]

---

[10] Defendant argues that the Eleventh Amendment bars damages
suits against officials in their official capacity (Def. Mot. at
20), but plaintiff only claims against defendants in their
personal capacities (Pl. Opp. at 7).  The court therefore need
not address this issue.

### III. Plaintiff's State Claims

Defendants contend that plaintiff's state law claims of false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring and supervision, and *respondeat superior* are precluded by New York State Correction Law § 24 and Executive Law § 259-1.[11] (Def. Mot. at 20.)  Plaintiffs do not respond to this argument. The court concludes that the state law claims against the remaining defendants, Annucci, Fischer, and Tracy, must be dismissed.  Correction Law § 24 and Executive Law § 259-q(1) operate to divest state courts of jurisdiction over claims for damages against individual officers or employees of DOCS or DOP for acts within the scope of their employment, and require that such claims be brought and maintained against the state in the Court of Claims.  N.Y. Corr. Law § 24 (DOCS officers and employees); N.Y. Exec. Law § 259(q)(1) (DOP officers and

---

[11] Defendants do not specifically move to dismiss Count One, the claim for false imprisonment. (*See* Def. Mot. at 20 (discussing Counts Three to Six.))  Like Counts Three through Six, Count One involves a state law claim against individual officers and executives of DOP and DOCS, and is therefore precluded by Correction Law § 24 and Executive Law § 259-q(1).  "Courts have an obligation to address issues of jurisdiction *sua sponte*," and the court therefore dismisses Count One. *Cruz v. New York*, 24 F. Supp. 3d 299, 311 (W.D.N.Y. 2014) (citing *Joseph v. Leavitt,* 465 F.3d 87, 89 (2d Cir. 2006)).

employees).[12]  Because "[a] state law depriving its courts of
jurisdiction over a state law claim also operates to divest a
federal court of jurisdiction to decide the claim," this court
lacks jurisdiction over state law claims against Annucci,
Fischer, and Tracy.  *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir.
1996) (quoting *Moodie v. Federal Reserve Bank*, 58 F.3d 879, 884
(2d Cir. 1995).  Plaintiffs' state law claims are therefore
dismissed; *see Hassell*, 96 F. Supp. 3d at 385 (dismissing state
law claims in a similar case); *see also Cruz v. New York*, 24 F.
Supp. 3d 299, 311 (W.D.N.Y. 2014) (concluding that "Correction
Law § 24 applies to claims of negligent hiring, retention, and
training" and dismissing claims).

**CONCLUSION**

For the foregoing reasons, the court dismisses
plaintiff's state law claims (Counts One, Three, Four, Five and
Six), and dismisses all defendants other than Annucci, Fischer,

---

[12] In *Haywood v. Drown*, the Supreme Court held that Correction
Law § 24 violated the Supremacy Clause to the extent that it
conferred immunity on DOCS officers from § 1983 suits in New
York State court.  *Haywood v. Drown*, 556 U.S. 729, 741 (2009).
*Haywood*, however, "does not . . . prevent [§ 24] from stripping
New York state courts of jurisdiction over a plaintiff's
analogous *state law* claims against DOCS officials."  *Hassell*, 96
F. Supp. 3d at 385 (citing *May v. Donneli*, No. 06 Civ. 437, 2009
WL 3049613, at *5 (N.D.N.Y. Sept. 18, 2009)); *accord Rounds v.
Thompson*, No. 9:12-CV-953 GLS/TWD, 2013 WL 3187074, at *4
(N.D.N.Y. June 20, 2013) (listing cases); *Doe v. New York*, No.
10 CV 1792 RJD VVP, 2013 WL 816197, at *2 (E.D.N.Y. Mar. 5,
2013).

and Tracy.  With regard to Count Two, plaintiff's § 1983 claim, the court **GRANTS** plaintiff's motion for summary judgment as to the liability of defendants Annucci, Fischer, and Tracy for the period June 12, 2007 to February 6, 2008.

By October 11, 2017, the parties shall contact Magistrate Judge Steven Tiscione to schedule a settlement conference.  Should the parties fail to reach a settlement by November 10, 2017, they shall file a status letter to that effect, directed to both Magistrate Judge Tiscione and the undersigned judge, and include a proposed schedule for the remainder of discovery.

**SO ORDERED.**

Dated:      September 30, 2017
            Brooklyn, New York

                                    _____/s/_____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JESUS SANTIAGO

       Plaintiff,

       -against-

BRIAN FISCHER, INDIVIDUALLY AND
AS COMMISSIONER OF THE NEW YORK
STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, et al.,

       Defendants.
----------------------------------X

**MEMORANDUM AND ORDER**

12-CV-2137(KAM)(SLT)

**MATSUMOTO, United States District Judge:**

       In prior motions *in limine* before this Court,
Defendants failed to include any argument or analysis about the
relevance of Penal Law § 70.45 to punitive damages.
Nonetheless, on November 18, 2022, the week before the start of
trial, the Court provided the parties an opportunity to further
brief Defendants' request [176] [177] to "introduce evidence as
to Penal Law § 70.45," as Defendants had not specified what that
evidence would be and belatedly argued that the evidence would
be relevant to punitive damages.  The Court has reviewed the
parties' briefing [196] [197] regarding Defendants' request to
"introduce evidence as to Penal Law § 70.45" at trial.  The
Court notes that Defendants included Penal Law § 70.45's
legislative history and subsequent amendments, which Defendants

1

argue for the first time are also relevant to punitive damages. (ECF No. 198, Defendants' Brief on Penal Law § 70.45, at 2.) The Court respectfully DENIES the Defendants' request to introduce Penal Law § 70.45, its legislative history, and subsequent amendments at trial, for several independent reasons.

First, Defendants repeatedly fail to explain what specific evidence about Penal Law § 70.45 they would seek to introduce at trial. Despite this Court's instructions, Defendants do not state in their brief who in particular would testify as to Penal Law § 70.45 and what in particular those witnesses would say. Instead, Defendants appear to make legal arguments about Penal Law § 70.45, including referencing Plaintiff's original complaint (*id.* at 1) and how subsequent amendments to Penal Law § 70.45 only later provided Defendants with authority to "initiate re-sentencings" (*id.* at 2) of individuals who previously had had unconstitutional post-release supervision terms ("PRS") imposed by Defendants. (*See id.* at 3 ("Although this Court found that Defendants were liable for not taking steps such as re-sentencings, Defendants should be allowed to provide evidence that, as they understood the statute, they had no authority to do so.").)

Second, insofar as Defendants seek to have witnesses testify that they were relying on Penal Law § 70.45 during the

2

events relevant to this case, the Second Circuit has already
rejected the Defendants' argument that their unconstitutional
conduct was excused by Penal Law § 70.45. *Earley v. Murray*
("*Earley I*"), 451 F.3d 71, 76 (2d Cir. 2006) (holding that the
DOCS practice of adding PRS to a sentence where Penal Law §
70.45 required it, but the sentencing judge had not imposed it,
was unconstitutional), *reh'g denied*, 462 F.3d 147, 150 (2d Cir.
2006) ("*Earley II*"); *Betances v. Fischer* ("*Betances II*"), 837
F.3d 162, 165 (2d Cir. 2016). Specifically, in 2006, the Second
Circuit found the administrative imposition of PRS by DOCS
unconstitutional. *Earley I*, 451 F.3d at 76.

  In the instant action, Defendants, based on prior
Second Circuit rulings, are liable to Plaintiff for
incarcerating him between June 12, 2007 to February 8, 2008
because of an administratively imposed post-release supervision.
The Second Circuit, by the time Plaintiff was incarcerated for
violating his illegal term of PRS, had found that despite the
existence of Penal Law § 70.45, Defendants could not
administratively impose PRS sentences. *Id*. at 73, 76.
Therefore, despite the existence of Penal Law § 70.45 and any
official's understanding of it, any PRS administratively imposed
by Defendants "was, quite simply, never a part of the sentence."
*Id*. at 76. Defendants are liable for causing the administrative

3

imposition of the PRS sentence on Plaintiff by 2006. Even after
the *Earley I* decision had determined that any administratively
and illegally imposed PRS sentence was not a constitutional or
legal sentence, Defendants enforced Plaintiff's administratively
and illegally imposed term of PRS by incarcerating Plaintiff for
violating PRS.

Defendants' argument that they could properly rely on
Penal Law § 70.45 after *Earley I* and *Earley II* is difficult to
square with the statutory text and cannot be reconciled with
Second Circuit precedent. Penal Law § 70.45 has not ever, on
its face, stated that DOCS was authorized to administratively
impose post-release supervision; thus the existence of a state
law does not excuse Defendants from scrupulously following the
federal Constitution.

Moreover, the Second Circuit has held that Defendants
did not have a legitimate basis for failing to follow *Earley I*.
In 2016, the Second Circuit found that "[t]he [same] three
[D]efendants became aware of *Earley I*'s holding at different
times," and noted that Defendant Annucci despite "immediately
under[standing] *Earley I*'s holding [in 2006] . . . deliberately
refused to change DOCS procedures to bring them into
compliance." *Betances II*, 837 F.3d at 167. The *Betances II*
court found that Defendant Fischer understood *Earley I*'s holding

4

but agreed with Defendant Annucci's decision not to follow it. *Id*. Defendant Tracy was also aware of and understood *Earley I* and decided not to follow it. Instead, Defendant Tracy "affirmatively decided to continue [the state agency's] former approach in contravention of *Earley I*." *Id*. at 168. Citing Defendants' depositions and testimony, the Second Circuit concluded that, in not making "an objectively reasonable effort to relieve plaintiffs of the burdens of those unlawfully imposed [PRS] terms after they knew it had been ruled that the imposition violated federal law," "[a]ll three [Defendants] confirmed that their noncompliance was not the result of oversight or confusion; they understood that *Earley I* required them to change their [unconstitutional] practices but affirmatively decided not to do so." *Id*. at 167-69; 172-74.

The Court finds that the Second Circuit's decisions in *Earley I*, *Earley II*, and *Betances* preclude Defendants from rearguing whether they had a reasonable legal basis for ignoring the Court's constitutional rulings. Nonetheless, Defendants' belated motion requests leave to "introduce evidence as to Penal Law § 70.45" (and its legislative history and subsequent amendments) "to provide evidence that they had no malicious intent and no callous disregard for not attempting, from June 2007 to February 2008, to send a letter to Plaintiff's

5

sentencing court to urge the court and the district attorney to
correct the omission of PRS from Plaintiff's sentence." (ECF
No. 198, Defendants' Brief on § Penal Law 70.45, at 3.)
Defendants assert without citation to authority that "as a
matter of due process" they should be permitted to submit all
evidence of their state of mind. (*Id.* at 1, 4-5.)
Notwithstanding Defendants' arguments, in holding that even
evidence relevant to a defendant's state of mind may be excluded
in a criminal case, the Supreme Court has instructed that "the
proposition that the Due Process Clause guarantees the right to
introduce all relevant evidence is simply indefensible."
*Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) (plurality opinion);
*Lurie v. Wittner*, 228 F.3d 113, 133 (2d Cir. 2000) ("Even
relevant testimony can be excluded, depending upon
circumstances, without offending due process.").

Third, this Court does not find Penal Law § 70.45 to
be relevant to Defendants' defense against punitive damages.
"[A] jury may be permitted to assess punitive damages in an
action under § 1983 when the defendant's conduct is shown to be
motivated by evil motive or intent, or when it involves reckless
or callous indifference to the federally protected rights of
others." *Smith v. Wade*, 461 U.S. 30, 56, 103 (1983); *see*
*Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 115 (2d Cir. 2015)

6

("The Supreme Court has explained that punitive damages are appropriate only 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999)); *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 121 (2d Cir. 2006) ("The fact that the constitutional violation does not warrant an award of compensatory damages is not a basis for denying an award of punitive damages." (quoting *Robinson v. Cattaraugus County*, 147 F.3d 153, 161 (2d Cir. 1998)).

Plaintiff has not sought to argue that Defendants acted with "evil motive" or "malice" in violating Plaintiff's constitutional rights. (ECF No. 197, Plaintiff's Brief on Penal Law § 70.45, at 2) ("Plaintiff only needs to prove that Defendants acted recklessly disregarded [sic] Plaintiff's rights, or intentionally violated federal law (citing to *Smith* at 51)). Indeed, Defendants may testify that they did not act or fail to act with evil motive [or intent] or malice, but they may not invoke Penal Law § 70.45. The Court respectfully disagrees with Defendants' contention that admission of Penal Law § 70.45 is necessary or relevant to "defend against claims of malice or evil intent." (ECF No. 198, Defendants Brief on

7

Penal Law § 70.45 at 6.)  Defendants fundamentally have failed
to explain how Penal Law § 70.45 and their interpretation of
that state statute provides a defense to what Plaintiff has
asserted is Defendants' "reckless or callous indifference" to
his federal constitutional rights.  *Smith*, 461 U.S. at 56.

Fourth, even if Penal Law § 70.45 were relevant to
Defendants' defense to punitive damages, which the Court
concludes it is not, given the Plaintiff's punitive damages
claim and the extensive record on Defendants' conduct, the Court
concludes that it cannot allow Defendants "introduce evidence as
to Penal Law § 70.45" under the balancing required by Federal
Rule of Evidence 403.  Any evidence that the parties seek to
offer or exclude in their motions, even if relevant, is subject
to the Court's balancing of its probative and prejudicial value,
as provided in Federal Rule of Evidence 403.  Rule 403 permits
the exclusion of evidence, even if relevant, "if its probative
value is substantially outweighed by a danger of . . . unfair
prejudice, confusing the issues, misleading the jury, undue
delay, wasting time, or needlessly presenting cumulative
evidence."  Fed. R. Evid. 403.  Courts have broad discretion in
making decisions under Rule 403's probative-prejudice balancing
analysis.  *See United States v. Abu-Jihaad*, 630 F.3d 102, 131
(2d Cir. 2010) ("We review a district court's evidentiary

rulings deferentially, mindful of its superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." (citing *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008)); *see also United States v. Dwyer*, 539 F.2d 924, 927 (2d Cir. 1976) ("In the balancing of probative value against unfair prejudice required by Rule 403, the trial judge has wide discretion[.]" (quotation omitted)).

Granting Defendants' broad and nebulous request to "introduce evidence as to Penal Law § 70.45" into this damages trial, after Defendants' liability (including causation) for their unconstitutional conduct has not only been extensively litigated, but also repeatedly determined by the Second Circuit, would undoubtedly open the floodgates to evidence that is irrelevant, would confuse the issues, mislead and confuse the jury, and unfairly prejudice the Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court DENIES

Defendants' overbroad and ill-defined request to "introduce

evidence as to Penal Law § 70.45," its legislative history, and

subsequent amendments at trial.


**SO ORDERED.**

Dated: November 25, 2022
Brooklyn, New York

                             _____/s/_____

                                  Hon. Kiyo A. Matsumoto

                        United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JESUS SANTIAGO

                Plaintiff,

        -against-                        12-CV-2137(KAM)(SLT)

BRIAN FISCHER, INDIVIDUALLY AND
AS COMMISSIONER OF THE NEW YORK
STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, et al.,

                Defendants.
----------------------------------X

**KIYO MATSUMOTO, United States District Judge:**

        Plaintiff Jesus Santiago filed this lawsuit in 2012

against Defendants Brian Fischer ("Fischer") then-Commissioner

of the New York State Department of Correctional Services

("DOCS"), Anthony Annucci ("Annucci"), then-Chief Counsel to

DOCS, now Acting Commissioner of the Department of Corrections

and Community Supervision ("DOCCS")[1], and Terrence Tracy

("Tracy"), then-Chief Counsel to the New York State Division of

Parole ("DOP") (collectively, "Defendants"). Santiago alleged

that the three state officials violated his constitutional

rights when they enforced a term of post-release supervision

("PRS") that had been unlawfully administratively added to his

---

[1] During the relevant period to Plaintiff's case, the Department of Correction
Services (DOCS) and Division Parole (DOP) were known as two separate
agencies, but the Court notes that DOCS and DOP are now joined under the New
York State Department of Corrections and Community Supervision (DOCCS). (ECF
No. 193, Joint Stipulations of Fact at 1.)

1

custodial sentence. (*See generally* ECF Nos. 1, Compl.; 12, Am. Compl.)

As the Court observed when granting Plaintiff's motion for summary judgment (ECF No. 92, Memorandum and Order issued September 30, 2017 ("Sept. 30, 2017 Order") at 2), "this is the rare case in which many of the issues presented by the parties have been extensively litigated before other district courts in New York, and before the Second Circuit." *See, e.g.*, *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006) ("*Earley I*"), *reh'g denied*, 462 F.3d 147 (2d Cir. 2006) ("*Earley II*"); *Vincent v. Yelich*, 718 F.3d 157, 173 (2d Cir. 2013); *Betances v. Fischer*, 837 F.3d 162, 165 (2d Cir. 2016) ("*Betances II*"); *Hassell v. Fischer*, 879 F.3d 41, 51 (2d Cir. 2018); *Vincent v. Annucci*, 63 F.4th 145, 148 (2d Cir. 2023) (noting that the most recent Second Circuit appeal is part of "a decades-long series of litigations over DOCS's unconstitutional imposition of PRS and re-incarceration of felons who violated the terms and conditions of their unlawful PRS" and that "[a]ccordingly, some familiarity with this court's sequence of decisions is presumed".)[2]

On September 30, 2017, based on Second Circuit precedent, this Court granted summary judgment to Plaintiff, finding Defendants Fischer, Annucci, and Tracy liable under 42

---

[2] The Court refers to those decisions for a detailed discussion of the factual and legal issues surrounding the administrative imposition of PRS and highlights only the key facts and holdings applicable to this motion.

U.S.C. § 1983 for failing to take reasonable steps to relieve
Plaintiff of the burdens of the unlawful term of post-release
supervision that had been administratively imposed by DOCS.
(ECF No. 92, Sept. 30, 2017 Order.)  The Court found Defendants
liable for violating Plaintiff's constitutional rights for the
time period from June 12, 2007 to February 6, 2008, when he was
incarcerated because of violations of illegally imposed PRS.
(*Id.*)  Noting that the Second Circuit remanded the *Betances II*
case back to the district court to assess whether "there were
any outstanding questions relating to causation of damages as to
specific plaintiffs' claims," this Court did not impose any
damages in its summary judgment decision.  (*Id.* at 25.)  On
September 23, 2019, the Court denied Defendants' motion for
summary judgment, to restrict Plaintiff's damages to nominal
damages.  (ECF No. 128, Second Memorandum and Order issued on
September 23, 2019 ("Sept. 23, 2019 Order").)  The Court found
that there remained issues of fact as to what damages Plaintiff
was owed, including Defendants' causation of those damages, and
accordingly, reserved the question of compensatory and punitive
damages for a fact-finding jury.  (*Id.* at 26.)

A jury was selected November 23, 2022, and the case
was tried between November 28-30, 2022 on the narrow issue of
whether, for the period between June 12, 2007 and February 6,
2008, Plaintiff should be awarded any damages as a result of

Defendants' violations of his constitutional rights. (*See* ECF
Nos. 217-219, Trial Transcript ("Tr.").)[3] [4]  The jury returned a
verdict in favor of Plaintiff and awarded Plaintiff (1)
compensatory damages in the amount of one hundred thousand
dollars ($100,000), jointly and severally against the
Defendants, Fischer, Annucci, and Tracy; and (2) punitive
damages of two hundred fifty thousand dollars ($250,000) against
each of the individual Defendants, Fischer, Annucci, and Tracy,
totaling seven hundred and fifty thousand dollars ($750,000),
plus pre-judgment interest and post-judgment interest at the
rate provided by 28 U.S.C. § 1961.  (ECF No. 209, Judgment.)

Presently before the Court are Defendants' (1) renewed
motions for judgment as a matter of law and remittitur pursuant
to Federal Rule of Civil Procedure 50(b) ("Rule 50(b)"), and (2)
in the alternative, motions for a new trial pursuant to Federal
Rule of Civil Procedure 59 ("Rule 59").  (ECF Nos. 211,
Defendants' Motion for Judgment as a Matter of Law, or in the
Alternative, a New Trial ("Defs. Mot."); 213, Memorandum of Law
in Support of the Defendants' Motion for Judgment as a Matter of

---

[3] Jury selection took place on November 23, 2022 and trial started on November
28, 2022 and continued until November 30, 2022.  The jury reached a damages
verdict on November 30, 2022.
[4] The Trial Transcript was filed under three separate docket entries, but it
is consecutively paginated across those entries.  For the sake of
convenience, the Court refers to the Transcript as one document, and
citations to page numbers refer to the numbers in the upper right-hand corner
of each page.  (ECF Nos. 217, Nov. 28, 2022 Tr.; 218, Nov. 30, 2022. Tr.;
219, Nov. 29, 2022 Tr. (collectively, "Tr.").)  The Court also notes that the
three dates of trial transcripts are filed out of order on the docket.

Law, or in the Alternative, a New Trial ("Defs. Mem."); 215,
Defendants' Memorandum of Law in Reply ("Defs. Reply").
Plaintiff opposes the Defendants' motions. (ECF No. 214,
Plaintiff's Memorandum of Law in Opposition ("Pl. Opp'n Mem.").)

## Background

The parties' familiarity with the facts and procedural
history of this case is presumed. (ECF Nos. 92, Sept. 30, 2017
Order, at 2-8; 128, Sept 23, 2019 Order at 2-11; 139, Trial
Joint Stipulation of Facts ("Joint Stip.").) Facts relevant to
the instant motions are provided be set forth herein.

New York's "Jenna's Law," enacted in 1998 and codified
in New York Penal Law § 70.45(1), mandated that "[e]ach
determinate sentence [of incarceration] also includes, as a part
thereof, an additional period of post-release supervision."
N.Y. Penal Law § 70.45(1) (2005). Despite Jenna's Law, the
Second Circuit found, as occurred here, that "some [state]
judges did not pronounce PRS terms during sentencing
proceedings" and "[i]nstead of bringing the failure to the
attention of the sentencing court, DOCS simply added the PRS
term administratively." *Betances II*, 837 F.3d at 165. In such
cases, "the inmates began to serve their PRS terms under DOP
supervision," and "DOCS and DOP were authorized to reincarcerate
an offender who, after a hearing, was found to have violated the
conditions of release." *Id*. Plaintiff Santiago was among the

5

individuals who was sentenced without a judicially imposed term
of PRS, served his incarceration sentence, and was again
incarcerated specifically for violating the administratively
imposed term of PRS, under the policies and practices of the
three individual Defendants.

On June 9, 2006, in *Earley I*, the Second Circuit ruled
that "the Constitution forbids DOCS from modifying a sentence
imposed by a judge," including in cases where DOCS had
administratively modified a sentence to add a period of PRS
where such a term was mandated by Section 70.45(1) [Jenna's Law]
but had not been imposed by a sentencing judge. *Id.* (*citing
Earley I*, 451 F.3d at 74-76).  In *Betances II*, the Second
Circuit further clarified that despite the difficulties of
resentencing, and the resistance of some other parties,
including state courts and District Attorneys, to *Earley I*,  the
individual Defendants Fischer, Tracy, and Annucci "were
responsible for designing and implementing their departments'
response [or lack thereof] to *Earley I*" but "did not make an
objectively reasonabl[e] effort to relieve [plaintiffs] of the
burdens of those unlawfully imposed terms after [they] knew it
had been ruled that the imposition violated federal law," and,
therefore, the Defendants were not entitled to qualified
immunity.  *Id.* at 167, 173-75 (quotation omitted).

Accordingly, on September 30, 2017, in this case, the

Court found the three Defendants' liable for violating
Plaintiff's constitutional rights during the time period between
June 12, 2007, and February 6, 2008.  (ECF No. 92, Sept. 30,
2017 Order at 1-2.)  The Court found that during this period,
the three individual Defendants (1) had admitted in the *Betances
II* litigation and in this case that they were aware of their
obligation to address unlawfully imposed terms of PRS and (2)
had custody over Plaintiff and could therefore have taken steps
to relieve Plaintiff of the administratively imposed PRS.  (*Id.*
at 32-36) (citing *Betances II*, 837 F.3d at 174.)  Defendants,
moreover, as the Second Circuit noted in *Betances II,* could have
rectified this situation either by seeking resentencing to have
a judge properly impose the PRS term on Plaintiff, or by
excising the PRS term from those Plaintiff's sentence.  (*Id.*)
Defendants failed to do either, continuing to violate
Plaintiff's constitutional rights despite decisions from the
Second Circuit that their actions were unconstitutional.  (*Id.*)

On September 23, 2019, the Court denied Defendants'
summary judgment motion, which sought to limit Plaintiff's
damages to only nominal damages, based on disputed issues of
material fact. (ECF No. 128, Sept. 23, 2019 Order at 2.)  The
Court did not decide whether the Plaintiff could establish that
he was entitled to punitive damages.  (*Id.* at 26.)

On June 16, 2022, the Court denied Defendants' request

to file a second motion for summary judgment (which would have resulted in the third summary judgment motion and decision in this case), finding that Defendants had been provided multiple opportunities to proffer the evidence they alluded to in their pre-motion conference letter. (Minute Entry dated June 16, 2022; *see also* ECF No. 173, Defs. Pre-Motion Conf. Request Letter.) The Court set a trial date, leaving the jury to decide whether and how much Santiago should receive in damages for the violation of his constitutional rights by Defendants. (ECF No. 174, Civil Pre-Trial Order.)

The parties filed their fully briefed motions *in limine* by July 30, 2022. (ECF Nos. 176-181.) Defendants' motions *in limine* requested that the Court: "(1) preclude Plaintiff from offering speculation that he would have been relieved of post-release supervision ('PRS') or at liberty, given Penal Law § 70.45 and his sentences imposed by courts in the federal system and in the State of Virginia; (2) permit Defendants to introduce evidence as to Plaintiff's sentences imposed by courts in the federal system and in the State of Virginia; (3) permit Defendants to argue that they were not the cause of any damages Plaintiff claims and to introduce evidence of the positions taken by District Attorneys and State courts as to PRS; (4) permit Defendants to introduce evidence that Plaintiff would have been incarcerated or would have been

8

serving terms of supervision in any event, even if Plaintiff had not been serving PRS in New York; (5) require Plaintiff to bear the burden of proof that his life would have been different had he been resentenced at an earlier date."  (ECF No. 176, Defendants' Motion *in Limine* ("Defs. MIL").)

The Court ordered the parties to appear for a status conference to discuss the motions *in limine*, and at the conference, ordered the parties to meet and confer and file a joint stipulation of facts and law to resolve some of the parties' evidentiary disputes, including what aspects of Plaintiff's criminal history could be admitted.  (Minute Entry dated Oct. 26, 2022.)  The parties were also specifically advised that the Court would preclude speculative evidence and arguments by either party as to what might have occurred absent the constitutional violation.  (*Id.*)

The Court held its final pre-trial conference with the parties on November 18, 2022 and discussed trial logistics and ruled on the outstanding motions *in limine*.  (Minute Entry and Order dated Nov. 18, 2022.)  The Court denied the third item of Defendants' motion, "to permit Defendants to argue that they were not the cause of any damages Plaintiff claims, and to introduce evidence of the positions taken by District Attorneys and State courts as to PRS" as a reason for their failure to comply with *Earley I*, based on the Second Circuit's decisions

9

and Defendants' failure to produce the evidence to Plaintiff in their Rule 26 disclosures or in support of their motion. *Betances II*, 837 F.3d at 174 (finding that whether or not there was a "formal mechanism" to initiate resentencing, "the [Defendants'] decision to review . . . records and notify state judges and district attorneys about defendants who needed to be resentenced required no cooperation from others" and "[i]f the district attorneys and judges ultimately rejected compliance, the re-sentencings would not have taken place, but the defendants [Fischer, Annucci, and Tracy] would have satisfied their obligation").

Defendants also moved *in limine* to admit evidence that their reliance on Penal Law § 70.45 was relevant to punitive damages. (ECF No. 176; Minute Entry and Order dated Nov. 18, 2022.) Despite Defendants' failure to proffer any argument or analysis in their motions *in limine* about the relevance of Penal Law § 70.45 to punitive damages, on November 18, 2022 at the final pre-trial conference, the Court provided the parties one last opportunity to further brief Defendants' request to "introduce evidence as to Penal Law § 70.45." (*Id.*)

The Court considered the supplemental briefing prior to trial and denied Defendants' request to "introduce evidence as to Penal Law § 70.45" on the question of punitive damages because even if the evidence were minimally relevant to punitive

damages, its admission was outweighed by the risk of unfair
prejudice and confusing the jury. (*See* ECF No. 202, Nov. 25,
2022 Order at 7-8.)  The Court held that Penal Law § 70.45 and
the legislative history and subsequent amendments that
Defendants sought to introduce, were irrelevant to the issue of
punitive damages, and noted that the Second Circuit already had
rejected the Defendants' argument that their unconstitutional
conduct was excused by Penal Law § 70.45.  (*Id.* at 2-4) citing
*Earley I*, 451 F.3d at 76 (holding that the DOCS practice of
adding PRS to a sentence where Penal Law § 70.45 required it,
but the sentencing judge had not imposed it, was
unconstitutional), *reh'g denied*, *Earley II*, 462 F.3d 147;
*Betances II*, 837 F.3d at 165).)  "Defendants' argument that they
could properly rely on Penal Law § 70.45 after *Earley I* and
*Earley II* is difficult to square with the statutory text and
cannot be reconciled with Second Circuit precedent.  Penal Law §
70.45 has not ever, on its face, stated that DOCS was authorized
to administratively impose post-release supervision; thus the
existence of a state law does not excuse Defendants from
scrupulously following the federal Constitution."  (*Id.* at 4.)

    On November 28, 2022, after the close of Plaintiff's
case,[5] Defendants moved under Rule 50(a) for judgment as a matter

---

[5] Plaintiff rested their case on the first day of trial.  (*Id.* at 203.)

11

of law, "to dismiss Plaintiff's punitive damages claim on the grounds that there [was] insufficient evidence to go to a jury to determine whether punitive damages are warranted." (Tr. at 204.)[6] The Court denied Defendants' Rule 50 motion regarding punitive damages, based on the evidence in the record, the decisions of the Second Circuit, and this Court's prior rulings. (Minute Entry and Order dated Nov. 28, 2022.)

Trial proceeded on November 28, 2022 and November 29, 2022. (Minute Entries dated Nov. 28-29, 2022.) The Court reviewed the parties' requests to charge the jury, provided copies of the Court's proposed charges, and held a charging conference with the parties on November 29, 2022. (ECF Nos. 203-04, Proposed Jury Instructions and Verdict Form; Minute Entry dated Nov. 29, 2022, Charging Conf.) Based on the charging conference, the Court provided the parties with revised charges (ECF No. 205, Final Jury Instructions and Verdict Form), and hearing no further objections, charged the jury. (Minute

---

[6] Defendants' counsel argued in her oral Rule 50(a) motion that, "[t]here's basically been no testimony whatsoever as to the reasons taken behind the actions of the individual defendants . . . [and] no testimony as to what actually. . . was being done during that time period." (Tr. at 204.) Contrary to defense counsel's argument, as discussed further below, the parties *did* present evidence at trial about what "was actually . . . being done during that time period." Each of the Defendants testified to the various impediments they faced in complying with *Earley I*. That Defendants were confused about how to read *Earley I* is not a justification the Second Circuit—even considering the recent Second Circuit decision in *Vincent v. Annucci*—has accepted as sufficient to relieve Defendants of any finding of causation or liability. 63 F.4th 145, 2023 WL 2604235 (2d Cir. Mar. 23, 2023).

Entry dated Nov. 29, 2022.)

On November 30, 2022, the jury returned a verdict in favor of Plaintiff and awarded Plaintiff (1) compensatory damages in the amount of one hundred thousand dollars ($100,000), jointly and severally against the Defendants, Fischer, Annucci, and Tracy; and (2) punitive damages of two hundred fifty thousand dollars ($250,000) against each of the individual defendants, Fischer, Annucci, and Tracy, totaling seven hundred and fifty thousand dollars ($750,000), plus pre-judgment interest and post-judgment interest at the rate provided by 28 U.S.C. § 1961. (ECF No. 209, Judgment.)

Presently before the Court are Defendants' (1) renewed motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), and (2) in the alternative, motions for a new trial pursuant to Federal Rule of Civil Procedure 59 and remittitur.

In their Rule 50(b) motions, Defendants assert three arguments: (1) Plaintiff conceded at trial that Defendants evinced no malicious intent or evil motive; (2) the record does not support any finding that any Defendant acted with "reckless or callous disregard" of Plaintiff's rights; and (3) the jury's punitive damages award here "most likely flowed from a conclusion on their part that, but for the inactions of Defendants in referring Plaintiff back to the sentencing court,

13

Plaintiff would never have been imprisoned in New York State for having violated the terms of his PRS." (ECF No. 213, Defs. Mem. at 1-2.)

In their alternative Rule 59 motion, Defendants argue that a new trial should be ordered because: (1) the Court "erroneously precluded Defendants from offering evidence in their defense," about Defendants' "fair and reasonable understanding and interpretation of the law and circumstances existing at the time, including (i) New York Penal Law § 70.45 (or "Jenna's Law"); and (ii) the district attorneys' position that PRS was incorporated in sentences by operation of law"; and (2) "the jury should have been instructed to determine whether Plaintiff would have received the same post-release supervision term if he had received the process he was due—referral for possible resentencing—at the relevant times[.]" (*Id.* at 2.)

On April 6, 2023, the parties provided supplemental briefing on a recent Second Circuit decision, *Vincent v. Annucci*, 63 F.4th 145 (2d Cir. 2023), in which the Second Circuit remanded a summary judgment decision back to district court, holding that:

> [T]he court improperly declined to consider what steps were feasibly and legally available to Annucci, did not discuss Vincent's burden of proving damages, and did not determine whether Vincent had met that burden. The district court's cursory treatment of damages causation does not comport with our precedent

14

> and thus warrants remand and reconsideration
> . . . . Accordingly, on remand, we direct the
> district court to clarify that question,
> bearing in mind that the burden rests upon the
> plaintiff to establish the onset date for
> calculating any compensatory damages to which
> he may be entitled. If no such impediment
> existed, the plaintiff will have satisfied his
> burden upon the existing record. If an
> impediment is claimed, the district court must
> determine its validity and effect, if any,
> upon the length of Vincent's unlawful
> incarceration.

*Id.* at 152.

The Court notes that unlike the trial verdict in the

instant action, *Vincent* considered the district court's grant of

summary judgment awarding plaintiff $150,000 in compensatory

damages, without a full review of the facts related to his

injuries and any "impediments" that Annucci faced in complying

with *Earley I*.[7] In the instant case, the parties stipulated to

the damages period between June 12, 2007 and February 6, 2008

and both of the parties moved for summary judgment.[8] In over a

decade since this action was commenced, Defendants could have

raised and presented evidence to the Plaintiff in discovery, and

to the Court in motion practice, of any impediment to rectifying

the constitutional violations clearly identified in *Earley I* of

---

[7] As summarized above, this Court in the instant action did not decide the issue of damages and causation of damages at summary judgment, precisely because it found there were remaining issues of fact for a jury to decide. (ECF Nos. 92, Sept. 30, 2017 Order at 25; 128, Sept. 23, 2019 Order at 26.)
[8] Here, the Defendants also filed multiple motions *in limine* and the Court heard arguments, many of which were not cabined to evidentiary arguments, but also Defendants' legal arguments.

15

administratively imposed PRS. Most distinctly from the *Vincent* case, the parties here proceeded to a full trial in which they testified to their understanding, experiences, and perceived obstacles to complying with *Earley I*, and the steps they took specifically with respect to Santiago's illegal PRS sentence. *See infra* at 59. At trial, the Plaintiff also presented evidence of damages from the loss of his liberty that he suffered as a result of the illegal PRS sentence between June 12, 2007 to February 6, 2008.

On the issue of damages, after fully hearing the parties at the charging conference, and without objection from Defendants, the Court instructed the jury:

> [T]he plaintiff has the burden of proving the material aspects of his damages claim by a preponderance of the evidence . . . . The burden is on the defendant to prove the mitigation by a preponderance of the evidence, that the plaintiff could have lessened the harm that was done to him and that he failed to do so. If the defendant convinces you that the plaintiff could have reduced the harm done to him and failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury that he would still have suffered even if he had taken appropriate action to reduce the harm done to him.

(Tr. at 352, 367.)

In stark contrast to the *Vincent* case, Plaintiff in this case presented evidence of his damages resulting from Defendants' violations of his rights, and Defendants presented

16

testimony that they "understood that *Earley* did not require unilateral release by DOCS" and testified to the perceived logistical difficulties they faced in doing so, which includes not knowing who the individual Plaintiff was.  (Tr. at 106-08, 132-38, 164, 171-72, 201-02, 218.) [9]  The jury weighed the evidence, drew inferences based on the evidence, made credibility determinations, and reached findings in reaching their verdict, including the award of damages.  The holding of *Vincent*, that additional fact-finding is required to determine whether Defendants faced any legal impediment to release and thereby rectify the illegal PRS, is thus inapplicable to Defendants' motions.

The Court will now address Defendants' Rule 50(b) and Rule 59 motion in turn.

I.   **Defendants' Rule 50(b) Motion for a New Trial**

A.   **Legal Standard Defendants' Rule 50(b) Motions to Set Aside the Verdict**

Rule 50(a) of the Federal Rules of Civil Procedure permits a party to move for judgment as a matter of law after a party has been fully heard and before a case is submitted to the

---

[9] The portions of the trial transcript cited in Defendants' memorandum of law in support of their post-trial motions show that Defendants testified about their "understanding and interpretation of the law and circumstances existing at the time" and why they did not excise the Plaintiff's illegal PRS sentence or refer him for resentencing.  The trial evidence established that Defendants did not attempt to excise the illegal PRS they imposed or refer Plaintiff for resentencing.

jury.  Fed. R. Civ. P. 50(a).  A motion made pursuant to Rule
50(a) "must specify the judgment sought and the law and facts
that entitle the movant to the judgment."  *Id.*  If the Court
denies a party's Rule 50(a) motion, the movant may file a
renewed motion for judgment as a matter of law no later than 28
days after entry of judgment.[10]  Fed. R. Civ. P. 50(b).  "In
ruling on the renewed motion, the court may: (1) allow judgment
on the verdict, if the jury returned a verdict; (2) order a new
trial; or (3) direct the entry of judgment as a matter of law."
*Id.*

   After an unfavorable verdict, a party may renew its
motion for judgment as a matter of law under Rule 50(b) and may
include a request for a new trial under Rule 59. The standard of
review for motions under Rule 50(a) and Rule 50(b) is the same.
*Alfaro v. Wal-Mart Stores*, 210 F.3d 111, 114 (2d Cir. 2000).
"In considering a motion for judgment as a matter of law, the
district court 'must draw all reasonable inferences in favor of
the nonmoving party.'"  *Zellner v. Summerlin*, 494 F.3d 344, 370
(2d Cir. 2007) (quoting *Reeves v. Sanderson Plumbing*, 530 U.S.
133, 150 (2000)).  The Court must not, however, make credibility
determinations or weigh the evidence because "'[c]redibility
determinations, the weighing of the evidence, and the drawing of

---

[10] The parties do not dispute that Defendants' Rule 50(a), 50(b), and 59
motions are timely.

legitimate inferences from the facts are jury functions, not those of a judge.'"  *Id.* (quoting *Reeves*, 530 U.S. at 150). Consequently, "'although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.'"  *Id.*; *see also Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 970 (2d Cir. 1987) (a court "cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury") (internal quotation marks omitted).

The movant thus bears a heavy burden, because "a court may grant a motion for judgment as a matter of law 'only if it can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have been compelled to accept the view of the moving party.'"  *Zellner*, 494 F.3d at 370-71 (quoting *Piesco v. Koch*, 12 F.3d 332, 343 (2d Cir. 1993)).  If the court finds that a jury would not have had a legally sufficient evidentiary basis to find for a party on an issue, judgment as a matter of law is appropriate.  *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).  In other words, the Court may grant a Rule 50(b) motion for judgment as a matter of law only if the record contains "'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the

result of sheer surmise and conjecture, or . . . such an overwhelming amount of evidence in favor of the movant that reasonable and fair-minded [jurors] could not arrive at a verdict against [it].'" *Concerned Area Residents for Env't v. Southview Farm*, 34 F.3d 114, 117 (2d Cir. 1994) (quoting *Song v. Ives Lab., Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992)). The Court reviews the moving Defendants' Rule 50(b) motions in light of these considerations.

**B.  Application**

**1.  The Evidence at Trial Need Not Show "Malicious Intent or Evil Motive" for an Award of Punitive Damages**

As an initial matter, with respect to Defendants' challenge to punitive damages awarded by the jury, this Court need not consider Defendants' argument that Plaintiff conceded at trial that Defendants evinced no malicious intent or evil motive, because punitive damages may be awarded if Defendants acted with reckless or callous disregard of Plaintiff's rights. The Supreme Court expressly held in *Smith v. Wade* that, "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages." 461 U.S. 30, 51 (1983); *see Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 115 (2d Cir. 2015) ("The Supreme Court has explained that punitive damages

20

are appropriate only 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless *or* callous indifference to the federally protected rights of others.'" (emphasis added) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999))). Pursuant to the Supreme Court's holding in *Smith*, this Court ruled in its decision on the motions *in limine* (ECF No. 202, Nov. 25, 2022 Order at 6-7) and at the charging conference, that in order for the jury to consider and award punitive damages, there need not be evidence that Defendants had "evil motive or intent," and that evidence that the Defendants acted with "reckless or callous disregard" and also violated federal law sufficed.

At the charging conference, Defendants did not specifically object to the punitive damages instruction. Now in their post-trial motions, the Defendants do not proffer legal support for their position that the jury would have had to find "evil motive or intent" by Defendants. Nor do Defendants argue that evidence of a Defendant's "reckless or callous disregard of Plaintiff's constitutional rights" would not be sufficient for a jury to award punitive damages. (Tr. at 254-270.) Accordingly, the Court will focus only on whether the jury had sufficient evidence to find Defendants acted or failed to act with "reckless or callous disregard for the plaintiff's rights." *Smith*, 461 U.S. at 51.

21

**2. The Evidence at Trial was Sufficient to Support an Award of Punitive Damages**

The Court finds that the trial evidence is sufficient to support the jury's award of punitive damages against each Defendant, based on evidence of Defendants' "reckless or callous disregard for the plaintiff's rights," and admitted failures to comply with the *Earley I* ruling that their administrative imposition (and enforcement) of PRS violated the Constitution.

Defendants repeat their previous arguments that the individual Defendants "had no personal knowledge of Plaintiff, their agencies had no records confirming whether PRS was pronounced by his sentencing judge, and, at the time, many state and federal courts, in disagreement with *Earley*, found Defendants' conduct reasonable." (ECF No. 215, Defs. Reply at 3.) Defendants ignore trial evidence that all three Defendants, two of whom are attorneys, were aware of *Earley I*, and the Second Circuit's ruling that the DOCS imposition and DOP's enforcement of illegal PRS supervision violated the United States Constitution. (Tr. at 99,[11] 161,[12] 188.[13]) Defendants

---

[11] PLAINTIFF'S COUNSEL: And, so, would it be fair to say that you read the *Earley* decision very carefully after it came down? / ANNUCCI: Yes. / COUNSEL: In fact, you had read that decision by—within at least a month after it came out; right? / ANNUCCI: Yes.

[12] PLAINTIFF'S COUNSEL: Now, following the *Earley* decision, did you review the actual order itself, carefully? / TRACY: Which order? / COUNSEL: The first *Earley* decision in 2006. / TRACY: I read it. I read it. When you say carefully, I pretty much read everything carefully, but I read it.

[13] PLAINTIFF'S COUNSEL: Shortly after you became commissioner in January of 2007, you were made aware of the Second Circuit's holding in the *Earley* case, correct? / FISCHER: Correct. / COUNSEL: And, in fact, it was your co-

also argue in their post-trial motions that they were not required by *Earley I* to unilaterally release individuals from the illegal PRS that they administratively imposed*,* (ECF No. 213, Defs. Mem. at 6, 9, 10, 11), and that the evidence at trial demonstrates that they did not act with delay and took actions to address the Second Circuit's mandate immediately. (*Id.* at 7-9, 11.)

Notwithstanding the evidence at trial as to each Defendant, discussed further below,[14] Defendants' argument in their briefing evinces a continuing "disregard" of the multiple Second Circuit rulings regarding Defendants' relevant authority and responsibilities as executive-level heads of DOCS and DOP. The trial evidence demonstrated their knowledge of the *Earley I* decision soon after it was issued in 2006, and their refusal to either excise illegal PRS sentences or to refer those individuals for resentencing—instead continuing, with knowledge,

---

defendant who testified earlier, Acting Commissioner Annucci, who was DOCS's counsel at the time, who informed you of all of the issues raised by *Earley*, correct? / FISCHER: That's correct. / COUNSEL: You were specifically made aware that the decision in *Earley* affected your agency's policy concerns PRS, post-release supervision? / FISCHER: Correct.

[14] The parties' joint stipulation of facts was entered as a joint Court exhibit at trial, titled Court Exhibit 1, which the Court read into the record before opening statements. That joint stipulation of facts and the parties' examination of Defendants and Plaintiff who testified at trial provided evidence for the jury to consider in assessing the compensatory and punitive damages. In Court Exhibit 1, the parties stipulated to the jury: "On June 6, 2006, the United States Court of Appeals for the Second Circuit ruled that post-release supervision in New York must be imposed at sentencing by a judge, and not calculated by DOCS. The Second Circuit ruled that a sentence that contained a post-release supervision term that was calculated by DOCS, and not imposed by a judge violated due process rights under the United States Constitution." (ECF No. 193-1, Court Ex. 1 at ¶¶ 35-36.)

to violate the constitutional rights of such individuals, including Plaintiff's.

In ruling on the parties' pre-trial motions, this Court previously relied on and summarized the Second Circuit's holdings on these issues:

> [T]he Second Circuit has held that Defendants did not have a legitimate basis for failing to follow *Earley I*. In 2016, the Second Circuit found that "[t]he [same] three [D]efendants became aware of *Earley I*'s holding at different times," and noted that Defendant Annucci despite "immediately under[standing] *Earley I*'s holding [in 2006] . . . deliberately refused to change DOCS procedures to bring them into compliance." *Betances II*, 837 F.3d at 167. The *Betances II* court found that Defendant Fischer understood *Earley I*'s holding but agreed with Defendant Annucci's decision not to follow it. *Id*. Defendant Tracy was also aware of and understood *Earley I* and decided not to follow it. Instead, Defendant Tracy "affirmatively decided to continue [the state agency's] former approach in contravention of *Earley I*." *Id*. at 168. Citing Defendants' depositions and testimony, the Second Circuit concluded that, in not making "an objectively reasonable effort to relieve plaintiffs of the burdens of those unlawfully imposed [PRS] terms after they knew it had been ruled that the imposition violated federal law," "[a]ll three [Defendants] confirmed that their noncompliance was not the result of oversight or confusion; they understood that *Earley I* required them to change their [unconstitutional] practices but affirmatively decided not to do so." *Id*. at 167-69, 172-74.

(ECF No. 202, Nov. 25, 2022 Order at 4-5.)

The Second Circuit also had previously addressed the

issue of whether the "steps" Defendants claim they took after

*Earley I* were sufficient:

> [Defendants] contend that they acted with objective reasonableness in responding to the *Earley I* decision, citing the same steps they relied on in the *Betances* litigation. But those steps, set out in the margin, were primarily taken between 14 and 19 months after the decision in *Earley I*, as we pointed out in *Betances II*, 837 F.3d at 172, and that decision has already determined that these steps were not an objectively reasonable justification for the defendants' delay in seeking resentencing of prisoners with administratively imposed PRS terms. "That the defendants eventually took reasonable steps to comply with *Earley I* cannot excuse their unreasonable delay in doing so." *Id*.

> *Betances II* is indistinguishable from Hassell's case. Like the plaintiffs in *Betances II*, Hassell is an offender "subject to [a] mandatory PRS term[ ]" after June 9, 2006, and who alleged that the term was imposed by "DOCS, rather than [his] sentencing judge." *Id*. at 170. Accordingly, the defendants are foreclosed by *Betances II* from arguing that their belated, albeit reasonable, steps to comply with *Earley I* excuse the initial unreasonable delay.

*Hassell v. Fischer*, 879 F.3d 41, 50-51 (2d Cir. 2018).

Notwithstanding that the Court was guided by the

Second Circuit's decisions, Defendants testified at trial about

their knowledge of *Earley*, their views regarding *Earley*, and for

their response or lack of response. The Second Circuit has

issued multiple opinions addressing whether Defendants took

reasonable actions, post *Earley*, to alleviate the injury of

their constitutional violations and found that they had not.
*Earley I*, 451 F.3d 71, reh'g denied, *Earley II*, 462 F.3d 147;
*Vincent*, 718 F.3d at 173; *Betances II*, 837 F.3d at 165 (2d Cir.
2016); *Hassell*, 879 F.3d at 50-51; *Vincent*, No. 21-22, 63 F.4th
145, 2023 WL 2604235 at *5 (2d Cir. Mar. 23, 2023) ("As we have
previously explained, Annucci's liability 'arose from [his]
unreasonable delay in acting to comply with *Earley I* for many
months after that decision'").[15]  Evidence in the record
establishes that Santiago is in the category of plaintiffs whose
constitutional rights had been violated by Defendants'
imposition of illegal PRS and their subsequent enforcement of
"null and void" PRS and the Defendants' lack of action to either
(1) re-sentence plaintiffs with illegal PRS sentences or (2)
excise the illegal PRS sentence.  Based on evidence at trial,
the jury decided whether Defendants' unreasonable delay in
complying with *Earley I* constituted callous and reckless
disregard of Plaintiff's constitutional rights and caused his
injuries.

---

[15] Judge Kearse also summarizes in her dissent in the most recent Second
Circuit opinion, *Vincent*, "[W]e are unanimous in rejecting Annucci's renewed
contention that he is entitled to qualified immunity from paying money
damages for such violations—a contention definitively rejected in *Betances v.
Fischer*, 837 F.3d 162 (2d Cir. 2016) ("*Betances*") . . ."  Vincent, 63 F.4th
at 155.  She then continued, "I am unable . . . to see that the majority's
decision to remand to the district court to determine whether there was 'any
impediment, legal or otherwise, to Annucci's simply and unilaterally
releasing Vincent,' Majority Opinion *ante* at 154, is reconcilable with the
record in this case."  (*Id.*)

At trial, the evidence established that all three
Defendants were aware of *Earley I* in which the Second Circuit
ruled that the DOCS imposition and DOP's enforcement of illegal
PRS supervision violated federal law, all three defendants
failed to seek resentencing or excise Santiago's PRS, which led
to his unlawful incarceration. (*See supra* notes 12-14.)
Moreover, the Defendants affirmatively testified that they did
not take initial steps to see whether a District Attorney or
state court judge would have re-sentenced Plaintiff Santiago.
(Tr. at 107,[16] 109,[17] 110,[18] 191-92,[19] 164-65,[20] 242.[21])

---

[16] PLAINTIFF'S COUNSEL: You didn't direct DOCS to start [telling] people that *Earley* had declared their sentences unconstitutional for years later? / ANNUCCI: Correct. / THE COURT: Well, when you say years, can you be more specific, please? / COUNSEL: Approximately two years later. / THE COURT: Ok . . . is that correct? / ANNUCCI: Yes.

[17] PLAINTIFF'S COUNSEL: Now, isn't it true that Mr. Santiago was imprisoned June 12, 2007 precisely because the Department of Correctional Services kept its policy of enforcing these unconstitutional terms of post-release supervision in place? / ANNUCCI: Yes. / COUNSEL: Now, before June 12, 2007, you never asked a judge to re-sentence Mr. Santiago; right? / ANNUCCI: Correct.

[18] PLAINTIFF'S COUNSEL: Prior to June 12, 2007, you never wrote an assistant district attorney in Kings County telling them to apply to have Mr. Santiago resentenced, did you? / ANNUCCI: No.

[19] PLAINTIFF'S COUNSEL: Commissioner [Fischer], prior to 2007, did you ever go to a judge, write to a judge, and ask Mr. Santiago to be resentenced? / FISCHER: No. / COUNSEL: Did you ever approach a district attorney and ask them to facilitate a resentencing for Mr. Santiago? / FISCHER: No. / COUNSEL: Did you take any action whatsoever to help facilitate the resentencing of Mr. Santiago? / FISCHER: No.

[20] PLAINTIFF'S COUNSEL: All right. Now, before June 12, 2007, did you or anybody in your staff ask a judge to re-sentence Mr. Santiago? / TRACY: No. I have no recollection of anyone in my office or myself asking anyone, asking the Court to re-sentence him. / COUNSEL: Before June 12, 2007, did you ever ask a district attorney to apply for resentencing for Mr. Santiago? / TRACY: I have no recollection of doing that.

[21] PLAINTIFF'S COUNSEL: So it's your testimony that prior to the spring of 2008, despite having a list of 8,000 people who might have illegally-imposed post-release supervision, you took no affirmative steps to inform those people of what happened? / ANNUCCI: Other than writing back to those who wrote to me.

Nonetheless, contrary to their post-trial motion, the Defendants had the opportunity to and did testify at trial to any impediments each Defendant perceived to either (1) resentence Plaintiff or (2) excise his illegal PRS sentence as mandated by the Second Circuit and further testified to the steps they took more than a year after *Earley I* was decided. The Defendants testified, and the jurors ultimately found that Defendants' indifference to Plaintiff's constitutional rights warranted the award of compensatory and punitive damages. It was "fully within the jury's fact-finding discretion to credit portions" or reject portions of the parties' testimony, including testimony regarding the justifications for why Defendants took as long as they did to initiate compliance with *Earley I*. *Hoyte v. Nat'l R.R. Passenger Corp.*, No. 04-cv-5297 (GEL), 2006 WL 2053383, at *3 n. 2 (S.D.N.Y. July 24, 2006); *see also Haywood v. Koehler*, 78 F.3d 101, 105 (2d Cir. 1996) ("[I]n most trials . . . the jurors [a]re not required to accept the entirety of either side's account, but [a]re free to accept bits of testimony from several witnesses and to make reasonable inferences from whatever testimony they credit[ ]."); *Piesco v. Koch*, 12 F.3d 332, 343 (2d Cir. 1993) ("It was the responsibility of the jury, not the court, to determine whether her trial testimony should be believed.").

**a)  Testimony of Annucci – then—Chief Counsel to DOCS, now Acting Commissioner of DOCCS**

First, the Court finds that the evidence at trial demonstrated that Annucci, who was the Chief Counsel for DOCS at the relevant time, understood the holding of the Second Circuit's decisions and what he had to do to comply, and decided not to do so.  At trial, Annucci was asked and affirmatively answered "yes" to whether he recognized that the Second Circuit's decision in *Earley I* had a "wide-ranging impact" and whether he had read it carefully, within a month of it being issued.  (Tr. at 99, 214.)  Annucci also admitted that he understood that *Earley I* had rendered thousands of administratively imposed PRS sentences as a nullity.  He testified that on July 20, 2006, he sent an email about the holding in *Earley I* to the Assistant Deputy Counsel for Criminal Justice at the New York State Office of Court Administration, to address *Earley I* "going forward," but did not testify that he otherwise discussed excising the illegal administratively-imposed PRS or resentencing with the Office of Court Administration in the July 20, 2006 email.  (*Id.* at 103.)  Annucci's July 20, 2006 email to John Amodeo, then-Assistant Deputy Counsel for Criminal Justice at the Office of Court Administration, stated that he expected people to begin challenging their PRS sentences because of the *Earley I*

decision, and admitted that the Second Circuit's holding was controlling authority on the federal Constitution. (*Id.* at 103-05.)

Annucci testified to the administrative difficulties Defendants faced, tracking which criminal defendants had illegal PRS sentences. (*Id.* at 229-31.) Annucci, however, did not explain to the jury why it would have been impossible, or even difficult, to inform the defendants who were potentially affected by the decision in *Earley I*. (*Id.*) Annucci testified that, because of the DOCS database, he knew there were roughly 8,000 individuals who were possibly unlawfully sentenced to PRS. (*Id.* at 229.) Annucci testified that, because of the "ample legal materials being made available in law libraries," he left it up to the incarcerated individuals to determine that their administratively imposed PRS sentences were unconstitutional and advocate for their own relief. (*Id.*) He did not explain why the DOCS and DOP could not have excised the illegally imposed PRS, rather than decide that the burden for rectifying DOCS and DOP's illegal action should fall on wrongfully sentenced, incarcerated individuals. Annucci was unequivocal that the DOCS database, to which he had access, clearly identified each defendant that could be affected by the Second Circuit's *Earley I* decisions. (*Id.* at 230.) Despite access to this information, Annucci testified that he did not inform the District Attorneys'

offices or do anything to rectify the situation, besides responding to the individual letters sent to him by incarcerated individuals who had initiated outreach to his agency. (*Id.* at 230-31.)

Therefore, the Court finds, based on more than sufficient trial evidence, that the jurors reasonably considered Annucci's testimony that he understood *Earley I* soon after it was issued, but did not act to remove or re-sentence the administratively imposed and unconstitutional PRS sentences, which caused daily deprivations of the rights of criminal defendants who were incarcerated because of an illegal, "null and void" PRS sentence. (*Id.* at 107.) The jury heard Annucci testify that he "knew that if [people under administratively imposed PRS] violated [that] post-release supervision . . . they could end up locked up" (*id.* at 109), and that DOCS did not act faster because they "did not have complete records in *every* case." (*Id.* at 138(emphasis added).)

Finally, Annucci testified that he understood that Santiago was one of the many that were affected by Annucci's delay in reversing the unconstitutional actions of DOCS when it administratively imposed and enforced illegal PRS sentences. (*Id.* at 110-11.) Annucci admitted that even if he did not know who Santiago was individually, that Santiago's constitutional rights were violated, and testified to not fully having read the

31

opinions of this Court as of the date he testified. (*Id.*)
Annucci answered "yes" when asked whether it was "true that Mr.
Santiago was imprisoned June 12, 2007 precisely because the
Department of Correctional Services kept its policy of enforcing
these unconstitutional terms of post-release supervision in
place." (*Id.* at 109.) The Court finds that there is sufficient
evidence for the jury to have found unanimously that Annucci's
disregard for the constitutional rights of Santiago and other
similarly affected individual was callous or reckless, and that
compensatory and punitive damages were warranted.

> **b)  Testimony of Tracy – then-Chief Counsel to
> the New York State Division of Parole**

The Court also finds that there was sufficient
evidence at trial for a jury to find that Defendant Tracy
demonstrated callous or reckless disregard for Plaintiff's
constitutional rights. Defendant Tracy was Chief Counsel, the
highest-ranking attorney, at the Division of Parole during the
relevant period, and testified that part of his job was to make
sure that DOP policies followed the federal Constitution and
that the agency did its best to comply. (Tr. at 156, 160.) He
testified that in the "latter part of 2006" he became aware of
the Second Circuit's *Earley I* decision, and that he understood
that post-release supervision had to be pronounced by a judge
and not added by DOCS. (*Id.* at 160.) He admitted to knowing

that *Earley I*, as soon as he read it, would have a big impact on a large number of individual defendants on parole and post-release supervision, but still "did not change [the DOP] policies as to keeping people under [PRS]" in response to *Earley I*. (*Id.* at 161-63.) Tracy further testified that he knew that after *Earley I* was decided, his delay and lack of action would lead to periods of illegal incarceration for those who were incarcerated for violating unconstitutional PRS sentences. (*Id.* at 164.)

Tracy testified that between 2006 and 2008, there was a "mainframe" that the DOP and DOCS could use to see whether or not there was an illegal, administratively-imposed PRS sentence on a criminal defendant's record. (*Id.* at 163.) Tracy also testified that he believed it was "the Department of Corrections [and not his agency, the Division of Parole, that] was the primary agency that was responsible for executing an individual's sentence and memorializing [the sentence] on the appropriate mainframe." (*Id.* at 164.) Yet, Defendant Tracy also testified, that as an agency head, he did not coordinate or discuss the Second Circuit's *Earley I* decision after he became aware of it. (Id.)

Tracy admitted at trial, "I knew there may well be a person out there for whom we issued a warrant who had never heard about post-release supervision at all at the time of

33

sentencing." (*Id*. at 182.)  He also testified that in June 2007, he knew that it was a "possibility" that the information about post-release supervision that DOP was relying on "might be inaccurate" when issuing warrants to extradite criminal defendants for violating illegal PRS sentences.  (*Id*.) Defendant Tracy also testified that he did not instruct DOP officials to conduct the basic task of confirming whether a PRS sentence was legal before issuing a warrant, despite his own knowledge that illegal PRS sentences were a possibility.  (*Id*.) Specifically, Defendant Tracy stated that he did not attempt to retrieve and review Santiago's sentencing minutes before seeking the warrant to arrest Santiago for violating his illegal PRS sentence.  (*Id*.)

### c)   *Testimony of Fischer – then-Commissioner of DOCS*

Lastly, the Court finds that there was sufficient evidence at trial for a jury to find that Defendant Fischer acted with callous or reckless disregard for Plaintiff's constitutional rights, in his capacity as DOCS Commissioner. Fischer testified that he was aware of *Earley I*'s impact on DOCS policies concerning post-release supervision.  (*Id*. at 188-89.) He testified that he and Annucci along with others in the DOCS legal counsel office had conversations about *Earley I* and that he understood any sentence not imposed by a judge was considered

"null and void," and violated the Constitution. (*Id.*)
Nonetheless, the jury heard Fischer testify that, despite his
knowledge that the administratively-imposed PRS sentences were
unconstitutional, it was he who "made the decision to keep PRS
in place for those that DOCS had already imposed it upon." (*Id.*
at 190.)

Though Fischer testified to believing he had "no
authority" "to release individuals without a court order," he
also stated he understood that *Earley I* was a court order
requiring him and other DOCS officials to "find a process by
which [they] could correct the problem." (*Id.* at 202.) Fischer
specifically testified that he "took no such steps" "in Mr.
Santiago's case" to ameliorate the problem though he was on
notice that the administratively-imposed PRS sentences violated
constitutional rights. (*Id.*) Fischer testified that he kept in
place PRS sentences that DOCS had already imposed, though he
knew that "individuals, like [Plaintiff], may have been remanded
from serving an illegal PRS sentence and might end up back in
prison." (*Id.* at 190.) Based on the foregoing, the jury's
award of damages was sufficiently supported by the evidence.

### 3. **The Punitive Damages Award**

Next, the Court must determine whether the punitive
damages awarded by the jury in this case were excessive. The
jury's verdict found that Defendants were jointly and severally

35

liable to pay $100,000 in compensatory damages, and that each Defendant was liable individually for $250,000 in punitive damages.  Defendants argue that the punitive damages awards should be vacated or substantially reduced due to the factors stated in *BMW of N. Am. v. Gore*, 517 U.S. 559, 574-75 (1996).

To determine whether the punitive award is excessive, the Supreme Court in *Gore* identified three "guideposts" for the Court's consideration: "1) the degree of reprehensibility; 2) the disparity between the harm or potential harm and the punitive damages award; and 3) the difference between the remedy and the civil penalties authorized or imposed in comparable cases." *Gore*, 517 U.S. at 574-75; *DiSorbo v. Hoy*, 343 F.3d 172, 186 (2d Cir. 2003).

An award of punitive damages should be reversed only if it is "so high as to shock the judicial conscience and constitute a denial of justice." *Hughes v. Patrolmen's Benevolent Ass'n*, 850 F.2d 876, 883 (2d Cir. 1988) (*quoting Zarcone v. Perry*, 572 F.2d 52, 56-57 (2d Cir. 1978)).  "The Second Circuit instructs that '[i]n gauging excessiveness, [courts] must keep in mind the purpose of punitive damages: to punish the defendant and to deter him and others from similar conduct in the future." *Anderson v. Osborne*, No. 17-CV-539, 2020 WL 6151249, at *7 (S.D.N.Y. Oct. 20, 2020) (alterations in

36

original) (quoting *Lee v. Edwards*, 101 F.3d 805, 809 (2d Cir. 1996)).

In conducting the *Gore* analysis, further detailed below, the Court finds that the punitive damages against each Defendant are not excessive.

### a) *Degree of Reprehensibility*

Under the first prong of *Gore*, evidence at trial supported the jury's finding that Defendants engaged in reprehensible conduct against Plaintiff by intentionally enforcing, instead of rescinding, his illegal, null and void PRS sentence, thus causing Plaintiff's unlawful incarceration for 240 days (or seven months and 26 days).  "The most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (quoting *Gore*, 517 U.S. at 575).  The Supreme Court has "instructed [lower] courts to determine the reprehensibility of a defendant by considering whether: the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident."  *Id*. at 419.

The Supreme Court aptly instructed in *Gore*, "[c]ertainly, evidence that a defendant has *repeatedly* engaged in prohibited conduct while knowing or suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law."  517 U.S. at 576–77 (emphasis added).

The trial evidence established that Defendants were aware of the *Earley I* decision, deliberately failed to ameliorate Plaintiff's illegally imposed PRS sentences, and allowed the unconstitutional incarceration of Plaintiff, and eight thousand others similarly situated to continue after the Second Circuit declared the DOC's and DOP's PRS sentences to be null, void, and in violation of the federal Constitution.  The wrongful incarceration of Santiago caused physical restraints on Santiago's liberty and emotional harm.  (Tr. at 42-55.)  As noted above, there was evidence to support the jury's award of punitive damages, based on Defendants' knowledge that their acts of imposing and enforcing PRS was unlawful and caused Plaintiff and thousands of individuals to be "locked up" (*id*. at 109), thus establishing each Defendant's indifference or reckless disregard of Plaintiff's constitutional rights.  Moreover, the Defendants' conduct and lack of action was repeated multiple times with regard to thousands of state criminal defendants.

The Court finds that the evidence presented at trial, and discussed at length above, reflects each Defendants' reprehensible conduct, as it was repeated, reckless and culminated in depriving Plaintiff's liberty and thousands of others of their liberty. Defendants all knew of *Earley I* and all chose to continue to ignore *Earley I*'s proscriptions and instead "engage[] in prohibited conduct," all of which demonstrated Defendants' "disrespect for the [Second Circuit's] law" when they knowingly failed to respond appropriately to rectify the established constitutional violation. (*Id.*)

Furthermore, Plaintiff's liberty was deprived by Defendants repeated conduct, and he was incarcerated for 240 days due to an illegal PRS sentence that could have been but was not excised. (Tr. at 42.) Plaintiff testified to having his hands and feet shackled, being separated from his wife, and being exposed to violence inside prison. (Tr. at 50-55.) When asked to describe his incarceration and the loss of his liberty, Santiago testified, "It's like being buried alive. You there but you don't exist. You not doing nothing. You not moving forward." (Tr. at 55.) The jury witnessed the obvious emotional pain as he wept at points during his testimony, and likely credited his testimony and found that each Defendant acted in a reprehensible manner.

Considering the Defendants' repeated and continued
lack of compliance with the Second Circuit's decisions, the
deprivation of liberty suffered by Plaintiff and thousands of
others, and the Plaintiff's testimony regarding the harm he
suffered, the first *Gore* factor militates in favor of punitive
damages.

**b)** ***Proportionality to Compensatory Damages***

Next, *Gore* directs courts to consider "whether there
is a reasonable relationship between the punitive damages award
and the harm likely to result from the defendant's conduct as
well as the harm that actually has occurred." *DiSorbo*, 343 F.3d
at 187. The reasonableness determination "does not entail a
simple mathematical formula, as there may be cases where a
particularly egregious act has resulted in only a small amount
of economic damages." *Id*. (quotation marks omitted). "The
Supreme Court has repeatedly stressed the impossibility of
making any bright-line test," and that "the propriety of the
ratio can vary enormously with the particular facts of the
case." *Payne v. Jones*, 711 F.3d 85, 201 (2d Cir. 2013) (citing
*Gore*, 517 U.S. at 582–83.). "When the compensable injury was
small but the reprehensibility of the defendant's conduct was
great, the ratio of a reasonable punitive award to the small
compensatory award will necessarily be very high." *Id*. The

Court finds that the punitive damages awarded against each
Defendant are reasonable.

As an initial matter, the ratio between the punitive
damages award of $250,000 against each Defendant, in proportion
to the $100,000 compensatory damages for which the Defendants
are jointly and severally liable, is not unreasonable. *Manzo v.
Sovereign Motor Cars, Ltd.*, No. 08-CV-1229 (JG)(SMG), 2010 WL
1930237, at *5 n.6 (E.D.N.Y. May 11, 2010), *aff'd*, 419 F. App'x
102 (2d Cir. 2011) (finding that consideration of the ratio
between compensatory and punitive damages is appropriate because
"punishing and deterring the individual defendant", are valid
purposes of punitive damages).  "Joint and several liability,"
by its nature, "imposes on each wrongdoer responsibility for the
entire damages awarded, even though a particular wrongdoer's
conduct may have caused only a portion of [it]." *Rodick v. City
of Schenectady*, 1 F.3d 1341, 1348 (2d Cir. 1993) (cleaned up).
"Because compensatory damages are assessed on a joint-and-
several basis while punitive damages are assessed individually
and with an intent to punish and deter a particular defendant,
it is counterintuitive to prorate the collective compensatory
damages amount and compare that to an individual punitive
damages amount, or to disregard the individual nature of

punitive damages."[22] *Saleh v. Pretty Girl, Inc.*, No. 09-CV- 1769 (RER), 2022 WL 4078150, at *29 (E.D.N.Y. Sept. 6, 2022) (internal citations omitted). Thus, the Court will compare the individual punitive awards with the total compensatory award.

> Indeed, the jury was specifically instructed:
>
> > There are three defendants in this case, and it does not follow that if you award damages against one defendant, the other defendants must also pay damages . . . . You may, but are not required to, award punitive damages only if you find that a particular defendant's conduct was motivated by evil motive or intent, or the defendant's conduct involved reckless or callous indifference to the plaintiff's federal constitutional rights.

(Tr. at 362, 364.)

The jury's verdict form asked "[w]hat amount of punitive damages has Plaintiff proven by a preponderance of the evidence against each Defendant?" and the judgment states that Plaintiff was awarded punitive damages from "each of the Defendants." (ECF Nos. 208, Verdict Form; 209, Judgment.) Accordingly, for purposes of this analysis, the resulting ratio between $250,000 in punitive damages for each Defendant, and $100,000 in compensatory damages are, respectively, 2.5:1, 2.5:1, and 2.5:1. Here, the damages ratios are not unreasonable

---

[22] Notably, "there is an absence of explicit direction from the Second Circuit as to how courts should properly compute such ratios where, as here, defendants are jointly and severally liable for compensatory damages but individually liable for separate amounts of punitive damages." *Magalios v. Peralta*, No. 19-CV-6188 (CS), 2022 WL 407403, at *5 (S.D.N.Y. Feb. 10, 2022); *see also Alla v. Verkay*, 979 F. Supp. 2d 349, 374 (E.D.N.Y. 2013).

under the Constitution. *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 167 (2d Cir. 2014) (holding that "in the aggravated circumstances of this case, an approximate 2:1 ratio is both permissible under the Constitution and consistent with the established policies adopted and adhered to by this Court"); *see State Farm Mut. Auto. Ins. Co.*, 538 U.S. at 425 ("Our jurisprudence and the principles it has now established demonstrate, however, that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.")

Even if the Court incorrectly compared the $750,000 total punitive damages to $100,000 compensatory damages and the ratio were 7.5:1, "given the constellation of intentional misbehavior by the [Defendants]," the Court does not find the ratio to be unreasonable. *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 149 (2d Cir. 2015) ("[T]here is no rigid upper limit on a ratio of punitive damages to compensatory damages . . . "). "The Second Circuit has generally been reluctant to place much weight on the ratio of punitive to compensatory damages." *Jennings v. Yurkiw*, No. 14-CV-6377, 2019 WL 6253813, at *5 (E.D.N.Y. Nov. 22, 2019), *aff'd*, 18 F.4th 383 (2d Cir. 2021); *see Payne*, 711 F.3d at 103 (the "ratio of punitive to compensatory damages, by itself, tells nothing about whether the punitive award was excessive"). Moreover, after considering the

43

relationship between the punitive damages award and the harm
likely to, and harm that actually did, result to Santiago, the
Court finds that this second factor supports the punitive
damages awards.

### c) *Comparable Civil Penalties*

For the third factor, "[c]ourts have often found it
helpful in deciding whether a particular punitive award is
excessive to compare it to court rulings on the same question in
other cases." *Payne*, 711 F.3d at 104. "The undertaking is
precarious because the factual differences between cases can
make it difficult to draw useful comparisons." *Id*. at 105.

In this unique case against high-ranking officials who
are aware that a federal appeals court found their acts to be
unconstitutional, the jury's verdict reflects what a reasonable
juror could find based on the evidence, regarding the
Defendants' failure to excise PRS, or to seek resentencing for
Plaintiff with less delay, which ultimately resulted in
Plaintiff's incarceration for violating an illegal PRS sentence.
The jury could have found reprehensible conduct and callous
disregard from Defendants' failure to comply with *Earley I*. The
jury also heard evidence of Defendants' attempt to shift the
burden of rectifying their illegal acts or omissions to
Plaintiff (including testimony by Defendants that inmates could
have gone to the prison law library and sought relief (Tr. at

44

174-78, 217, 230-31)), and Defendants' attempt to minimize the harm Santiago described after he was incarcerated for violating PRS (including testimony by Defendant Annucci, likening the prison environment to a "small college in upstate New York, except for the secure perimeter fencing that surrounds it" (Tr. at 127)). The jury's punitive damages awards reflect the jury's rejection of Defendants' testimony seeking to deflect and minimize Defendants' conduct.

Although there are not many directly comparable cases of constitutional violations of this magnitude by state agency heads, the Second Circuit "ha[s] long held that, when damages are awarded, calculation of damages is the province of the jury." *Restivo v. Hessemann*, 846 F.3d 547, 587 (2d Cir. 2017) (citing *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 671 (2d Cir. 2012) (internal quotation marks omitted)). Therefore, "in reviewing damages awards, we accord considerable deference to the factual findings of both judge and jury" and "[a]lthough a review of comparable cases is appropriate, we need not average the high and low awards; we focus instead on whether the verdict lies within the reasonable range." *Id.* (cleaned up).

The Court looks to false arrest, wrongful imprisonment, and malicious prosecution cases for comparison, claims in cases which share characteristics similar to those presented here. It could be analogized that Plaintiff was

45

falsely arrested for violating an illegal, null and void PRS
sentence, maliciously prosecuted through proceedings to enforce
the violation of an illegal PRS sentence, and wrongfully
imprisoned for over seven months for the violation of an illegal
PRS sentence.  Santiago was incarcerated for 240 days for
violating what Defendants knew was an unconstitutional, null and
void PRS sentence, during a time that Defendants admitted their
knowledge of the Second Circuit's *Earley* decision.  (Tr. at 42;
*see supra* footnotes 14-16.)

       False arrest awards include two components: (1) loss
of liberty and (2) physical and emotional distress, evidence of
which was presented at trial.  *See Martinez v. Port Auth. of
N.Y. and N.J.*, 445 F.3d 158, 161 (2d Cir. 2006) ("Nor did the
District Court err in evaluating plaintiff's emotional distress
and loss of liberty as separate components of his false arrest
claim, inasmuch as we have held previously that such components
are 'separable' and thus separately compensable[.]") (citing
*Kerman v. City of New York*, 375 F.3d 93, 125-26 (2d Cir. 2004)
(additional citation omitted)).  "An individual subjected to a
false arrest is entitled to two types of compensatory damages:
(1) for loss of liberty and (2) for physical and emotional
distress."  *Thomas v. Kelly*, 903 F. Supp. 2d 237, 262 (S.D.N.Y.
2012) (citing *Martinez v. Port Auth. of N.Y. & N.J.*, 445 F.3d
158, 161 (2d Cir. 2006); *Kerman v. City of New York*, 374 F.3d

46

93, 125 (2d Cir. 2004)); *see also Martinez*, 445 F.3d at 161 (noting that loss of liberty is separately compensable from emotional distress).

Calculating older awards to 2022 dollars, false arrest awards have ranged from approximately $12,800 to $387,000 (reflecting 2022 amounts).[23] *Dancy v. McGinley*, No. 11CV7952 (LMS), 2015 WL 13214324, at *11 (S.D.N.Y. May 11, 2015), *aff'd*, 843 F.3d 93 (2d Cir. 2016); *see Kerman*, 374 F.3d at 125 (collecting cases and noting that plaintiffs confined for mere hours, without proof of actual damages, could collect up to $10,000 in 2004 ($12,800 in 2022) for their loss of liberty); *Gardner v. Federated Dept. Stores, Inc.*, 907 F.2d 1348, 1353 (2d Cir. 1990) (reducing an award of $150,000 in 1990 ($350,500 in 2022) for the deprivation of liberty for six hours to $50,000 ($115,100 in 2022)); *Bender v. City of New York*, 78 F.3d 787, 792 (2d Cir. 1996) ($150,000 in 1996 ($350,500 in 2022) where physical injuries were minor, unlawful detention lasted 24 hours, and emotional damages were minimal); *Martinez*, 445 F.3d at 160 (affirming the district court's decision to reduce the

---

[23] Prior jury verdicts and judicial remittiturs are proper benchmarks in deciding the highest amount of an award that is not shocking to the judicial conscience. *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1013 (2d Cir. 1995), *rev'd on other grounds*, 518 U.S. 1031 (1996). Using cases from prior years, the Court factors in an upward adjustment for inflation and utilized an adjustment mechanism provided by the United States Bureau of Labor Statistics on its website in order to calculate the amount of damages to the date of the jury's verdict in November 2022. (http://data.bls.gov/cgi-bin/cpicalc.pl). All amounts are approximate, as the Court also rounds to the nearest hundred dollar.

plaintiff's award for deprivation of liberty to $160,000 in 2006 ($257,200 in 2022), where the plaintiff was held for approximately eighteen hours); *Marion v. LaFargue*, No. 00 Civ. 840, 2004 WL 330239 (S.D.N.Y. Feb. 23, 2004)($150,000 in 2004 ($240,200 in 2022) for six days).

Malicious prosecution cases and wrongful imprisonment cases are analogous to the circumstances in this case and show a range of damages where an individual was illegally incarcerated. *See King v. Macri*, 993 F.2d 294 (2d Cir. 1993) (upholding a $75,000 in 1993 ($156,600 in 2022) award for a malicious prosecution claim); *Gentile v. County of Suffolk*, 926 F.2d 142 (2d Cir. 1991) (upholding a $75,000 in 1991 ($165,900 in 2022) award for a malicious prosecution claim)); *see Restivo v. Nassau County*, No. 06 Civ. 6720, 2015 WL 5796966 (E.D.N.Y. Sept. 30, 2015)(18 million dollars in 2014 (or approximately $22.8 million in 2022) for eighteen years of wrongful incarceration); *Burton v. City of New York*, No. 20CV9025ATRWL, 2022 WL 9491955, at *10 (S.D.N.Y. Sept. 26, 2022), *report and recommendation adopted sub nom. Burton v. Blocker*, No. 20CIV9025ATRWL, 2022 WL 9474454 (S.D.N.Y. Oct. 14, 2022) (collecting cases and finding that an award of one million dollars to plaintiff for each year of wrongful imprisonment is fully supported by other cases).

Given that Plaintiff was incarcerated for 240 days and suffered both a loss of liberty as well as physical and

emotional harms, the awards of $150,000 joint and several compensatory damages and $250,000 punitive damages for each Defendant do not appear to be excessive.[24]  The jury clearly credited Plaintiff's testimony, and evaluated to the Defendants' reasons for their conduct.  In light of the evidence, including the injuries to which Plaintiff testified, the Court finds, based on the damages awarded in comparable cases, that the punitive damages awards do not shock the judicial conscience.  Accordingly, Defendants' request to reduce or vacate the punitive damages award is respectfully denied.

## II.  Defendants' Rule 59 Motions for a New Trial

### A.  Legal Standard

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice."  *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 106 (2d Cir. 2002) (internal

---

[24] The Defendants' Rule 50(a), 50(b), and 59 motions do not seek to vacate Plaintiff's compensatory damages award. (*See* Defs. Mem. at 16.)  To the extent, Defendants argue, again, that the jury should have been instructed "that they should determine whether, had Plaintiff received the process he was due (a referral for resentencing), and after receiving process, the result would have been the same (the same PRS term), then he would have been entitled to no more than $1.00 in nominal damages" (*id.* at 25), the Court discusses below why it could not and would not provide instructions on speculation and how recent Second Circuit law in *Vincent* concludes that this instruction request is without merit.  *See infra* at 56-58; *see also Vincent*, 63 F.4th at 147 (remanding to the district court to consider "whether Vincent established his entitlement to compensatory damages").  In any case, the jury found sufficient evidence at trial that Mr. Santiago was entitled to $100,000 to be awarded in compensatory damages.

quotation marks omitted). The standard applied in reviewing a party's motion for a new trial "depends on whether that party objected contemporaneously to the purported errors." *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005). Where objections have been preserved through contemporaneous objection, a new trial is warranted if "the district court committed errors that were a 'clear abuse of discretion' that were 'clearly prejudicial to the outcome of the trial.'" *Id.* (*quoting Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 17 (2d Cir. 1996)); *see also Vogelfang v. Riverhead Cnty. Jail*, No. 04-CV-1727, 2012 WL 1450560, at *6 (E.D.N.Y. Apr. 19, 2012) (same).

Where claimed errors were not preserved contemporaneously at trial, "a new trial will be granted only for error that was 'so serious and flagrant that it goes to the very integrity of the trial'" because "failure to object deprives the trial court of the opportunity to correct the error during trial." *Marcic*, 397 F.3d at 124 (quoting *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 51 (2d Cir. 1998)); *see also Lore v. City of Syracuse*, 670 F.3d 127, 160 (2d Cir. 2012) (internal citations omitted) (party who fails to object at trial to substance of verdict form "waives its right to a new trial on that ground and has no right to object to such matters on appeal . . . unless the error is fundamental").

**B.   Application**

Defendants seek a new trial on damages, asserting that they were precluded from offering evidence to defend the punitive damages claim, and because the Court declined to charge the jury with an instruction for damages for procedural due process claims and a "verdict form consistent with such a charge." (ECF No. 213, Defs. Mem. at 22.)  The Court considered the parties' motions, proposed jury charges, arguments and objections, and based its evidentiary rulings and decisions on the Federal Rules of Evidence, Federal Rules of Civil Procedure, and controlling case law, and concludes that Defendants have not met the standards for a new trial under Rule 59.

Defendants assert that they were prejudiced during the trial as a result of the Court's preclusion of two items of evidence.  The two items of precluded evidence that Defendants argue should have been admitted and would have been relevant to the jury's punitive damages assessment of the level of Defendants' callous and reckless disregard of Plaintiff's constitutional rights are: (1) Defendants' understanding of Penal Law §70.45 or Jenna's Law, and (2) their understanding of the policies of the District Attorneys and state courts in response to *Earley I*'s ruling on administratively imposed PRS. (ECF No. 213, Defs. Mem. at 2.)

As an initial matter, the Court notes that

notwithstanding the Court's ruling, the Defendants testified at trial regarding their "fair and reasonable understanding and interpretation of the law and circumstances existing at the time." (ECF No. 213, Defs. Mem. at 2; Tr. at 106-08, 132-38, 164, 171-72, 201-02, 218.) Defendants' trial testimony about Jenna's Law was of marginal relevance in explaining why they disregarded the mandates of *Earley I*, and also risked juror confusion. As the Second Circuit and this Court had previously noted, the text of Penal Law § 70.45 does not authorize state officials to impose PRS and does not excuse Defendants' violation of the Constitution.

As to the preclusion of Defendants' understanding of the post-*Earley* policies of the state courts and District Attorneys, Defendants never proffered to the Court at any time before trial (or produced to Plaintiff in discovery) what, if any, specific policies specific District Attorneys and state courts implemented in response to *Earley I*. In any event, the Second Circuit had ruled in *Betances II* that these same Defendants could not excuse their lack of compliance with *Earley I* based on the purported policies of unidentified District Attorneys and state court judges.

Thus, the Court made its rulings after reviewing Defendants' similar arguments that the Second Circuit had already found to be irrelevant to the Defendants' violation of

52

Plaintiff's constitutional rights. The Court incorporates by reference and briefly summarizes its reasoning from its order ruling on Defendants' motions on these issues prior to trial.

> [I]nsofar as Defendants seek to have witnesses testify that they were relying on Penal Law § 70.45 during the events relevant to this case, the Second Circuit has already rejected the Defendants' argument that their unconstitutional conduct was excused by Penal Law § 70.45. *Earley v. Murray* ("*Earley I*"), 451 F.3d 71, 76 (2d Cir. 2006) (holding that the DOCS practice of adding PRS to a sentence where Penal Law § 70.45 required it, but the sentencing judge had not imposed it, was unconstitutional), *reh'g denied*, 462 F.3d 147, 150 (2d Cir. 2006) ("*Earley II*"); *Betances v. Fischer* ("*Betances II*"), 837 F.3d 162, 165 (2d Cir. 2016). Specifically, in 2006, the Second Circuit found the administrative imposition of PRS by DOCS unconstitutional. *Earley I*, 451 F.3d at 76. Defendants' argument that they could properly rely on Penal Law § 70.45 after *Earley I* and *Earley II* is difficult to square with the statutory text and cannot be reconciled with Second Circuit precedent. Penal Law § 70.45 has not ever, on its face, stated that DOCS was authorized to administratively impose post-release supervision; thus the existence of a state law does not excuse Defendants from scrupulously following the federal Constitution.

(ECF No. 202, Nov. 25, 2022 Order at 4.)

Similarly, Defendants argue that they are entitled to a new trial based on the Court's ruling denying Defendants' motion to argue (as opposed to admitting evidence) that they were not the cause of any damages because of their understanding of the unidentified and undisclosed policies of unidentified

District Attorneys and state court judges as to PRS.[25]  Again, this Court followed the Second Circuit decisions that policies of the District Attorneys and state court judges were irrelevant to Defendants' liability.  As the Second Circuit made clear in *Betances II*, whether or not there was a "formal mechanism" to initiate resentencing, "the decision to review . . . records and notify state judges and district attorneys about defendants who needed to be re-sentenced required no cooperation from others" and "[i]f the district attorneys and judges ultimately rejected compliance, the re-sentencings would not have taken place, but the defendants would have satisfied their obligation[.]"  837 F.3d at 174.  Thus, Defendants' liability, as held by the Second Circuit, is premised on Defendants' failure to "make an objectively reasonabl[e] effort to relieve plaintiffs of the burdens" of administratively-imposed terms of PRS, despite knowing that their terms "violated federal law."  *Id.* (internal quotation marks and citations omitted).  Defendants unilaterally imposed PRS without statutory or constitutional authority, but following the *Earley I* decision, failed to seek resentencing and failed to vacate the PRS sentences that they unlawfully imposed.

Despite the Court's ruling precluding the two categories of evidence now at issue, the Defendants' post-trial

---

[25]  Defendants' pretrial motions did not disclose specific information regarding the policies, the state courts, or District Attorneys.  Nor did Defendants produce this information to Plaintiff in discovery.

motions themselves point out that the Defendant nonetheless testified regarding their post-*Earley I* actions. (*See* Defs. Mem. at 16-17.) The jury found that Defendants responses were insufficient to overcome evidence of their callous or reckless disregard of Plaintiff's Constitutional rights.

Finally, the Court respectfully rejects Defendants' argument that the jury should have been instructed that they should speculate whether, if Plaintiff had received the process he was due, he would have been resentenced to PRS and subjected to the same punishment, and would have been entitled to merely nominal damages. (ECF No. 213, Defs. Mem. at 25.) The Court denied Defendants' proposed hypothetical instruction because of the unspecified dates and speculative nature of what a state court judge would do at resentencing. Indeed, the trial evidence established that in 2010, when Santiago was brought back before the state judge for resentencing, the judge declined to impose PRS *nunc pro tunc*, and specifically noted, "[i]t appears that there was no discussion or agreement concerning post-release supervision as part of [Santiago's] sentence." (Plaintiff's Ex. 3.)

As the Second Circuit has recently noted, in *Vincent v. Annucci,* 63 F.4th 145 (2d Cir. 2023), Defendants' argument, that had Defendant Annucci promptly referred Plaintiff for resentencing after *Earley I*, the state court would likely have

imposed PRS *nunc pro tunc,* is without merit.  The Second Circuit in *Vincent* held that it would have been *improper* to attempt to resentence a defendant *nunc pro tunc*, after the individual has already been wrongfully imprisoned by DOCS and DOP for a PRS violation, finding, "[f]or defendants like Vincent [and Santiago in this case], resentencing was not an available corrective measure for the simple reason that their incarceration was a consequence of an unconstitutional sentence that DOCS, not the *court*, had imposed."  *Id.* at 153. (emphasis added).  The *Vincent* Court also addressed "whether DOCS needed court approval to eliminate the PRS term that it alone had imposed."  *Id.* at 154.  The Court ruled, "[a]t a minimum, Annucci was obligated to 'at least attempt to cease [DOCS's] administrative and custodial operations that had been held to violate federal law.'  And, as a state official, Annucci was not permitted to float the Constitution or federal law, even if there were state laws to the contrary."  *Id.* (footnote and citations omitted).

     The jurors were instructed to assess Santiago's claim that he suffered a compensable harm (1) from Defendants' failure to promptly refer Plaintiff for resentencing or excise his PSR, and (2) from Defendants' active imposition and enforcement of an unconstitutional term of PRS, which resulted, *inter alia*, in Santiago's extradition from Virginia, charges that he violated the terms of his New York state parole, his subsequent

incarceration in New York from June 2007 to January 31, 2008,

and his return to New York parole supervision by February 1,

2008.  Indeed, it was established at trial, that when Plaintiff

was eventually referred for resentencing in 2010, the state

court declined to impose a PRS term and released Plaintiff.

(*Tr.* at  57-58.)

Finally, contrary to Defendants' post-trial arguments,

the Court gave clear instructions to the jury that it was the

Plaintiff's burden to prove damages caused by each Defendant,

and Defendants' burden to prove any mitigating factors.  The

Court instructed:

> You shall award compensatory damages only for
> those injuries which you find that plaintiff
> has proven by a preponderance of the evidence
> as to the specific defendant you are
> considering.  Moreover, you may award
> compensatory damages only for those injuries
> which you find plaintiff has proven to have
> been the proximate result of conduct by the
> defendant in violation of Section 1983.  That
> is, you may not simply award compensatory
> damages for any injury suffered by plaintiff—
> you may award compensatory damages only for
> those injuries that resulted from the conduct
> by the defendant that violated plaintiff's
> federal rights under color of law.

(ECF No. 205, Final Jury Charge at 23; Tr. at 363.)

The Court also provided an instruction on

mitigation of damages:

> The plaintiff has a duty to use reasonable
> efforts to mitigate damages. To mitigate means
> to avoid or reduce damages. You must determine

> whether the plaintiff could have done
> something, after the injurious conduct, to
> lessen the harm that he suffered. The burden
> is on the defendant to prove mitigation, by a
> preponderance of evidence, that the plaintiff
> could have lessened the harm that was done to
> him, and that he failed to do so.

(*Id.* at 26; Tr. at 367.)

As discussed at length above, Plaintiff submitted evidence to the jury about how Defendants had multiple opportunities to either excise Santiago's PRS sentence or attempt to refer him for resentencing, as early as late 2006, when all three Defendants knew about *Earley I.* Defendants testified at trial about the logistical process and perceived impediments in acting expeditiously in response to *Earley*, including that they believed they needed a court order to excise a sentence (Tr. at 202), the lack of complete records such as individuals' sentencing minutes (*id.* at 138, 162-63, 226), their efforts to create a comprehensive database of the illegal PRS sentences (*id.* at 229-31), and their efforts to organize and disseminate that information to county officials (*id.* at 234-35). Both parties also discussed causation at length in their summations. (Tr. at 308, 330, 332, 335, 340.)

Based on sufficient trial evidence, including evidence of all of Defendants' purported "impediments" in relieving Santiago from his illegal PRS sentence (for which he ended up serving over seven months, precisely because Defendant enforced

58

the illegal PRS sentence), the jury concluded that Plaintiff suffered a compensable injury, and that Defendants' conduct warranted compensatory and punitive damages. Accordingly, the Court finds no "clear abuse of discretion" in its decisions on the parties' motions *in limine* and its jury instructions, which attempted to follow Second Circuit decisions, and further finds that its rulings were not "clearly prejudicial to the outcome of the trial." *Pescatore*, 97 F.3d at 17.

## CONCLUSION

For the foregoing reasons, the Court respectfully denies the Defendants' motions pursuant to Rule 50(b) and 59. The Court directs the parties to confer regarding the award of pre-judgment interest, costs, and attorneys' fees and to jointly report to the Court via ECF within thirty days of this decision.

**SO ORDERED.**

Dated:     April 16, 2023
           Brooklyn, New York

**KIYO A. MATSUMOTO**

United States District Court

Eastern District of New York

## ADDENDUM B

### Issues Proposed to Be Raised on Appeal

(1) Whether the district court erred in granting summary judgment to plaintiff on

liability and on defendants-appellants' defense of qualified immunity.

The Second Circuit reviews de novo a district court's grant of summary

judgment. *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 878 (2d Cir. 2021). The

Second Circuit also reviews de novo a district court's denial of qualified immunity.

*Vega v. Semple*, 963 F.3d 259, 272 (2d Cir. 2020).

(2) Whether the district court erred in denying defendants-appellants' motion to

introduce evidence as to causation and damages.

The Second Circuit reviews a district court's evidentiary rulings for abuse of

discretion. *United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010).

(3) Whether the trial evidence was not sufficient to support the verdict and

damages awards against defendants-appellants.

On appeal of a judgment after a jury verdict, the Second Circuit reviews de

novo a district court's denial of a renewed motion for judgment as a matter of law.

*Cangemi v. United States*, 13 F.4th 115, 135 (2d Cir. 2021). The Second Circuit

reviews a district court's denial of a motion for a new trial for abuse of discretion.

*Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 82 (2d Cir. 2006).

(4) Whether the damages awards were excessive.

The Second Circuit reviews de novo whether an award of punitive damages is unconstitutionally excessive. *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 436 (2001). The Second Circuit otherwise reviews for abuse of discretion a district court's denial of a motion seeking remittitur or a new trial based on excessive damages. *Dancy v. McGinley*, 843 F.3d 93, 113 (2d Cir. 2016).

(5) Whether the district court erred in failing to properly instruct the jury as to damages.

The Second Circuit reviews jury-instruction errors de novo. *Murray v. UBS Sec. LLC*, 43 F.4th 254, 262 (2d Cir. 2022).